## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INFINITY COMPUTER PRODUCTS, INC., | |
| Plaintiff, | Civil Action No. : 2:10-cv-03175 LDD |
| v. | COMPLAINT FOR PATENT INFRINGEMENT |
| BROTHER INTERNATIONAL CORPORATION; CANON USA, INC.; DELL, INC.; EASTMAN KODAK COMPANY; EPSON AMERICA INC.; HEWLETT-PACKARD COMPANY; KONICA MINOLTA BUSINESS SOLUTIONS, U.S.A., INC.; LEXMARK INTERNATIONAL, INC.; OKI DATA AMERICAS, INC. ; PANASONIC CORPORATION OF NORTH AMERICA; RICOH AMERICAS CORPORATION; SAMSUNG ELECTRONICS AMERICA, INC.; SHARP ELECTRONICS CORPORATION; TOSHIBA AMERICA BUSINESS SOLUTIONS, INC., and XEROX CORPORATION, | DEMAND FOR JURY TRIAL |
| Defendants. | |

## AMENDED COMPLAINT

Plaintiff Infinity Computer Products, Inc. ("Plaintiff"), for its amended complaint against Defendants Brother International Corporation ("Brother"), Canon USA, Inc. ("Canon"), Dell, Inc. ("Dell"), Eastman Kodak Company ("Kodak"), Epson America, Inc. ("Epson"), Hewlett-Packard Company ("HP"), Konica Minolta Business Solutions, U.S.A., Inc. ("Konica"), Lexmark International, Inc. ("Lexmark"), Oki Data Americas, Inc. ("Oki Data"), Panasonic Corporation of North America ("Panasonic"), Ricoh Americas Corporation ("Ricoh"), Samsung Electronics America, Inc. ("Samsung"), Sharp Electronics Corporation ("Sharp"), Toshiba America Business Solutions, Inc. ("Toshiba"), and Xerox Corporation ("Xerox", collectively with Brother, Canon, Dell, Kodak, Epson, HP,  Konica, Lexmark, Oki Data, Panasonic, Ricoh, Samsung, Sharp, and Toshiba as "Defendants"), hereby demands a jury trial and alleges as follows:

## THE PARTIES

1.     Plaintiff Infinity Computer Products, Inc. ("Infinity") is a corporation organized under the laws of the State of Pennsylvania having its principal place of business at 315 Saybrook Rd., Villanova, Pennsylvania 19085.

2.     On information and belief, Defendant Brother is a corporation organized and existing under the laws of Delaware with its principal place of business at 100 Somerset Corporate Blvd., Bridgewater, New Jersey 08807.

3.      On information and belief, Defendant Canon is a corporation organized and existing under the laws of New York with its principal place of business at 1 Canon Plaza, Lake Success, New York 11042.

4.      On information and belief, Defendant Dell is a corporation organized and existing under the laws of Delaware with its principal place of business at One Dell Way, Round Rock, Texas 78682.

5.      On information and belief, Defendant Kodak is a corporation organized and existing under the laws of New Jersey with its principal place of business at 343 State Street, Rochester, New York 14650.

6.      On information and belief, Defendant Epson is a corporation organized and existing under the laws of Florida with its principal place of business at 3840 Killroy Airport Way, Long Beach, California 90806.

7.      On information and belief, Defendant HP is a corporation organized and existing under the laws of California with its principal place of business at 3000 Hanover Street, Palo Alto, California 94304.

8.      On information and belief, Defendant Konica is a corporation organized and existing under the laws of New York with its principal place of business at 100 Williams Drive, Ramsey, New Jersey 07446.

9.      On information and belief, Defendant Lexmark is a corporation organized and existing under the laws of Delaware with its principal place of

business at 1 Lexmark Centre Dr., 740 W. New Circle Rd., Lexington, Kentucky 40550.

10.     On information and belief, Defendant Oki Data is a corporation organized and existing under the laws of Delaware with its principal place of business at 2000 Bishops Gate Blvd., Mt. Laurel, New Jersey 08054.

11.     On information and belief, Defendant Panasonic is a corporation organized and existing under the laws of Delaware with its principal place of business at One Panasonic Way, Secaucus, New Jersey 07094.

12.     On information and belief, Defendant Ricoh is a corporation organized and existing under the laws of Delaware with its principal place of business at 5 Dedrick Place, West Caldwell, New Jersey 07006.

13.     On information and belief, Defendant Samsung is a corporation organized and existing under the laws of Delaware with its principal place of business at 105 Challenger Rd., Ridgefield Park, New Jersey 07660.

14.     On information and belief, Defendant Sharp is a corporation organized and existing under the laws of New York with its principal place of business at 1 Sharp Plaza, Mahwah, New Jersey 07430.

15.     On information and belief, Defendant Toshiba is a corporation organized and existing under the laws of California with its principal place of business at 2 Musick Honor Farm Road, Irvine, California 92618.

16.     On information and belief, Defendant Xerox is a corporation organized and existing under the laws of New York, with its principal place of business at 45 Glover Avenue, Norwalk, Connecticut 06850.

## JURISDICTION AND VENUE

17.     This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., including 35 U.S.C. §§ 271, 281, 283, 284 and 285.

18.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

19.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b) and 28 U.S.C. § 1391(b) and (c).

20.     On information and belief, Defendant Brother is subject to personal jurisdiction in this district by virtue of, among other things, doing business and committing acts of infringement in this State, including in this judicial district, through agents and representatives and/or otherwise having substantial contacts with this State and this judicial district.

21.     On information and belief, Defendant Canon is subject to personal jurisdiction in this district by virtue of, among other things, doing business and committing acts of infringement in this State, including in this judicial district, through agents and representatives and/or otherwise having substantial contacts with this State and this judicial district.

22.    On information and belief, Defendant Dell is subject to personal jurisdiction in this district by virtue of, among other things, doing business and committing acts of infringement in this State, including in this judicial district, through agents and representatives and/or otherwise having substantial contacts with this State and this judicial district.

23.    On information and belief, Defendant Epson is subject to personal jurisdiction in this district by virtue of, among other things, doing business and committing acts of infringement in this State, including in this judicial district, through agents and representatives and/or otherwise having substantial contacts with this State and this judicial district.

24.    On information and belief, Defendant HP is subject to personal jurisdiction in this district by virtue of, among other things, doing business and committing acts of infringement in this State, including in this judicial district, through agents and representatives and/or otherwise having substantial contacts with this State and this judicial district.

25.    On information and belief, Defendant Kodak is subject to personal jurisdiction in this district by virtue of, among other things, doing business and committing acts of infringement in this State, including in this judicial district, through agents and representatives and/or otherwise having substantial contacts with this State and this judicial district.

26.     On information and belief, Defendant Konica is subject to personal jurisdiction in this district by virtue of, among other things, doing business and committing acts of infringement in this State, including in this judicial district, through agents and representatives and/or otherwise having substantial contacts with this State and this judicial district.

27.     On information and belief, Defendant Lexmark is subject to personal jurisdiction in this district by virtue of, among other things, doing business and committing acts of infringement in this State, including in this judicial district, through agents and representatives and/or otherwise having substantial contacts with this State and this judicial district.

28.     On information and belief, Defendant Oki Data is subject to personal jurisdiction in this district by virtue of, among other things, doing business and committing acts of infringement in this State, including in this judicial district, through agents and representatives and/or otherwise having substantial contacts with this State and this judicial district.

29.     On information and belief, Defendant Panasonic is subject to personal jurisdiction in this district by virtue of, among other things, doing business and committing acts of infringement in this State, including in this judicial district, through agents and representatives and/or otherwise having substantial contacts with this State and this judicial district.

30.     On information and belief, Defendant Ricoh is subject to personal jurisdiction in this district by virtue of, among other things, doing business and committing acts of infringement in this State, including in this judicial district, through agents and representatives and/or otherwise having substantial contacts with this State and this judicial district.

31.     On information and belief, Defendant Samsung is subject to personal jurisdiction in this district by virtue of, among other things, doing business and committing acts of infringement in this State, including in this judicial district, through agents and representatives and/or otherwise having substantial contacts with this State and this judicial district.

32.     On information and belief, Defendant Sharp is subject to personal jurisdiction in this district by virtue of, among other things, doing business and committing acts of infringement in this State, including in this judicial district, through agents and representatives and/or otherwise having substantial contacts with this State and this judicial district.

33.     On information and belief, Defendant Toshiba is subject to personal jurisdiction in this district by virtue of, among other things, doing business and committing acts of infringement in this State, including in this judicial district, through agents and representatives and/or otherwise having substantial contacts with this State and this judicial district.

34.    On information and belief, Defendant Xerox is subject to personal jurisdiction in this district by virtue of, among other things, doing business and committing acts of infringement in this State, including in this judicial district, through agents and representatives and/or otherwise having substantial contacts with this State and this judicial district.

## FACTUAL BACKGROUND

35.    On May 17, 2005, United States Patent No. 6,894,811, entitled "INTERFACE CIRCUIT FOR UTILIZING A FACSIMILE COUPLED TO A PC AS A SCANNER OR PRINTER" (the "'811 Patent"), was duly and legally issued by the United States Patent and Trademark Office ("USPTO").  A copy of the '811 Patent is attached hereto as Exhibit A.

36.    On February 10, 2009, United States Patent No. 7,489,423, entitled "INTERFACE CIRCUIT FOR UTILIZING A FACSIMILE MACHINE COUPLED TO A PC AS A SCANNER OR PRINTER" (the "'423 Patent"), was duly and legally issued by the USPTO.  A copy of the '423 Patent is attached hereto as Exhibit B.

37.    Infinity is the assignee of all rights, title, and interest in and to the '811 and '423 Patents, and possesses all rights of recovery under the '811 and '423 Patents, including the right to sue for infringement and recover past damages.

## COUNT ONE

### Infringement of the '811 Patent by Defendants

38.     Plaintiff repeats and incorporates herein the entirety of the allegations contained in Paragraphs 1 though 37 above.

39.     On information and belief, and in violation of 35 U.S.C. § 271(a), Defendant Brother has, literally and under the doctrine of equivalents, infringed the '811 Patent and still is, literally and under the doctrine of equivalents, infringing the '811 Patent, by, among other things, making, using, offering for sale, and/or selling a facsimile machine with an interface circuit that allows it to be coupled to a computer as a printer or scanner without authority, including but not limited to its MFC-5890CN and MFC-6940CW products and similar products, and will continue to do so unless such infringing activities are enjoined by this Court.

40.     For a period of time prior to filing suit, Plaintiff Infinity engaged in correspondence with Defendant Brother during which Infinity's patents were disclosed to Defendant Brother.

41.     Prior to this lawsuit, Defendant Brother had knowledge of Infinity's patents.

42.     On information and belief, and in violation of 35 U.S.C. § 271(b), Defendant Brother has actively induced others to infringe one or more claims of the '811 patent in this district and elsewhere in the United States.  Defendant

Brother knowingly induced infringement and possessed specific intent to encourage another's infringement which led to direct infringement by a third party by soliciting distributors and/or retailers to offer for sale and/or sell the infringing products, and by soliciting end users to purchase and use the infringing products, in this district and elsewhere in the United States.

43.     On information and belief, and in violation of 35 U.S.C. § 271(c), Defendant Brother has offered for sale and sold a facsimile machine with an interface circuit that allows it to be coupled to a computer as a printer or scanner for use in practicing a patented processes, constituting a material part of the invention, knowing the facsimile machine to be especially made for use in the infringement of the '811 patent.

44.     On information and belief, and in violation of 35 U.S.C. § 271(a), Defendant Canon has, literally and under the doctrine of equivalents, infringed the '811 Patent and still is, literally and under the doctrine of equivalents, infringing the '811 Patent, by, among other things, making, using, offering for sale, and/or selling a facsimile machine with an interface circuit that allows it to be coupled to a computer as a printer or scanner without authority, including but not limited to its MX320 product and similar products, and will continue to do so unless such infringing activities are enjoined by this Court.

45.     For a period of time prior to filing suit, Plaintiff Infinity engaged in correspondence with Defendant Canon during which Infinity's patents were disclosed to Defendant Canon.

46.     Prior to this lawsuit, Defendant Canon had knowledge of Infinity's patents.

47.     On information and belief, and in violation of 35 U.S.C. § 271(b), Defendant Canon has actively induced others to infringe one or more claims of the '811 patent in this district and elsewhere in the United States.  Defendant Canon knowingly induced infringement and possessed specific intent to encourage another's infringement which led to direct infringement by a third party by soliciting distributors and/or retailers to offer for sale and/or sell the infringing products, and by soliciting end users to purchase and use the infringing products, in this district and elsewhere in the United States.

48.     On information and belief, and in violation of 35 U.S.C. § 271(c), Defendant Canon has offered for sale and sold a facsimile machine with an interface circuit that allows it to be coupled to a computer as a printer or scanner for use in practicing a patented processes, constituting a material part of the invention, knowing the facsimile machine to be especially made for use in the infringement of the '811 patent.

49.     On information and belief, and in violation of 35 U.S.C. § 271(a), Defendant Dell has, literally and under the doctrine of equivalents, infringed the '811 Patent and still is, literally and under the doctrine of equivalents, infringing the '811 Patent, by, among other things, making, using, offering for sale, and/or selling a facsimile machine with an interface circuit that allows it to be coupled to a computer as a printer or scanner without authority, including but not limited to its V313 product and similar products, and will continue to do so unless such infringing activities are enjoined by this Court.

50.     On information and belief, and in violation of 35 U.S.C. § 271(b), Defendant Dell has actively induced others to infringe one or more claims of the '811 patent in this district and elsewhere in the United States.  Defendant Dell knowingly induced infringement and possessed specific intent to encourage another's infringement which led to direct infringement by a third party by soliciting distributors and/or retailers to offer for sale and/or sell the infringing products, and by soliciting end users to purchase and use the infringing products, in this district and elsewhere in the United States.

51.     On information and belief, and in violation of 35 U.S.C. § 271(c), Defendant Dell has offered for sale and sold a facsimile machine with an interface circuit that allows it to be coupled to a computer as a printer or scanner for use in practicing a patented processes, constituting a material part of the invention,

knowing the facsimile machine to be especially made for use in the infringement of the '811 patent.

52.    On information and belief, and in violation of 35 U.S.C. § 271(a), Defendant Epson has, literally and under the doctrine of equivalents, infringed the '811 Patent and still is, literally and under the doctrine of equivalents, infringing the '811 Patent, by, among other things, making, using, offering for sale, and/or selling a facsimile machine with an interface circuit that allows it to be coupled to a computer as a printer or scanner without authority, including but not limited to its Artisan 810 product and similar products, and will continue to do so unless such infringing activities are enjoined by this Court.

53.    On information and belief, and in violation of 35 U.S.C. § 271(b), Defendant Epson has actively induced others to infringe one or more claims of the '811 patent in this district and elsewhere in the United States.  Defendant Epson knowingly induced infringement and possessed specific intent to encourage another's infringement which led to direct infringement by a third party by soliciting distributors and/or retailers to offer for sale and/or sell the infringing products, and by soliciting end users to purchase and use the infringing products, in this district and elsewhere in the United States.

54.    On information and belief, and in violation of 35 U.S.C. § 271(c), Defendant Epson has offered for sale and sold a facsimile machine with an

interface circuit that allows it to be coupled to a computer as a printer or scanner for use in practicing a patented processes, constituting a material part of the invention, knowing the facsimile machine to be especially made for use in the infringement of the '811 patent.

55.    On information and belief, and in violation of 35 U.S.C. § 271(a), Defendant HP has, literally and under the doctrine of equivalents, infringed the '811 Patent and still is, literally and under the doctrine of equivalents, infringing the '811 Patent, by, among other things, making, using, offering for sale, and/or selling a facsimile machine with an interface circuit that allows it to be coupled to a computer as a printer or scanner without authority, including but not limited to its OfficeJet 6200 product and similar products, and will continue to do so unless such infringing activities are enjoined by this Court.

56.    For a period of time prior to filing suit, Plaintiff Infinity engaged in correspondence with Defendant HP during which Infinity's patents were disclosed to Defendant HP.

57.    Prior to this lawsuit, Defendant HP had knowledge of Infinity's patents.

58.    On information and belief, and in violation of 35 U.S.C. § 271(b), Defendant HP has actively induced others to infringe one or more claims of the '811 patent in this district and elsewhere in the United States.   Defendant HP

knowingly induced infringement and possessed specific intent to encourage another's infringement which led to direct infringement by a third party by soliciting distributors and/or retailers to offer for sale and/or sell the infringing products, and by soliciting end users to purchase and use the infringing products, in this district and elsewhere in the United States.

59.   On information and belief, and in violation of 35 U.S.C. § 271(c), Defendant HP has offered for sale and sold a facsimile machine with an interface circuit that allows it to be coupled to a computer as a printer or scanner for use in practicing a patented processes, constituting a material part of the invention, knowing the facsimile machine to be especially made for use in the infringement of the '811 patent.

60.   On information and belief, and in violation of 35 U.S.C. § 271(a), Defendant Kodak has, literally and under the doctrine of equivalents, infringed the '811 Patent and still is, literally and under the doctrine of equivalents, infringing the '811 Patent, by, among other things, making, using, offering for sale, and/or selling a facsimile machine with an interface circuit that allows it to be coupled to a computer as a printer or scanner without authority, including but not limited to its ESP 6150 product and similar products, and will continue to do so unless such infringing activities are enjoined by this Court.

61.     On information and belief, and in violation of 35 U.S.C. § 271(b), Defendant Kodak has actively induced others to infringe one or more claims of the '811 patent in this district and elsewhere in the United States. Defendant Kodak knowingly induced infringement and possessed specific intent to encourage another's infringement which led to direct infringement by a third party by soliciting distributors and/or retailers to offer for sale and/or sell the infringing products, and by soliciting end users to purchase and use the infringing products, in this district and elsewhere in the United States.

62.     On information and belief, and in violation of 35 U.S.C. § 271(c), Defendant Kodak has offered for sale and sold a facsimile machine with an interface circuit that allows it to be coupled to a computer as a printer or scanner for use in practicing a patented processes, constituting a material part of the invention, knowing the facsimile machine to be especially made for use in the infringement of the '811 patent.

63.     On information and belief, and in violation of 35 U.S.C. § 271(a), Defendant Konica has, literally and under the doctrine of equivalents, infringed the '811 Patent and still is, literally and under the doctrine of equivalents, infringing the '811 Patent, by, among other things, making, using, offering for sale, and/or selling a facsimile machine with an interface circuit that allows it to be coupled to a computer as a printer or scanner without authority, including but not limited to its

Fax 2900 and Fax 3900 products and similar products, and will continue to do so unless such infringing activities are enjoined by this Court.

64.    For a period of time prior to filing suit, Plaintiff Infinity engaged in correspondence with Defendant Konica during which Infinity's patents were disclosed to Defendant Konica.

65.    Prior to this lawsuit, Defendant Konica had knowledge of Infinity's patents.

66.    On information and belief, and in violation of 35 U.S.C. § 271(b), Defendant Konica has actively induced others to infringe one or more claims of the '811 patent in this district and elsewhere in the United States.  Defendant Konica knowingly induced infringement and possessed specific intent to encourage another's infringement which led to direct infringement by a third party by soliciting distributors and/or retailers to offer for sale and/or sell the infringing products, and by soliciting end users to purchase and use the infringing products, in this district and elsewhere in the United States.

67.    On information and belief, and in violation of 35 U.S.C. § 271(c), Defendant Konica has offered for sale and sold a facsimile machine with an interface circuit that allows it to be coupled to a computer as a printer or scanner for use in practicing a patented processes, constituting a material part of the

invention, knowing the facsimile machine to be especially made for use in the infringement of the '811 patent.

68.     On information and belief, and in violation of 35 U.S.C. § 271(a), Defendant Lexmark has, literally and under the doctrine of equivalents, infringed the '811 Patent and still is, literally and under the doctrine of equivalents, infringing the '811 Patent, by, among other things, making, using, offering for sale, and/or selling a facsimile machine with an interface circuit that allows it to be coupled to a computer as a printer or scanner without authority, including but not limited to its Pro 200 product and similar products, and will continue to do so unless such infringing activities are enjoined by this Court.

69.     For a period of time prior to filing suit, Plaintiff Infinity engaged in correspondence with Defendant Lexmark during which Infinity's patents were disclosed to Defendant Lexmark.

70.     Prior to this lawsuit, Defendant Lexmark had knowledge of Infinity's patents.

71.     On information and belief, and in violation of 35 U.S.C. § 271(b), Defendant Lexmark has actively induced others to infringe one or more claims of the '811 patent in this district and elsewhere in the United States.  Defendant Lexmark knowingly induced infringement and possessed specific intent to encourage another's infringement which led to direct infringement by a third party

by soliciting distributors and/or retailers to offer for sale and/or sell the infringing products, and by soliciting end users to purchase and use the infringing products, in this district and elsewhere in the United States.

72.    On information and belief, and in violation of 35 U.S.C. § 271(c), Defendant Lexmark has offered for sale and sold a facsimile machine with an interface circuit that allows it to be coupled to a computer as a printer or scanner for use in practicing a patented processes, constituting a material part of the invention, knowing the facsimile machine to be especially made for use in the infringement of the '811 patent.

73.    On information and belief, and in violation of 35 U.S.C. § 271(a), Defendant Oki Data has, literally and under the doctrine of equivalents, infringed the '811 Patent and still is, literally and under the doctrine of equivalents, infringing the '811 Patent, by, among other things, making, using, offering for sale, and/or selling a facsimile machine with an interface circuit that allows it to be coupled to a computer as a printer or scanner without authority, including but not limited to its MC160 product and similar products, and will continue to do so unless such infringing activities are enjoined by this Court.

74.    On information and belief, and in violation of 35 U.S.C. § 271(b), Defendant Oki Data has actively induced others to infringe one or more claims of the '811 patent in this district and elsewhere in the United States.  Defendant Oki

Data knowingly induced infringement and possessed specific intent to encourage another's infringement which led to direct infringement by a third party by soliciting distributors and/or retailers to offer for sale and/or sell the infringing products, and by soliciting end users to purchase and use the infringing products, in this district and elsewhere in the United States.

75.    On information and belief, and in violation of 35 U.S.C. § 271(c), Defendant Oki Data has offered for sale and sold a facsimile machine with an interface circuit that allows it to be coupled to a computer as a printer or scanner for use in practicing a patented processes, constituting a material part of the invention, knowing the facsimile machine to be especially made for use in the infringement of the '811 patent.

76.    On information and belief, and in violation of 35 U.S.C. § 271(a), Defendant Panasonic has, literally and under the doctrine of equivalents, infringed the '811 Patent and still is, literally and under the doctrine of equivalents, infringing the '811 Patent, by, among other things, making, using, offering for sale, and/or selling a facsimile machine with an interface circuit that allows it to be coupled to a computer as a printer or scanner without authority, including but not limited to its KX-FM280 product and similar products, and will continue to do so unless such infringing activities are enjoined by this Court.

77.   For a period of time prior to filing suit, Plaintiff Infinity engaged in correspondence with Defendant Panasonic during which Infinity's patents were disclosed to Defendant Panasonic.

78.   Prior to this lawsuit, Defendant Panasonic had knowledge of Infinity's patents.

79.   On information and belief, and in violation of 35 U.S.C. § 271(b), Defendant Panasonic has actively induced others to infringe one or more claims of the '811 patent in this district and elsewhere in the United States.   Defendant Panasonic knowingly induced infringement and possessed specific intent to encourage another's infringement which led to direct infringement by a third party by soliciting distributors and/or retailers to offer for sale and/or sell the infringing products, and by soliciting end users to purchase and use the infringing products, in this district and elsewhere in the United States.

80.   On information and belief, and in violation of 35 U.S.C. § 271(c), Defendant Panasonic has offered for sale and sold a facsimile machine with an interface circuit that allows it to be coupled to a computer as a printer or scanner for use in practicing a patented processes, constituting a material part of the invention, knowing the facsimile machine to be especially made for use in the infringement of the '811 patent.

81.     On information and belief, and in violation of 35 U.S.C. § 271(a), Defendant Ricoh has, literally and under the doctrine of equivalents, infringed the '811 Patent and still is, literally and under the doctrine of equivalents, infringing the '811 Patent, by, among other things, making, using, offering for sale, and/or selling a facsimile machine with an interface circuit that allows it to be coupled to a computer as a printer or scanner without authority, including but not limited to its MultiFunction Model AC 204 product and similar products, and will continue to do so unless such infringing activities are enjoined by this Court.

82.     For a period of time prior to filing suit, Plaintiff Infinity engaged in correspondence with Defendant Ricoh during which Infinity's patents were disclosed to Defendant Ricoh.

83.     Prior to this lawsuit, Defendant Ricoh had knowledge of Infinity's patents.

84.     On information and belief, and in violation of 35 U.S.C. § 271(b), Defendant Ricoh has actively induced others to infringe one or more claims of the '811 patent in this district and elsewhere in the United States.  Defendant Ricoh knowingly induced infringement and possessed specific intent to encourage another's infringement which led to direct infringement by a third party by soliciting distributors and/or retailers to offer for sale and/or sell the infringing

products, and by soliciting end users to purchase and use the infringing products, in this district and elsewhere in the United States.

85.    On information and belief, and in violation of 35 U.S.C. § 271(c), Defendant Ricoh has offered for sale and sold a facsimile machine with an interface circuit that allows it to be coupled to a computer as a printer or scanner for use in practicing a patented processes, constituting a material part of the invention, knowing the facsimile machine to be especially made for use in the infringement of the '811 patent.

86.    On information and belief, and in violation of 35 U.S.C. § 271(a), Defendant Samsung has, literally and under the doctrine of equivalents, infringed the '811 Patent and still is, literally and under the doctrine of equivalents, infringing the '811 Patent, by, among other things, making, using, offering for sale, and/or selling a facsimile machine with an interface circuit that allows it to be coupled to a computer as a printer or scanner without authority, including but not limited to its SCX-4824 and SCX-4828 products and similar products, and will continue to do so unless such infringing activities are enjoined by this Court.

87.    For a period of time prior to filing suit, Plaintiff Infinity engaged in correspondence with Defendant Samsung during which Infinity's patents were disclosed to Defendant Samsung.

88.     Prior to this lawsuit, Defendant Samsung had knowledge of Infinity's patents.

89.     On information and belief, and in violation of 35 U.S.C. § 271(b), Defendant Samsung has actively induced others to infringe one or more claims of the '811 patent in this district and elsewhere in the United States.  Defendant Samsung knowingly induced infringement and possessed specific intent to encourage another's infringement which led to direct infringement by a third party by soliciting distributors and/or retailers to offer for sale and/or sell the infringing products, and by soliciting end users to purchase and use the infringing products, in this district and elsewhere in the United States.

90.     On information and belief, and in violation of 35 U.S.C. § 271(c), Defendant Samsung has offered for sale and sold a facsimile machine with an interface circuit that allows it to be coupled to a computer as a printer or scanner for use in practicing a patented processes, constituting a material part of the invention, knowing the facsimile machine to be especially made for use in the infringement of the '811 patent.

91.     On information and belief, and in violation of 35 U.S.C. § 271(a), Defendant Sharp has, literally and under the doctrine of equivalents, infringed the '811 Patent and still is, literally and under the doctrine of equivalents, infringing the '811 Patent, by, among other things, making, using, offering for sale, and/or

selling a facsimile machine with an interface circuit that allows it to be coupled to a computer as a printer or scanner without authority, including but not limited to its ARM207E product and similar products, and will continue to do so unless such infringing activities are enjoined by this Court.

92.    For a period of time prior to filing suit, Plaintiff Infinity engaged in correspondence with Defendant Sharp during which Infinity's patents were disclosed to Defendant Sharp.

93.    Prior to this lawsuit, Defendant Sharp had knowledge Infinity's patents.

94.    On information and belief, and in violation of 35 U.S.C. § 271(b), Defendant Sharp has actively induced others to infringe one or more claims of the '811 patent in this district and elsewhere in the United States.  Defendant Sharp knowingly induced infringement and possessed specific intent to encourage another's infringement which led to direct infringement by a third party by soliciting distributors and/or retailers to offer for sale and/or sell the infringing products, and by soliciting end users to purchase and use the infringing products, in this district and elsewhere in the United States.

95.    On information and belief, and in violation of 35 U.S.C. § 271(c), Defendant Sharp has offered for sale and sold a facsimile machine with an interface circuit that allows it to be coupled to a computer as a printer or scanner

for use in practicing a patented processes, constituting a material part of the invention, knowing the facsimile machine to be especially made for use in the infringement of the '811 patent.

96.    On information and belief, and in violation of 35 U.S.C. § 271(a), Defendant Toshiba has, literally and under the doctrine of equivalents, infringed the '811 Patent and still is, literally and under the doctrine of equivalents, infringing the '811 Patent, by, among other things, making, using, offering for sale, and/or selling a facsimile machine with an interface circuit that allows it to be coupled to a computer as a printer or scanner without authority, including but not limited to its eStudio 170F product and similar products, and will continue to do so unless such infringing activities are enjoined by this Court.

97.    For a period of time prior to filing suit, Plaintiff Infinity engaged in correspondence with Defendant Toshiba during which Infinity's patents were disclosed to Defendant Toshiba.

98.    Prior to this lawsuit, Defendant Toshiba had knowledge of Infinity's patents.

99.    On information and belief, and in violation of 35 U.S.C. § 271(b), Defendant Toshiba has actively induced others to infringe one or more claims of the '811 patent in this district and elsewhere in the United States.  Defendant Toshiba knowingly induced infringement and possessed specific intent to

27

encourage another's infringement which led to direct infringement by a third party by soliciting distributors and/or retailers to offer for sale and/or sell the infringing products, and by soliciting end users to purchase and use the infringing products, in this district and elsewhere in the United States.

100.  On information and belief, and in violation of 35 U.S.C. § 271(c), Defendant Toshiba has offered for sale and sold a facsimile machine with an interface circuit that allows it to be coupled to a computer as a printer or scanner for use in practicing a patented processes, constituting a material part of the invention, knowing the facsimile machine to be especially made for use in the infringement of the '811 patent.

101.  On information and belief, and in violation of 35 U.S.C. § 271(a), Defendant Xerox has, literally and under the doctrine of equivalents, infringed the '811 Patent and still is, literally and under the doctrine of equivalents, infringing the '811 Patent, by, among other things, making, using, offering for sale, and/or selling a facsimile machine with an interface circuit that allows it to be coupled to a computer as a printer or scanner without authority, including but not limited to its Phaser 3200 product and similar products, and will continue to do so unless such infringing activities are enjoined by this Court.

102.    For a period of time prior to filing suit, Plaintiff Infinity engaged in correspondence with Defendant Xerox during which Infinity's patents were disclosed to Defendant Xerox.

103.    Prior to this lawsuit, Defendant Xerox had knowledge of Infinity's patents.

104.    On information and belief, and in violation of 35 U.S.C. § 271(b), Defendant Xerox has actively induced others to infringe one or more claims of the '811 patent in this district and elsewhere in the United States.  Defendant Xerox knowingly induced infringement and possessed specific intent to encourage another's infringement which led to direct infringement by a third party by soliciting distributors and/or retailers to offer for sale and/or sell the infringing products, and by soliciting end users to purchase and use the infringing products, in this district and elsewhere in the United States.

105.    On information and belief, and in violation of 35 U.S.C. § 271(c), Defendant Xerox has offered for sale and sold a facsimile machine with an interface circuit that allows it to be coupled to a computer as a printer or scanner for use in practicing a patented processes, constituting a material part of the invention, knowing the facsimile machine to be especially made for use in the infringement of the '811 patent.

106.   Upon information and belief, Defendant Brother willfully infringed the '811 Patent through its knowledge and actions.

107.   Upon information and belief, Defendant Canon willfully infringed the '811 Patent through its knowledge and actions.

108.   Upon information and belief, Defendant HP willfully infringed the '811 Patent through its knowledge and actions.

109.   Upon information and belief, Defendant Konica willfully infringed the '811 Patent through its knowledge and actions.

110.   Upon information and belief, Defendant Lexmark willfully infringed the '811 Patent through its knowledge and actions.

111.   Upon information and belief, Defendant Panasonic willfully infringed the '811 Patent through its knowledge and actions.

112.   Upon information and belief, Defendant Ricoh willfully infringed the '811 Patent through its knowledge and actions.

113.   Upon information and belief, Defendant Samsung willfully infringed the '811 Patent through its knowledge and actions.

114.   Upon information and belief, Defendant Sharp willfully infringed the '811 Patent through its knowledge and actions.

115.   Upon information and belief, Defendant Toshiba willfully infringed the '811 Patent through its knowledge and actions.

116.   Upon information and belief, Defendant Xerox willfully infringed the '811 Patent through its knowledge and actions.

117.   Plaintiff has suffered, and will continue to suffer, damages as a result of the Defendants' infringing activities.

## COUNT TWO

### Infringement of the '423 Patent by Defendants

118.   Plaintiff repeats and incorporates herein the entirety of the allegations contained in Paragraphs 1 though 117 above.

119.   On information and belief, and in violation of 35 U.S.C. § 271(a), Defendant Brother has, literally and under the doctrine of equivalents, infringed the '423 Patent and still is, literally and under the doctrine of equivalents, infringing the '423 Patent, by, among other things, making, using, offering for sale, and/or selling a facsimile machine with an interface circuit that allows it to be coupled to a computer as a printer or scanner without authority, including but not limited to its MFC-5890CN and MFC-6940CW products and similar products, and will continue to do so unless such infringing activities are enjoined by this Court.

120.   For a period of time prior to filing suit, Plaintiff Infinity engaged in correspondence with Defendant Brother during which Infinity's patents were disclosed to Defendant Brother.

121.   Prior to this lawsuit, Defendant Brother had knowledge of Infinity's patents.

122.   On information and belief, and in violation of 35 U.S.C. § 271(b), Defendant Brother has actively induced others to infringe one or more claims of the '423 patent in this district and elsewhere in the United States.   Defendant Brother knowingly induced infringement and possessed specific intent to encourage another's infringement which led to direct infringement by a third party by soliciting distributors and/or retailers to offer for sale and/or sell the infringing products, and by soliciting end users to purchase and use the infringing products, in this district and elsewhere in the United States.

123.   On information and belief, and in violation of 35 U.S.C. § 271(c), Defendant Brother has offered for sale and sold a facsimile machine with an interface circuit that allows it to be coupled to a computer as a printer or scanner for use in practicing a patented processes, constituting a material part of the invention, knowing the facsimile machine to be especially made for use in the infringement of the '423 patent.

124.   On information and belief, and in violation of 35 U.S.C. § 271(a), Defendant Canon has, literally and under the doctrine of equivalents, infringed the '423 Patent and still is, literally and under the doctrine of equivalents, infringing the '423 Patent, by, among other things, making, using, offering for sale, and/or

selling a facsimile machine with an interface circuit that allows it to be coupled to a computer as a printer or scanner without authority, including but not limited to its MX320 product and similar products, and will continue to do so unless such infringing activities are enjoined by this Court.

125.   For a period of time prior to filing suit, Plaintiff Infinity engaged in correspondence with Defendant Canon during which Infinity's patents were disclosed to Defendant Canon.

126.   Prior to this lawsuit, Defendant Canon had knowledge of Infinity's patents.

127.   On information and belief, and in violation of 35 U.S.C. § 271(b), Defendant Canon has actively induced others to infringe one or more claims of the '423 patent in this district and elsewhere in the United States.  Defendant Canon knowingly induced infringement and possessed specific intent to encourage another's infringement which led to direct infringement by a third party by soliciting distributors and/or retailers to offer for sale and/or sell the infringing products, and by soliciting end users to purchase and use the infringing products, in this district and elsewhere in the United States.

128.   On information and belief, and in violation of 35 U.S.C. § 271(c), Defendant Canon has offered for sale and sold a facsimile machine with an interface circuit that allows it to be coupled to a computer as a printer or scanner

for use in practicing a patented processes, constituting a material part of the invention, knowing the facsimile machine to be especially made for use in the infringement of the '423 patent.

129.   On information and belief, and in violation of 35 U.S.C. § 271(a), Defendant Dell has, literally and under the doctrine of equivalents, infringed the '423 Patent and still is, literally and under the doctrine of equivalents, infringing the '423 Patent, by, among other things, making, using, offering for sale, and/or selling a facsimile machine with an interface circuit that allows it to be coupled to a computer as a printer or scanner without authority, including but not limited to its V313 product and similar products, and will continue to do so unless such infringing activities are enjoined by this Court.

130.   On information and belief, and in violation of 35 U.S.C. § 271(b), Defendant Dell has actively induced others to infringe one or more claims of the '423 patent in this district and elsewhere in the United States.   Defendant Dell knowingly induced infringement and possessed specific intent to encourage another's infringement which led to direct infringement by a third party by soliciting distributors and/or retailers to offer for sale and/or sell the infringing products, and by soliciting end users to purchase and use the infringing products, in this district and elsewhere in the United States.

131.   On information and belief, and in violation of 35 U.S.C. § 271(c), Defendant Dell has offered for sale and sold a facsimile machine with an interface circuit that allows it to be coupled to a computer as a printer or scanner for use in practicing a patented processes, constituting a material part of the invention, knowing the facsimile machine to be especially made for use in the infringement of the '423 patent.

132.   On information and belief, and in violation of 35 U.S.C. § 271(a), Defendant Epson has, literally and under the doctrine of equivalents, infringed the '423 Patent and still is, literally and under the doctrine of equivalents, infringing the '423 Patent, by, among other things, making, using, offering for sale, and/or selling a facsimile machine with an interface circuit that allows it to be coupled to a computer as a printer or scanner without authority, including but not limited to its Artisan 810 product and similar products, and will continue to do so unless such infringing activities are enjoined by this Court.

133.   On information and belief, and in violation of 35 U.S.C. § 271(b), Defendant Epson has actively induced others to infringe one or more claims of the '423 patent in this district and elsewhere in the United States.  Defendant Epson knowingly induced infringement and possessed specific intent to encourage another's infringement which led to direct infringement by a third party by soliciting distributors and/or retailers to offer for sale and/or sell the infringing

products, and by soliciting end users to purchase and use the infringing products, in this district and elsewhere in the United States.

134.   On information and belief, and in violation of 35 U.S.C. § 271(c), Defendant Epson has offered for sale and sold a facsimile machine with an interface circuit that allows it to be coupled to a computer as a printer or scanner for use in practicing a patented processes, constituting a material part of the invention, knowing the facsimile machine to be especially made for use in the infringement of the '423 patent.

135.   On information and belief, and in violation of 35 U.S.C. § 271(a), Defendant HP has, literally and under the doctrine of equivalents, infringed the '423 Patent and still is, literally and under the doctrine of equivalents, infringing the '423 Patent, by, among other things, making, using, offering for sale, and/or selling a facsimile machine with an interface circuit that allows it to be coupled to a computer as a printer or scanner without authority, including but not limited to its OfficeJet 6200 product and similar products, and will continue to do so unless such infringing activities are enjoined by this Court.

136.   For a period of time prior to filing suit, Plaintiff Infinity engaged in correspondence with Defendant HP during which Infinity's patents were disclosed to Defendant HP.

137.   Prior to this lawsuit, Defendant HP had knowledge of Infinity's patents.

138.   On information and belief, and in violation of 35 U.S.C. § 271(b), Defendant HP has actively induced others to infringe one or more claims of the '423 patent in this district and elsewhere in the United States.   Defendant HP knowingly induced infringement and possessed specific intent to encourage another's infringement which led to direct infringement by a third party by soliciting distributors and/or retailers to offer for sale and/or sell the infringing products, and by soliciting end users to purchase and use the infringing products, in this district and elsewhere in the United States.

139.   On information and belief, and in violation of 35 U.S.C. § 271(c), Defendant HP has offered for sale and sold a facsimile machine with an interface circuit that allows it to be coupled to a computer as a printer or scanner for use in practicing a patented processes, constituting a material part of the invention, knowing the facsimile machine to be especially made for use in the infringement of the '423 patent.

140.   On information and belief, and in violation of 35 U.S.C. § 271(a), Defendant Kodak has, literally and under the doctrine of equivalents, infringed the '423 Patent and still is, literally and under the doctrine of equivalents, infringing the '423 Patent, by, among other things, making, using, offering for sale, and/or

selling a facsimile machine with an interface circuit that allows it to be coupled to a computer as a printer or scanner without authority, including but not limited to its ESP 6150 product and similar products, and will continue to do so unless such infringing activities are enjoined by this Court.

141.  On information and belief, and in violation of 35 U.S.C. § 271(b), Defendant Kodak has actively induced others to infringe one or more claims of the '423 patent in this district and elsewhere in the United States.  Defendant Kodak knowingly induced infringement and possessed specific intent to encourage another's infringement which led to direct infringement by a third party by soliciting distributors and/or retailers to offer for sale and/or sell the infringing products, and by soliciting end users to purchase and use the infringing products, in this district and elsewhere in the United States.

142.  On information and belief, and in violation of 35 U.S.C. § 271(c), Defendant Kodak has offered for sale and sold a facsimile machine with an interface circuit that allows it to be coupled to a computer as a printer or scanner for use in practicing a patented processes, constituting a material part of the invention, knowing the facsimile machine to be especially made for use in the infringement of the '423 patent.

143.  On information and belief, and in violation of 35 U.S.C. § 271(a), Defendant Konica has, literally and under the doctrine of equivalents, infringed the

'423 Patent and still is, literally and under the doctrine of equivalents, infringing the '423 Patent, by, among other things, making, using, offering for sale, and/or selling a facsimile machine with an interface circuit that allows it to be coupled to a computer as a printer or scanner without authority, including but not limited to its Fax 2900 and Fax 3900 products and similar products, and will continue to do so unless such infringing activities are enjoined by this Court.

144.   For a period of time prior to filing suit, Plaintiff Infinity engaged in correspondence with Defendant Konica during which Infinity's patents were disclosed to Defendant Konica.

145.   Prior to this lawsuit, Defendant Konica had knowledge of Infinity's patents.

146.   On information and belief, and in violation of 35 U.S.C. § 271(b), Defendant Konica has actively induced others to infringe one or more claims of the '423 patent in this district and elsewhere in the United States.  Defendant Konica knowingly induced infringement and possessed specific intent to encourage another's infringement which led to direct infringement by a third party by soliciting distributors and/or retailers to offer for sale and/or sell the infringing products, and by soliciting end users to purchase and use the infringing products, in this district and elsewhere in the United States.

147.   On information and belief, and in violation of 35 U.S.C. § 271(c), Defendant Konica has offered for sale and sold a facsimile machine with an interface circuit that allows it to be coupled to a computer as a printer or scanner for use in practicing a patented processes, constituting a material part of the invention, knowing the facsimile machine to be especially made for use in the infringement of the '423 patent.

148.   On information and belief, and in violation of 35 U.S.C. § 271(a), Defendant Lexmark has, literally and under the doctrine of equivalents, infringed the '423 Patent and still is, literally and under the doctrine of equivalents, infringing the '423 Patent, by, among other things, making, using, offering for sale, and/or selling a facsimile machine with an interface circuit that allows it to be coupled to a computer as a printer or scanner without authority, including but not limited to its Pro 200 product and similar products, and will continue to do so unless such infringing activities are enjoined by this Court.

149.   For a period of time prior to filing suit, Plaintiff Infinity engaged in correspondence with Defendant Lexmark during which Infinity's patents were disclosed to Defendant Lexmark.

150.   Prior to this lawsuit, Defendant Lexmark had knowledge of Infinity's patents.

151.   On information and belief, and in violation of 35 U.S.C. § 271(b), Defendant Lexmark has actively induced others to infringe one or more claims of the '423 patent in this district and elsewhere in the United States.   Defendant Lexmark knowingly induced infringement and possessed specific intent to encourage another's infringement which led to direct infringement by a third party by soliciting distributors and/or retailers to offer for sale and/or sell the infringing products, and by soliciting end users to purchase and use the infringing products, in this district and elsewhere in the United States.

152.   On information and belief, and in violation of 35 U.S.C. § 271(c), Defendant Lexmark has offered for sale and sold a facsimile machine with an interface circuit that allows it to be coupled to a computer as a printer or scanner for use in practicing a patented processes, constituting a material part of the invention, knowing the facsimile machine to be especially made for use in the infringement of the '423 patent.

153.   On information and belief, and in violation of 35 U.S.C. § 271(a), Defendant Oki Data has, literally and under the doctrine of equivalents, infringed the '423 Patent and still is, literally and under the doctrine of equivalents, infringing the '423 Patent, by, among other things, making, using, offering for sale, and/or selling a facsimile machine with an interface circuit that allows it to be coupled to a computer as a printer or scanner without authority, including but not

limited to its MC160 product and similar products, and will continue to do so unless such infringing activities are enjoined by this Court.

154.   On information and belief, and in violation of 35 U.S.C. § 271(b), Defendant Oki Data has actively induced others to infringe one or more claims of the '423 patent in this district and elsewhere in the United States.  Defendant Oki Data knowingly induced infringement and possessed specific intent to encourage another's infringement which led to direct infringement by a third party by soliciting distributors and/or retailers to offer for sale and/or sell the infringing products, and by soliciting end users to purchase and use the infringing products, in this district and elsewhere in the United States.

155.   On information and belief, and in violation of 35 U.S.C. § 271(c), Defendant Oki Data has offered for sale and sold a facsimile machine with an interface circuit that allows it to be coupled to a computer as a printer or scanner for use in practicing a patented processes, constituting a material part of the invention, knowing the facsimile machine to be especially made for use in the infringement of the '423 patent.

156.   On information and belief, and in violation of 35 U.S.C. § 271(a), Defendant Panasonic has, literally and under the doctrine of equivalents, infringed the '423 Patent and still is, literally and under the doctrine of equivalents, infringing the '423 Patent, by, among other things, making, using, offering for sale,

and/or selling a facsimile machine with an interface circuit that allows it to be coupled to a computer as a printer or scanner without authority, including but not limited to its KX-FM280 product and similar products, and will continue to do so unless such infringing activities are enjoined by this Court.

157.   For a period of time prior to filing suit, Plaintiff Infinity engaged in correspondence with Defendant Panasonic during which Infinity's patents were disclosed to Defendant Panasonic.

158.   Prior to this lawsuit, Defendant Panasonic had knowledge of Infinity's patents.

159.   On information and belief, and in violation of 35 U.S.C. § 271(b), Defendant Panasonic has actively induced others to infringe one or more claims of the '423 patent in this district and elsewhere in the United States.   Defendant Panasonic knowingly induced infringement and possessed specific intent to encourage another's infringement which led to direct infringement by a third party by soliciting distributors and/or retailers to offer for sale and/or sell the infringing products, and by soliciting end users to purchase and use the infringing products, in this district and elsewhere in the United States.

160.   On information and belief, and in violation of 35 U.S.C. § 271(c), Defendant Panasonic has offered for sale and sold a facsimile machine with an interface circuit that allows it to be coupled to a computer as a printer or scanner

43

for use in practicing a patented processes, constituting a material part of the invention, knowing the facsimile machine to be especially made for use in the infringement of the '423 patent.

161.   On information and belief, and in violation of 35 U.S.C. § 271(a), Defendant Ricoh has, literally and under the doctrine of equivalents, infringed the '423 Patent and still is, literally and under the doctrine of equivalents, infringing the '423 Patent, by, among other things, making, using, offering for sale, and/or selling a facsimile machine with an interface circuit that allows it to be coupled to a computer as a printer or scanner without authority, including but not limited to its MultiFunction Model AC 204 product and similar products, and will continue to do so unless such infringing activities are enjoined by this Court.

162.   For a period of time prior to filing suit, Plaintiff Infinity engaged in correspondence with Defendant Ricoh during which Infinity's patents were disclosed to Defendant Ricoh.

163.   Prior to this lawsuit, Defendant Ricoh had knowledge of Infinity's patents.

164.   On information and belief, and in violation of 35 U.S.C. § 271(b), Defendant Ricoh has actively induced others to infringe one or more claims of the '423 patent in this district and elsewhere in the United States.   Defendant Ricoh knowingly induced infringement and possessed specific intent to encourage

another's infringement which led to direct infringement by a third party by soliciting distributors and/or retailers to offer for sale and/or sell the infringing products, and by soliciting end users to purchase and use the infringing products, in this district and elsewhere in the United States.

165.   On information and belief, and in violation of 35 U.S.C. § 271(c), Defendant Ricoh has offered for sale and sold a facsimile machine with an interface circuit that allows it to be coupled to a computer as a printer or scanner for use in practicing a patented processes, constituting a material part of the invention, knowing the facsimile machine to be especially made for use in the infringement of the '423 patent.

166.   On information and belief, and in violation of 35 U.S.C. § 271(a), Defendant Samsung has, literally and under the doctrine of equivalents, infringed the '423 Patent and still is, literally and under the doctrine of equivalents, infringing the '423 Patent, by, among other things, making, using, offering for sale, and/or selling a facsimile machine with an interface circuit that allows it to be coupled to a computer as a printer or scanner without authority, including but not limited to its SCX-4824 and SCX-4828 products and similar products, and will continue to do so unless such infringing activities are enjoined by this Court.

167.   For a period of time prior to filing suit, Plaintiff Infinity engaged in correspondence with Defendant Samsung during which Infinity's patents were disclosed to Defendant Samsung.

168.   Prior to this lawsuit, Defendant Samsung had knowledge of Infinity's patents.

169.   On information and belief, and in violation of 35 U.S.C. § 271(b), Defendant Samsung has actively induced others to infringe one or more claims of the '423 patent in this district and elsewhere in the United States.   Defendant Samsung knowingly induced infringement and possessed specific intent to encourage another's infringement which led to direct infringement by a third party by soliciting distributors and/or retailers to offer for sale and/or sell the infringing products, and by soliciting end users to purchase and use the infringing products, in this district and elsewhere in the United States.

170.   On information and belief, and in violation of 35 U.S.C. § 271(c), Defendant Samsung has offered for sale and sold a facsimile machine with an interface circuit that allows it to be coupled to a computer as a printer or scanner for use in practicing a patented processes, constituting a material part of the invention, knowing the facsimile machine to be especially made for use in the infringement of the '423 patent.

171.   On information and belief, and in violation of 35 U.S.C. § 271(a), Defendant Sharp has, literally and under the doctrine of equivalents, infringed the '423 Patent and still is, literally and under the doctrine of equivalents, infringing the '423 Patent, by, among other things, making, using, offering for sale, and/or selling a facsimile machine with an interface circuit that allows it to be coupled to a computer as a printer or scanner without authority, including but not limited to its ARM207E product and similar products, and will continue to do so unless such infringing activities are enjoined by this Court.

172.   For a period of time prior to filing suit, Plaintiff Infinity engaged in correspondence with Defendant Sharp during which Infinity's patents were disclosed to Defendant Sharp.

173.   Prior to this lawsuit, Defendant Sharp had knowledge Infinity's patents.

174.   On information and belief, and in violation of 35 U.S.C. § 271(b), Defendant Sharp has actively induced others to infringe one or more claims of the '423 patent in this district and elsewhere in the United States.  Defendant Sharp knowingly induced infringement and possessed specific intent to encourage another's infringement which led to direct infringement by a third party by soliciting distributors and/or retailers to offer for sale and/or sell the infringing

products, and by soliciting end users to purchase and use the infringing products, in this district and elsewhere in the United States.

175.   On information and belief, and in violation of 35 U.S.C. § 271(c), Defendant Sharp has offered for sale and sold a facsimile machine with an interface circuit that allows it to be coupled to a computer as a printer or scanner for use in practicing a patented processes, constituting a material part of the invention, knowing the facsimile machine to be especially made for use in the infringement of the '423 patent.

176.   On information and belief, and in violation of 35 U.S.C. § 271(a), Defendant Toshiba has, literally and under the doctrine of equivalents, infringed the '423 Patent and still is, literally and under the doctrine of equivalents, infringing the '423 Patent, by, among other things, making, using, offering for sale, and/or selling a facsimile machine with an interface circuit that allows it to be coupled to a computer as a printer or scanner without authority, including but not limited to its eStudio 170F product and similar products,  and will continue to do so unless such infringing activities are enjoined by this Court.

177.   For a period of time prior to filing suit, Plaintiff Infinity engaged in correspondence with Defendant Toshiba during which Infinity's patents were disclosed to Defendant Toshiba.

178.   Prior to this lawsuit, Defendant Toshiba had knowledge of Infinity's patents.

179.   On information and belief, and in violation of 35 U.S.C. § 271(b), Defendant Toshiba has actively induced others to infringe one or more claims of the '423 patent in this district and elsewhere in the United States.  Defendant Toshiba knowingly induced infringement and possessed specific intent to encourage another's infringement which led to direct infringement by a third party by soliciting distributors and/or retailers to offer for sale and/or sell the infringing products, and by soliciting end users to purchase and use the infringing products, in this district and elsewhere in the United States.

180.   On information and belief, and in violation of 35 U.S.C. § 271(c), Defendant Toshiba has offered for sale and sold a facsimile machine with an interface circuit that allows it to be coupled to a computer as a printer or scanner for use in practicing a patented processes, constituting a material part of the invention, knowing the facsimile machine to be especially made for use in the infringement of the '423 patent.

181.   On information and belief, and in violation of 35 U.S.C. § 271(a), Defendant Xerox has, literally and under the doctrine of equivalents, infringed the '423 Patent and still is, literally and under the doctrine of equivalents, infringing the '423 Patent, by, among other things, making, using, offering for sale, and/or

selling a facsimile machine with an interface circuit that allows it to be coupled to a computer as a printer or scanner without authority, including but not limited to its Phaser 3200 product and similar products, and will continue to do so unless such infringing activities are enjoined by this Court.

182.   For a period of time prior to filing suit, Plaintiff Infinity engaged in correspondence with Defendant Xerox during which Infinity's patents were disclosed to Defendant Xerox.

183.   Prior to this lawsuit, Defendant Xerox had knowledge of Infinity's patents.

184.   On information and belief, and in violation of 35 U.S.C. § 271(b), Defendant Xerox has actively induced others to infringe one or more claims of the '423 patent in this district and elsewhere in the United States.  Defendant Xerox knowingly induced infringement and possessed specific intent to encourage another's infringement which led to direct infringement by a third party by soliciting distributors and/or retailers to offer for sale and/or sell the infringing products, and by soliciting end users to purchase and use the infringing products, in this district and elsewhere in the United States.

185.   On information and belief, and in violation of 35 U.S.C. § 271(c), Defendant Xerox has offered for sale and sold a facsimile machine with an interface circuit that allows it to be coupled to a computer as a printer or scanner

for use in practicing a patented processes, constituting a material part of the invention, knowing the facsimile machine to be especially made for use in the infringement of the '423 patent.

186.   Upon information and belief, Defendant Brother willfully infringed the '423 Patent through its knowledge and actions.

187.   Upon information and belief, Defendant Canon willfully infringed the '423 Patent through its knowledge and actions.

188.   Upon information and belief, Defendant HP willfully infringed the '423 Patent through its knowledge and actions.

189.   Upon information and belief, Defendant Konica willfully infringed the '423 Patent through its knowledge and actions.

190.   Upon information and belief, Defendant Lexmark willfully infringed the '423 Patent through its knowledge and actions.

191.   Upon information and belief, Defendant Panasonic willfully infringed the '423 Patent through its knowledge and actions.

192.   Upon information and belief, Defendant Ricoh willfully infringed the '423 Patent through its knowledge and actions.

193.   Upon information and belief, Defendant Samsung willfully infringed the '423 Patent through its knowledge and actions.

194.   Upon information and belief, Defendant Sharp willfully infringed the '423 Patent through its knowledge and actions.

195.   Upon information and belief, Defendant Toshiba willfully infringed the '423 Patent through its knowledge and actions.

196.   Upon information and belief, Defendant Xerox willfully infringed the '423 Patent through its knowledge and actions.

197.   Plaintiff has suffered, and will continue to suffer, damages as a result of the Defendants' infringing activities.

**WHEREFORE,** Plaintiff prays for a judgment against Defendants on all Counts as follows:

A.   Finding that Defendants have infringed, actively induced infringement of, and/or contributorily infringed one or more claims of the '811 Patent;

B.   Finding that Defendants have infringed, actively induced infringement of, and/or contributorily infringed one of more claims of the '423 Patent;

C.   Enjoining Defendants, their officers, agents, attorneys, servants, and those in privity with them, including distributors, retailers, and customers, from infringing the '811 Patent;

D.    Enjoining Defendants, their officers, agents, attorneys, servants, and those in privity with them, including distributors, retailers, and customers, from infringing the '423 Patent;

E.    Awarding damages in an amount adequate to compensate Plaintiff for Defendants' infringement of the '811 Patent;

F.    Awarding damages in an amount adequate to compensate Plaintiff for Defendants' infringement of the '423 Patent;

G.    Awarding enhanced damages, as applicable to those Defendants accused of willful infringement of the '423 and '811 patents, pursuant to 35 U.S.C. §284;

H.    Awarding Plaintiff's reasonable attorneys' fees and costs pursuant to 35 U.S.C. §285 and Rule 54(d) of the Federal Rules of Civil Procedure;

I.    Awarding prejudgment and post-judgment interest; and

J.    Granting such other and further relief as the Court deems just and proper.

Dated: October 13, 2010                Respectfully submitted:


                                       /s/ Robert L. Sachs, Jr.
                                       Robert L. Sachs, Jr., Esq.
                                       E-mail: RSachs@shragerlaw.com
                                       **SHRAGER, SPIVEY & SACHS**
                                       One Commerce Square
                                       2005 Market Street, Suite 2300
                                       Philadelphia, PA 19103
                                       Phone: (215) 568-7771
                                       Facsimile: (215) 568-7495

                                       ***Attorney for Plaintiff***

**OF COUNSEL:**
Timothy C. Davis, Esq.
E-mail: tim@hgdlawfirm.com
Brian D. Hancock, Esq.
E-mail: bdhancock@hgdlawfirm.com
HENINGER GARRISON DAVIS, LLC
2224 1st Avenue North
Birmingham, Alabama 35203
Phone:  (205) 326-3336
Facsimile:  (205) 326-3332

Douglas L. Bridges, Esq.
E-mail: dbridges@hgdlawfirm.com\
Jacqueline R. Knapp, Esq.
E-mail : jknapp@hgdlawfirm.com
Graham B. Firestone, Esq.
E-mail : gfirestone@hgdlawfirm.com
HENINGER GARRISON DAVIS, LLC
One Glenlake Parkway, Suite 700
Atlanta, Georgia 30328
Phone:  (678) 638-6308
Facsimile:  (678) 638-6142

John. F. Ward, Esq.
E-mail: wardj@wardolivo.com
John W. Olivo, Jr., Esq.
E-mail: olivoj@wardolivo.com
**WARD & OLIVO**
380 Madison Avenue
New York, New York 10017
Telephone: (212) 697-6262
Facsimile: (212) 972-5866

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

INFINITY COMPUTER      |
PRODUCTS, INC.      |
     |
         Plaintiff,      |      Civil Action No.:
     |
     |      2:10-cv-03175 LDD
     |
         v.      |
     |
BROTHER INTERNATIONAL      |
CORPORATION, ET AL.,      |
     |
         Defendants.      |

## CERTIFICATE OF SERVICE

I hereby certify that on this date, a true and correct copy of the forgoing document was filed electronically.  Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court.

Date:  October 13, 2010          /s/ Robert L. Sachs, Jr.
                                             Robert L. Sachs, Jr.