**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| INFINITY COMPUTER PRODUCTS, INC, <br><br> Plaintiff, <br><br> v. <br><br> BROTHER INTERNATIONAL CORPORATION, ET AL., <br><br> Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> :   CIVIL ACTION NO. <br> :   10-CV-03175 <br> : <br> : <br> : <br> : <br> : |

## <u>DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM</u>

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Brother International Corporation; Canon U.S.A., Inc.; Dell Inc.; Eastman Kodak Company; Epson America Inc.; Hewlett-Packard Company; Konica Minolta Business Solutions, U.S.A., Inc.; Lexmark International, Inc.; Oki Data Americas, Inc.; Panasonic Corporation of North America; Ricoh Americas Corp.; Samsung Electronics America, Inc.; Sharp Electronics Corporation; Toshiba America Business Solutions, Inc.; and Xerox Corporation ("Defendants") by and through their counsel, hereby move to dismiss the above-captioned action for failure to state a claim upon which relief can be granted.

The grounds for the Defendants' Motion are set forth in the accompanying Memorandum of Law filed herewith. For the reasons appearing therein, Defendants respectfully request the Motion to Dismiss Plaintiff's First Amended Complaint for Failure to State a Claim be granted and Plaintiff's First Amended Complaint be dismissed in its entirety.

Respectfully submitted,


/s/ L. Evan Van Gorder
Joseph A. Powers (Pa. I.D. No. 84590)
L. Evan Van Gorder (Pa. I.D. No. 307403)
**DUANE MORRIS LLP**
30 South 17th Street
Philadelphia, PA  19103-4196
Telephone: 215.979.1000


Matthew S. Yungwirth (admitted *pro hac vice*)
Leah J. Poynter (admitted *pro hac vice*)
**DUANE MORRIS LLP**
Atlantic Center Plaza, Suite 700
1180 West Peachtree Street NW
Atlanta, GA 30309-3448
Telephone: 404.253.6900
Facsimile: 404.253.6901
*Attorneys for Dell Inc.*


/s/ Mark A. Aronchick
Mark A. Aronchick
Michael Viano, Jr.
**HANGLEY ARONCHICK SEGAL & PUDLIN**
One Logan Square, 27th Floor
Philadelphia, PA 19103
(215) 568-6200
*Attorneys for Defendant Brother International Corp.*


/s/ Alexander Kerr
Alexander Kerr, Esq. (Pa. I.D. No. 00634)
E-mail:  akerr@mccarter.com
**MCCARTER & ENGLISH, LLP**
BNY Mellon Center
1735 Market Street, Suite 700
Philadelphia, PA 19103-7501
Telephone: (215) 979-3868
Facsimile: (215) 979-3899


Nicholas M. Cannella, Esq. (admitted *pro hac vice*)
E-mail:  ncannella@fchs.com
**FITZPATRICK, CELLA, HARPER SCINTO**
1290 Avenue of the Americas
New York, NY 10104
Telephone: (212) 218-2100

- 2 -

Facsimile: (212) 218-2200

Brian L. Klock, Esq. (admitted *pro hac vice*)
E-mail: bklock@fchs.com
**FITZPATRICK, CELLA, HARPER & SCINTO**
975 F Street, NW
Washington, DC 20004
Telephone: (202) 721-5427
Facsimile: (202) 530-1010
*Attorneys for Canon U.S.A., Inc.*

/s/ Michael N. Onufrak
Michael N. Onufrak (Pa. I.D. No. 43064)
Justin E. Proper (Pa. I.D. No. 202701)
**WHITE AND WILLIAMS**
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103
Telephone: 215-864-7000
Facsimile: 215-864-7123

Jeffrey D. Sanok (admitted *pro hac vice*)
Brian M. Koide (admitted *pro hac vice*)
Ronald L. Sigworth (admitted *pro hac vice*)
**CROWELL & MORING**
1001 Pennsylvania Avenue, NW
Washington, DC 20004-2595
Telephone:  202-624-2500
Facsimile: 202-628-5116
*Attorneys for Defendant Eastman Kodak Co.*

/s/ Charles J. Bloom
Charles J. Bloom
**STEVENS & LEE, P.C.**
620 Freedom Business Center, Suite 200
King of Prussia, PA 19406
Telephone:  (610) 205-6001
Facsimile:  (610) 371-7964
cjb@stevenslee.com

A James Isbester
Jordan T. Jones
**TOWNSEND AND TOWNSEND AND CREW, LLP**
Two Embarcadero, 8th Floor
San Francisco, CA 94111
Telephone: (415) 576-0200

- 3 -

Facsimile: (415) 576-0300
jisbester@townsend.com
jtjones@townsend.com
*Attorneys for Defendant Epson America Inc.*

/s/ Kell M. Damsgaard
Kell M. Damsgaard (Pa. I.D. No. 20111)
E-mail: kdamsgaard@morganlewis.com
John V. Gorman (Pa. I.D. No. 80631)
E-mail: jgorman@morganlewis.com
Diana P. Cortes (Pa. I.D. No. 204274)
E-mail: dcortes@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-5000
Facsimile: (215) 963-5001

Nathan W. McCutcheon
E-mail: nmccutcheon@morganlewis.com
Mark W. Taylor (admitted *pro hac vice*)
E-mail: mark.taylor@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Ave., N.W.
Washington, DC 20004
Telephone: (202) 739-3000
Facsimile: (202) 739-3001
*Attorneys for Defendant Hewlett-Packard Company*

/s/ Alex R. Sluzas
Alex R. Sluzas (Pa. I.D. No. 39931)
Antranig Baronian (Pa. I.D. No. 200068)
**PAUL AND PAUL**
Two Thousand Market Street
Suite 2900
Philadelphia, PA 19103
Telephone: 215-568-4900
Facsimile: 215-567-5057

Steven J. Routh (admitted *pro hac vice*)
Sten A. Jensen (admitted *pro hac vice*)
T. Vann Pearce, Jr. (admitted *pro hac vice*)
**ORRICK, HERRINGTON & SUTCLIFFE**
1152 15th Street, N.W.
Washington, DC 20005
Telephone:  202-339-8400

Facsimile: 202-339-8500
*Attorneys for Defendant Konica Minolta Business Solutions, U.S.A., Inc.*

/s/ Paul J. Kennedy
Timothy C. Meece (*pro hac vice pending*)
tmeece@bannerwitcoff.com
Bradley C. Wright (*pro hac vice pending*)
bwright@bannerwitcoff.com
V. Bryan Medlock Jr. (*pro hac vice pending*)
bmedlock@bannerwitcoff.com
Louis DiSanto (*pro hac vice pending*)
ldisanto@bannerwitcoff.com
**BANNER & WITCOFF, LTD.**
10 S. Wacker Drive, Ltd.
Chicago, Illinois 60606
Telephone: (312) 463-5000
Facsimile: (312) 463-5001

Paul J. Kennedy
Pa. I.D. No. 39291
kennedyp@pepperlaw.com
**PEPPER HAMILTON LLP**
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103
Telephone: (215) 981-4194
Facsimile: (215) 981-4750
*Attorneys for Defendant Lexmark*

/s/ Curtis J. Crowther
Curtis J. Crowther (PA ID No. 73122)
ccrowther@ycst.com
John W. Shaw (*admission pending*)
jshaw@ycst.com
Michele Sherretta Budicak (*admission pending*)
mbudicak@ycst.com
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
1000  West Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

OF COUNSEL:

Marc R. Labgold (*pro hac vice admission pending*)
drlabgold@aol.com
**NAGASHIMA & HASHIMOTO**
Hirakawa-cho KS Bldg. 2nd Floor
2-4-14 Hirakawa-cho, Chiyoda-ku Tokyo
102-0093 Japan
Telephone: 81-3-3239-5750
Facsimile: 81-3-3239-8538
*Attorneys for Defendant Oki Data Americas, Inc.*

/s/ Philip D. Priore
Philip D. Priore (Pa. ID No. 38987)
PPriore@mccormickpriore.com
Meredith A. Mack (Pa. ID No. 208284)
mmack@mccormickpriore.com
**McCORMICK & PRIORE, PC**
Four Penn Center, Suite 800
1600 John F. Kennedy Boulevard
Philadelphia, PA 19103
Telephone: (215) 972-0161
Facsimile: (215) 972-5580

Neil F. Greenblum (admitted *pro hac vice*)
ngreenblum@gbpatent.com
Michael J. Fink (admitted *pro hac vice*)
mfink@gbpatent.com
P. Branko Pejic (admitted *pro hac vice*)
bpejic@gbpatent.com
Nathan J. Bailey (admitted *pro hac vice*)
nbailey@gbpatent.com
**GREENBLUM & BERNSTEIN, P.L.C.**
1950 Roland Clarke Place
Reston, VA 20191
Telephone: (703) 716-1191
Facsimile: (703) 716-1180
*Attorneys for Defendant Panasonic Corp. of
North America.*

/s/ Philip G. Kircher
Philip G. Kircher (Pa. ID No. 24625)
pkircher@cozen.com
Chad E. Kurtz (Pa. ID No. 208183)
ckurtz@cozen.com
**COZEN O'CONNOR**
1900 Market Street
Philadelphia, PA  19103
Telephone: 215-665-7233
Facsimile: 215-701-2033

OF COUNSEL:

Eric R. Hubbard
eric.hubbard@ropesgray.com
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, NY 10036
Telephone: 212-596-9000
Facsimile: 212-596-9090

Hiroyuki Hagiwara
hiroyuki.hagiwara@ropesgray.com
**ROPES & GRAY LLP**
Yusen Building 2F 3-2 Marunouchi 2-Chome
Chiyoda-ku, Tokyo, 100-0005
Japan
Telephone: +81 3 6259 3516
Facsimile: +81 3 6259 3517
*Attorneys for Ricoh Americas Corp.*

/s/ Xin-Yi Zhou
Gary A. Rosen
**LAW OFFICES OF GARY A. ROSEN, P.C.**
1831 Chestnut Street, Seventh Floor
Philadelphia, PA 19103
Telephone: 215-972-0600
Facsimile: 215-972-6006
grosen@logarpc.com

Mark Samuels, Esq.  (Admitted Pro Hac Vice)
Ryan Yagura, Esq.  (Admitted Pro Hac Vice)
Xin-Yi Zhou, Esq.  (Admitted Pro Hac Vice)
**O'MELVENY & MYERS LLP**
400 South Hope Street
Los Angeles, CA 90071
Telephone: 213-430-6000
Facsimile: 213-430-6407
msamuels@omm.com
ryagura@omm.com
vzhou@omm.com
*ATTORNEYS FOR SAMSUNG ELECTRONICS
AMERICA, INC.*

/s/ Benjamin E. Leace
Benjamin E. Leace (Pa. I.D. No. 54281)
**RATNER PRESTIA**
1235 Westlakes Drive,  Suite 301
Berwyn, PA  19312
Telephone:  610-407-0700
Facsimile:  610-407-0701
beleace@ratnerprestia.com

Blaney Harper (admitted *pro hac vice*)
**JONES DAY**
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
Telephone:  202-879-3939
Facsimile:  202-676-1700
bharper@jonesday.com

Marc S. Blackman (admitted *pro hac vice*)
**JONES DAY**
77 W. Wacker Drive
Chicago, IL  60657-1692
Telephone:  312-782-3939
Facsimile:  312-782-8585

msblackman@jonesday.com
*Attorneys for Sharp Electronics Corporation*

/s/Paul T. Meiklejohn
Paul T. Meiklejohn
WA Bar No. 17477
meiklejohn.paul@dorsey.com
**DORSEY & WHITNEY LLP**
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
Telephone: 206-903-8746
Facsimile: 206-903-8820

Douglas F. Stewart,
WA Bar No. 34068
stewart.douglas@dorsey.com
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
Telephone: 206-903-2381
Facsimile: 206-299-3838

**CONRAD O'BRIEN PC**
Nancy J. Gellman
PA Bar No. 12472
ngellman@conradobrien.com
1515 Market Street
Sixteenth Floor
Philadelphia, PA  19102-1921
Telephone:  215-864-8065
*ATTORNEYS FOR TOSHIBA AMERICA*
*BUSINESS SOLUTIONS, INC.*

/s/ Dennis C. Lee
Robert S. Silver
rssilver@crbcp.com
**CAESAR RIVISE BERNSTEIN COHEN &**
**POKOTILOW, LTD**
7 Penn Center
12th Floor
1635 Market Street
Philadelphia, PA 19103-2212
Tel: 215-567-2010

Robert B. Breisblatt (admitted pro hac vice)
robert.breisblatt@kattenlaw.com
Craig M. Kuchii (admitted pro hac vice)

craig.kuchii@kattenlaw.com
Dennis C. Lee (admitted pro hac vice)
dennis.lee@kattenlaw.com
**KATTEN MUCHIN ROSENMAN LLP**
525 W Monroe St
Chicago, IL 60661
Tel: 312-902-5200
Fax: 312-902-1061
*Attorneys for Xerox Corporation*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| INFINITY COMPUTER PRODUCTS, INC, | : |
| | : |
| Plaintiff, | : |
| | : |
| | : CIVIL ACTION NO. |
| v. | : 10-CV-03175 |
| | : |
| BROTHER INTERNATIONAL CORPORATION, ET AL., | : |
| | : |
| Defendants. | : |
| | : |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
FOR FAILURE TO STATE A CLAIM**

Defendants Brother International Corporation; Canon U.S.A., Inc.; Dell Inc.; Eastman Kodak Company; Epson America Inc.; Hewlett-Packard Company; Konica Minolta Business Solutions, U.S.A., Inc.; Lexmark International, Inc.; Oki Data Americas, Inc.; Panasonic Corporation of North America; Ricoh Americas Corp.; Samsung Electronics America, Inc.; Sharp Electronics Corporation; Toshiba America Business Solutions, Inc.; and Xerox Corporation ("Defendants") move to dismiss the First Amended Complaint ("Amended Complaint") pursuant to Rule 12(b)(6) for failure to state a claim.

In its original Complaint, plaintiff Infinity Computer Products, Inc. ("Infinity") broadly alleged that Defendants infringe unspecified claims of U.S. Patent Nos. 6,894,811 (the '811 Patent) and 7,489,423 (the '423 Patent) (collectively, the "Patents-in-Suit"). Defendants moved to dismiss that Complaint because it was fatally deficient with respect to Infinity's allegations of both direct and indirect infringement. Infinity responded to Defendants' motion by filing an Amended Complaint.

Like its initial Complaint, however, Infinity's Amended Complaint rests on broad, conclusory allegations that are insufficient to state a claim. Specifically, Infinity fails to allege: (1) how merely making, selling, or using a fax machine can constitute direct infringement of method claims that require, among other things, connecting to a computer; and (2) facts supporting several of the established elements of an indirect infringement claim, such as prior knowledge of the Patents-in-Suit, the identity of third-party direct infringers, specific intent, and that the accused products have no substantial non-infringing uses. Infinity should have investigated these issues as part of its pre-filing investigation, or at least before amending the Complaint. Its failure to do so, and its failure to plead facts in the Amended Complaint that would make its claims plausible, renders the Amended Complaint so vague that it deprives the Defendants of fair notice of what they must defend and it must be dismissed for failure to comply with Fed. R. Civ. P. 8(a).

## I.      BACKGROUND FACTS

On June 30, 2010, Infinity filed its Complaint against the 15 Defendants alleging that they each infringe unspecified claims of the two Patents-in-Suit. After Defendants moved to dismiss the original Complaint, Infinity filed an Amended Complaint, similarly alleging that Defendants each infringe unspecified claims of the two Patents-in-Suit. With respect to each Defendant, the Amended Complaint merely repeats the following allegation of direct infringement for each of the Patents-in-Suit:

> 39.      On information and belief, and in violation of 35 U.S.C. § 271(a), Defendant [] has, literally and under the doctrine of equivalents, infringed the [] Patent and still is, literally and under the doctrine of equivalents, infringing the [] Patent, by, among other things, making, using, offering for sale, and/or selling a facsimile machine with an interface circuit that allows it to be coupled to a computer as a printer or scanner without authority, including but not limited to its [] products and similar products, and will continue to do so unless such infringing activities are enjoined by this Court.

2

(*See*, *e.g.*, Amended Complaint, Dkt. No. 151, at ¶ 39).  Although all of the claims of each of the two Patents-in-Suit claim only methods that require, among other things, connecting a facsimile machine to a computer  (*see*, *id.* at Exh. A ('811 Patent) at 9:16-10:49 (claims) and Exh. B ('423 Patent) at 9:9-10:38 (claims)), this paragraph, which represents the sum and substance of Infinity's allegations regarding the Defendants' supposed direct infringement, simply refers to "a facsimile machine with an interface circuit that allows it to be coupled to a computer."  No actual connecting is even alleged to have been performed by any of the Defendants.

The Amended Complaint also repeats the following allegations of indirect infringement for each of the Patents-in-Suit:

> 42.    On information and belief, and in violation of 35 U.S.C. § 271(b), Defendant [] has actively induced others to infringe one or more claims of the [] patent in this district and elsewhere in the United States. Defendant [] knowingly induced infringement and possessed specific intent to encourage another's infringement which led to direct infringement by a third party by soliciting distributors and/or retailers to offer for sale and/or sell the infringing products, and by soliciting end users to purchase and use the infringing products, in this district and elsewhere in the United States.

> 43.    On information and belief, and in violation of 35 U.S.C. § 271(c), Defendant [] has offered for sale and sold a facsimile machine with an interface circuit that allows it to be coupled to a computer as a printer or scanner for use in practicing a patented processes, constituting a material part of the invention, knowing the facsimile machine to be especially made for use in the infringement of the [] patent.

(*See*, *e.g*, Dkt. No. 151, at ¶¶ 42-43).  With respect to many of the Defendants,[1] these paragraphs are preceded by the cursory allegation that prior to filing suit Infinity "engaged in correspondence" with certain Defendants, "during which Infinity's patents were disclosed,"

---

[1]  The Amended Complaint does not allege that Defendants Dell, Inc. ("Dell"); Eastman Kodak Company ("Kodak"); Epson America Inc.( "Epson"); and Oki Data Americas, Inc. ("Oki Data") had any knowledge of Infinity's patents.

followed by the statement that "[p]rior to this lawsuit Defendant [] had knowledge of Infinity's patents." (*See*, *e.g*, Dkt. No. 151, at ¶¶ 40-41).

Although these paragraphs represent the sum and substance of Infinity's allegations of Defendants' supposed indirect infringement, the Amended Complaint does not allege that any party other than Defendants directly infringes the Patents-in-Suit. Further, the Amended Complaint lacks any facts to support an assertion that any Defendant had a specific intent to cause direct patent infringement by a third party, or, with respect to some Defendants, that they even had knowledge of the Patents-in-Suit.

After Infinity first filed its Amended Complaint and sought Defendants' consent to file a motion for leave to file the Amended Complaint, Defendants informed Infinity of the above infirmities in its Amended Complaint and presented Infinity with the opportunity to further modify its Amended Complaint before seeking leave from the Court to file it. Despite this offer, Infinity declined to address any of those infirmities and re-filed the same Amended Complaint now addressed by this Motion.

## II.    LEGAL STANDARD

### A.    The Pleading Standard Under the Federal Rules of Civil Procedure

A complaint must be dismissed under Fed. R. Civ. P. 12(b)(6) for "failure to state a claim upon which relief can be granted" when it fails to satisfy the pleading requirements of Fed. R. Civ. P. 8(a)(2) requiring a "short and plain statement of the claim showing that the pleader is entitled to relief." While Rule 8 does not require pleading with particularity, it does require factual allegations that are sufficient to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Moreover, the complaint must

4

state "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Wilkerson v. New Media Tech. Charter School Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (*quoting Twombly*, 550 U.S. at 556).

Subsequent to the Supreme Court's decisions in *Twombly* and *Iqbal*, the Third Circuit confirmed that "conclusory or 'bare bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (*quoting Iqbal*, 129 S. Ct. at 1949). [2] In light of this standard, the Third Circuit has set forth the following two-part analysis for reviewing motions to dismiss:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."

*Fowler*, 578 F.3d at 210-11 (emphasis added). The Court further explained that "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such entitlement with its facts." *Id.* at 211. "'Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief.'" *Tucker v. Bernzomatic*, Civil Action No. 09-05881, 2010 U.S. Dist. LEXIS 43771, at *4 (E.D. Pa. May 4, 2010) (*quoting Iqbal*, 129 S. Ct. at

---

[2] Whether a complaint meets the requirements of Rule 12(b)(6) is a procedural matter not unique to patent law, and regional circuit law applies. *C&F Packing Co., Inc. v. IBP, Inc.*, 224 F.3d 1296, 1306 (Fed. Cir. 2000) ("The question of whether a Rule 12(b)(6) motion was properly granted is a purely procedural question not pertaining to patent law, to which this court applies the rule of the regional [] circuit.").

1949).  As the Third Circuit has noted, such detail is required as "[f]ew issues in civil procedure jurisprudence are more significant than pleading standards, which are the key that opens access to courts."  *Phillips v. County of Allegheny*, 515 F.3d 224, 230 (3d Cir. 2008).

### B.        The Necessary Elements of Patent Infringement Claims

Pursuant to 35 U.S.C. § 271(a), a claim for direct infringement can be had against "whoever without authority makes, uses, offers to sell, or sells any patented invention[.]"  Additionally, under established Federal Circuit precedent, a claim of direct patent infringement "requires a party to perform each and every step or element of a claimed method or product."  *Air Vent, Inc. v. Vent Right Corp.*, No. 02:08-cv-00146, 2010 U.S. Dist. LEXIS 72576 at *15 (W.D. Pa. July 20, 2010) (quoting *BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1378 (Fed. Cir. 2007)).  Infinity "has the burden of proving infringement and must meet its burden by a preponderance of the evidence."  *Id.* at *16 (citing *SmithKline Diagnostics, Inc. v. Helena Lab. Corp.*, 859 F.2d 878, 889 (Fed. Cir. 1988)).  For method patent claims such as those in the Patents-in-Suit, infringement occurs only "when a party performs all of the steps of the process."  *BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1379 (Fed. Cir. 2007) (citing *Joy Techs. v. Flakt, Inc.*, 6 F.3d 770, 773 (Fed. Cir. 1993)).

Indirect infringement can take the form of induced infringement or contributory infringement.  *Realtime Data, LLC v. Morgan Stanley*, No. 6:09-cv-326-LED-JDL, 2010 U.S. Dist. LEXIS 58049, at *5 (E.D. Tex. May 7, 2010).  To prove induced infringement under 35 U.S.C. §271(b), Infinity must show that:  (l) each Defendant's actions induced others to directly infringe the Patents-in-Suit, (2) each Defendant knew or should have known its actions would induce actual infringements, (3) each Defendant possessed specific intent to encourage another's direct infringement, and (4) the direct infringement that was encouraged actually occurred.

6

*Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1321–22 (Fed. Cir. 2009) (citing *DSU Med. Corp. v. JMS, Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (*en banc* on inducement issue)).

Similarly, to prove contributory infringement under 35 U.S.C. §271(c), Infinity must show that each Defendant sold an article for use in practicing a patent, "knowing it to be 'especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.'" *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1327 (Fed. Cir. 2009) (quoting 35 U.S.C. § 271(c)). For both instances of indirect infringement, Infinity must show some actual direct infringement and that each Defendant was aware of the Patents-in-Suit prior to its actions. *See Mallinckrodt Inc. v. E-Z-EM Inc.*, No. 09-228-JJF, 2009 U.S. Dist LEXIS 108696, at *10-11 (D. Del. Nov. 20, 2009).

## III.    ARGUMENT

Infinity has failed to properly plead claims for direct or indirect infringement. When Infinity's legal conclusions are separated from the limited factual allegations in the Amended Complaint, as required by the Third Circuit's opinion in *Fowler*, Infinity's claims ring hollow. Using representative paragraphs 49-51 as examples and striking through the legal conclusions, the only factual allegations remaining with respect to all Defendants read as follows[3]:

> 49.    On information and belief, ~~and in violation of 35 U.S.C. § 271(a),~~ Defendant ~~[] has, literally and under the doctrine of equivalents, infringed the [] Patent and still is, literally and under the doctrine of equivalents, infringing the [] Patent, by, among other things~~, ma[de], us[ed], offer[ed] for sale, and/or s[old] a facsimile machine with an interface circuit that allows it to be coupled to a computer as a printer or scanner ~~without authority,~~ including but not limited to its [] products and similar products, and will continue to do so unless such ~~infringing~~ activities are enjoined by this Court.

---

[3] As noted above, Infinity also alleged that eleven of the fifteen Defendants had knowledge of Infinity's patents.

50.    On information and belief, ~~and in violation of 35 U.S.C. § 271(b),~~ Defendant ~~[]~~ ~~has actively induced others to infringe one or more claims of the [] patent in this district and~~ ~~elsewhere in the United States. Defendant [] knowingly induced infringement and possessed~~ ~~specific intent to encourage another's infringement which led to direct infringement by a third~~ ~~party by~~ solicit[ed] distributors and/or retailers to offer for sale and/or sell the ~~infringing~~ products, and by soliciting end users to purchase and use the ~~infringing~~ products, in this district and elsewhere in the United States.

51.    On information and belief, ~~and in violation of 35 U.S.C. § 271(c),~~ Defendant [] has offered for sale and sold a facsimile machine with an interface circuit that allows it to be coupled to a computer as a printer or scanner for use in ~~practicing a~~ ~~patented processes [sic], constituting a material part of the invention, knowing the facsimile~~ ~~machine to be especially made for use in the infringement of the [] patent.~~

(*See*, *e.g.*, Dkt. No. 151, at ¶¶ 49-51).  As the Court in *Iqbal* held, a claim has facial plausibility only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  129 S. Ct. at 1949.  Infinity's bare-bones allegations lack any facts to support the plausibility of a claim for direct or indirect infringement.

## A.    The Factual Allegations Do Not Provide Sufficient Notice of a Claim for Direct Infringement.

Paragraph 49, which is referenced above and repeated against each Defendant, appears to constitute Infinity's allegations aimed at direct infringement.   Effectively, Infinity's single allegation is merely a regurgitation of the statutory language, *i.e.*, "makes, uses, offers to sell, or sells," supplemented with a vague paraphrasing of language from the Patents-in-Suit, *i.e.*, "a facsimile machine with an interface circuit that allows it to be coupled to a computer as a printer or scanner," and an example of one accused product.  (*See* Dkt. No. 151, at Exh. A ('811 Patent) at col. 1, lns. 40-42 (". . . a circuit for interfacing a PC and a facsimile to enable the facsimile to be utilized as a scanner or a printer for a PC. . .")).  This allegation does not sufficiently describe how any of the products accused of practicing the "patented invention" actually practice the claimed steps of the Patents-in Suit.

### 1. Infinity's allegations do not account for the fact that the claims of the Patents-in-Suit are method claims.

The claims of the Patents-in-Suit are all "method" claims and as such, the claims can only be infringed by practicing the claimed steps – not by making, selling or offering for sale a product. *See Ricoh Co. v. Quanta Computer Inc.*, 550 F.3d 1325, 1335 (Fed. Cir. 2008). Every claim of the Patents-in-Suit is a method claim that requires, among other things, connecting or coupling a facsimile machine to a computer. By comparison, Infinity only alleges that the Defendants make, use, offer to sell, or sell a facsimile machine with an interface circuit that can be coupled to a computer. But this allegation is bereft of *any* facts that can support a "plausible claim" that Defendants connect or couple those facsimile machines to a computer, let alone infringe the Patents-in-Suit. *See Fowler*, 578 F.3d at 210 (*quoting Iqbal*, 129 S. Ct. at 1949). Because of the absence of this allegation, Infinity has not stated a claim for direct infringement.

### 2. Infinity's allegations are speculative and conclusory.

The indefinite nature of Infinity's factual allegations is further highlighted by its blanket use of the "on information and belief" disclaimer with respect to all of its allegations. A similarly speculative and conclusory allegation was recently rejected by the District Court for the District of Columbia in *In re Papst Licensing GMBH & Co. KG Litig.*, 585 F. Supp. 2d 32 (D.D.C. 2008). In *In re Papst*, the court held that alleging "[u]pon information and belief, the Sanyo Defendants have made, used, sold or offered to sell . . . digital cameras which infringe the Patents in Suit" was insufficient to meet the minimum pleading threshold set by *Twombly*. *Id.* at 34-35. The Court further explained that when a plaintiff "asserts a need to investigate" such as through an "upon information and belief" caveat, the court "need not accept as true [plaintiff]'s legal conclusions cast as factual allegations." *Id.* at 35.

Here too, Infinity asserts its allegations based almost entirely "on information and belief." (Dkt. No. 151 at ¶¶ 39-196).  The Supreme Court explained in *Twombly* that minimum pleading standards must be enforced, "lest a plaintiff with 'a largely groundless claim' be allowed to 'take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value.'" *See Twombly*, 550 U.S. at 558. Infinity's strategy of dragging numerous defendants into litigation on the basis of indefinite and speculative "on information and belief" accusations is precisely the scenario *Twombly* seeks to avoid. Furthermore, Infinity's allegations lack factual support, and as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," they fail to meet the minimum pleading threshold set by the Supreme Court and should be dismissed. *See Iqbal*, 129 S.Ct. at 1949.

### 3.     Infinity's direct infringement allegations remain deficient even when compared to Form 18.

Finally, any attempt by Infinity to justify its infirm direct infringement pleading by pointing to Fed. R. Civ. P. Form 18, will not suffice.  Because the claims of the Patents-in-Suit are all method claims, merely identifying a machine does not allege *any* facts that can support a "plausible claim" that Defendants connect or couple those facsimile machines to a computer, let alone infringe the Patents-in-Suit.   Form 18 requires "a plaintiff to specifically identify any accused products, services, *methods, or other infringing acts*."  *Realtime Data*, 2010 U.S. Dist. LEXIS 58049, at *11 (emphasis added).  Infinity fails to do even that.

### B.     Infinity Failed to Plead Factual Support for All Elements of a Claim for Indirect Infringement.

Paragraphs 50 and 51, which are referenced above and repeated against each Defendant, combined with Infinity's allegations against certain Defendants regarding knowledge of the Patents-in-Suit, appear to constitute Infinity's allegations aimed at indirect infringement.  Prior

knowledge of the Patents-in-Suit and a specific intent to encourage another's direct infringement are essential elements of a claim for indirect infringement.  (*See* pgs. 6-7, *supra*).  But with respect to Defendants Dell, Epson, Kodak, and Oki Data, Infinity only asserts the legal conclusion that "Defendant [] knowingly induced infringement and possessed specific intent to encourage another's infringement" and that the Defendants "kn[ew] the facsimile machine to be especially made for use in the infringement of the [] patent."

With respect to the four above-named Defendants, these legal conclusions and summary factual allegations do not provide any factual basis for the Court to plausibly infer that each of these Defendants actually had knowledge of the Patents-in-Suit.  *Mallinckrodt*, 2009 U.S. Dist. LEXIS 108696 at *10-11 (finding that a plaintiff's complaint must sufficiently plead that "the alleged infringer knew or should have known [its] actions would induce actual infringement," which "necessarily includes the requirement that [the alleged infringer] knew of the patent" at the time it was committing the allegedly infringing activities).  *See also, Iqbal*, 129 S. Ct. at 1952 (holding that the Rule 8 standard is not met when the complaint "does not contain any factual allegation sufficient to plausibly suggest [the required] state of mind"); *Bender v. Motorola, Inc.*, No. C 09-1245 SBA, 2010 U.S. Dist. LEXIS 26076 at *9-10 (N.D. Cal. Feb. 26, 2010) (dismissing induced infringement claims for failing to plead specific intent and direct infringement); *In re Bill of Lading*, 695 F. Supp. 2d 680, 689 (S.D. Ohio 2010) (dismissing induced infringement claims for failing to allege the "requisite level of specific intent" and dismissing contributory infringement claims for failing to adequately plead defendant's knowledge that product was especially designed for infringing use).

In addition to the allegations in Paragraphs 50 and 51 referenced above, Infinity asserts the following against all Defendants except Dell, Epson, Kodak, and Oki Data:

> 40.    For a period of time prior to filing suit, Plaintiff Infinity engaged in correspondence with Defendant [] during which Infinity's patents were disclosed to Defendant [].
>
> 41.    Prior to this lawsuit, Defendant [] had knowledge of Infinity's patents.

*See, e.g.,* Dkt. No. 151 ¶¶ 40-41.   However, there are no factual allegations against any Defendant that make it plausible to infer that each of the Defendants possessed specific intent to encourage another's direct infringement -- a necessary element of induced infringement -- or that the accused product was not suitable for substantial non-infringing use[4] – a necessary element of contributory infringement.  *See Bender,* 2010 U.S. Dist. LEXIS 26076, at *9-10; *In re Bill of Lading*, 695 F. Supp. 2d at 689; *Tech. Licensing Corp. v. Technicolor USA, Inc.*, No. Civ. 2:03-1329 WBS EFB, 2010 U.S. Dist. LEXIS 113292, at *10 (E.D. Cal. Oct. 18, 2010) (dismissing indirect infringement claims for failure to allege each of the required elements, including specific intent to encourage infringement, and lack of substantial non-infringing uses).

Moreover, with respect to the necessary acts of direct infringement by third parties, Infinity did not allege any facts as to the identity of the third-party direct infringers for *any* Defendant.   District courts have held that a pleading of induced or contributory infringement is insufficient if it fails to identify the third parties that are alleged to directly infringe.  *See, e.g., Joao Bock Transaction Sys. of Tex. v. AT&T, Inc.*, No. 6:09-cv-00208, slip op. at 5–6 (E.D. Tex. Mar. 29, 2010) (dismissing indirect infringement claims that failed to identify direct infringers); *Adv. Analogic Techs., Inc. v. Kinetic Techs., Inc.*, No. C-09-1360, 2009 U.S. Dist. LEXIS 57953, at *4 (N.D. Cal. July 8, 2009) (dismissing "claims of inducement and contributory infringement on the ground that [Plaintiff] has failed to allege direct infringement by a third party"); *Ondeo*

---

[4] Indeed, because many, if not all, of the accused facsimile machines can be used without being connected to a computer, Infinity would have no basis to assert that these products have no substantial non-infringing uses.

*Nalco Co. v. Eka Chems., Inc.*, No. 01-537-SLR, 2002 U.S. Dist LEXIS 26195, at *5 (D. Del. Aug. 10, 2002) (finding induced infringement insufficiently pled where complaint failed to allege direct infringement by a third party).  Infinity did not allege facts sufficient to constitute direct infringement by any party and there can be no inducement of infringement without direct infringement by some party.  *Epcon Gas Sys., Inc. v. Bauer Compressors, Inc.*, 279 F.3d 1022, 1033 (Fed. Cir. 2002).

Because of Infinity's insufficient pleading, Defendants are forced to speculate as to who it is that Infinity contends is the alleged third-party direct infringer (or infringers) for the indirect infringement claims, as well as how Infinity contends the Defendants possess the requisite mental states for indirect infringement, thereby prejudicing Defendants in their ability to respond to the Amended Complaint.  Accordingly, in addition to improperly relying upon "on information and belief" allegations, Infinity's Amended Complaint is also missing factual allegations regarding multiple crucial elements of indirect infringement and, consequently, Infinity's corresponding indirect infringement claims should be dismissed.  *See Clear with Computers, LLC v. Bergdorf Goodman, Inc.*, Case No. 6:09-CV-481, Dkt. No. 77, at 7 (E.D. Tex. March 29, 2010) ("Taken as a whole, CWC's indirect infringement allegations—which fail to identify which claims are indirectly infringed, fail to identify which methods or systems indirectly infringe, and fail to identify a direct infringer in reference to its indirect infringement claims—does not state a claim for indirect infringement that is plausible on its face.").

## IV.   CONCLUSION

For the foregoing reasons, the Defendants request that the Court dismiss Infinity's Amended Complaint against the Defendants under Rule 12(b)(6) for failure to state a claim.  A proposed order is attached.

Respectfully submitted, this 15th day of November, 2010.

/s/ L. Evan Van Gorder
Joseph A. Powers (Pa. I.D. No. 84590)
L. Evan Van Gorder (Pa. I.D. No. 307403)
**DUANE MORRIS LLP**
30 South 17th Street
Philadelphia, PA  19103-4196
Telephone: 215.979.1000

Matthew S. Yungwirth (admitted *pro hac vice*)
Leah J. Poynter (admitted *pro hac vice*)
**DUANE MORRIS LLP**
Atlantic Center Plaza, Suite 700
1180 West Peachtree Street NW
Atlanta, GA 30309-3448
Telephone: 404.253.6900
Facsimile: 404.253.6901
*Attorneys for Dell Inc.*

/s/ Mark A. Aronchick
Mark A. Aronchick
Michael Viano, Jr.
**HANGLEY ARONCHICK SEGAL & PUDLIN**
One Logan Square, 27th Floor
Philadelphia, PA 19103
(215) 568-6200
*Attorneys for Defendant Brother International Corp.*

/s/ Alexander Kerr
Alexander Kerr, Esq. (Pa. I.D. No. 00634)
E-mail:  akerr@mccarter.com
**MCCARTER & ENGLISH, LLP**
BNY Mellon Center
1735 Market Street, Suite 700
Philadelphia, PA 19103-7501
Telephone: (215) 979-3868
Facsimile: (215) 979-3899

Nicholas M. Cannella, Esq. (admitted *pro hac vice*)
E-mail:  ncannella@fchs.com
**FITZPATRICK, CELLA, HARPER SCINTO**
1290 Avenue of the Americas
New York, NY 10104
Telephone: (212) 218-2100

Facsimile: (212) 218-2200

Brian L. Klock, Esq. (admitted *pro hac vice*)
E-mail: bklock@fchs.com
**FITZPATRICK, CELLA, HARPER & SCINTO**
975 F Street, NW
Washington, DC 20004
Telephone: (202) 721-5427
Facsimile: (202) 530-1010
*Attorneys for Canon U.S.A., Inc.*

/s/ Michael N. Onufrak
Michael N. Onufrak (Pa. I.D. No. 43064)
Justin E. Proper (Pa. I.D. No. 202701)
**WHITE AND WILLIAMS**
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103
Telephone: 215-864-7000
Facsimile: 215-864-7123

Jeffrey D. Sanok (admitted *pro hac vice*)
Brian M. Koide (admitted *pro hac vice*)
Ronald L. Sigworth (admitted *pro hac vice*)
**CROWELL & MORING**
1001 Pennsylvania Avenue, NW
Washington, DC 20004-2595
Telephone:  202-624-2500
Facsimile: 202-628-5116
*Attorneys for Defendant Eastman Kodak Co.*

/s/ Charles J. Bloom
Charles J. Bloom
**STEVENS & LEE, P.C.**
620 Freedom Business Center, Suite 200
King of Prussia, PA 19406
Telephone:  (610) 205-6001
Facsimile:  (610) 371-7964
cjb@stevenslee.com

A James Isbester
Jordan T. Jones
**TOWNSEND AND TOWNSEND AND CREW,
LLP**
Two Embarcadero, 8th Floor
San Francisco, CA 94111
Telephone: (415) 576-0200

15

Facsimile: (415) 576-0300
jisbester@townsend.com
jtjones@townsend.com
*Attorneys for Defendant Epson America Inc.*

/s/ Kell M. Damsgaard
Kell M. Damsgaard (Pa. I.D. No. 20111)
E-mail: kdamsgaard@morganlewis.com
John V. Gorman (Pa. I.D. No. 80631)
E-mail: jgorman@morganlewis.com
Diana P. Cortes (Pa. I.D. No. 204274)
E-mail: dcortes@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-5000
Facsimile: (215) 963-5001

Nathan W. McCutcheon
E-mail: nmccutcheon@morganlewis.com
Mark W. Taylor (admitted *pro hac vice*)
E-mail: mark.taylor@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Ave., N.W.
Washington, DC 20004
Telephone: (202) 739-3000
Facsimile: (202) 739-3001
*Attorneys for Defendant Hewlett-Packard Company*

/s/ Alex R. Sluzas
Alex R. Sluzas (Pa. I.D. No. 39931)
Antranig Baronian (Pa. I.D. No. 200068)
**PAUL AND PAUL**
Two Thousand Market Street
Suite 2900
Philadelphia, PA 19103
Telephone: 215-568-4900
Facsimile: 215-567-5057

Steven J. Routh (admitted *pro hac vice*)
Sten A. Jensen (admitted *pro hac vice*)
T. Vann Pearce, Jr. (admitted *pro hac vice*)
**ORRICK, HERRINGTON & SUTCLIFFE**
1152 15th Street, N.W.
Washington, DC 20005
Telephone:  202-339-8400

16

Facsimile: 202-339-8500
*Attorneys for Defendant Konica Minolta Business Solutions, U.S.A., Inc.*

/s/ Paul J. Kennedy
Timothy C. Meece (admitted *pro hac vice*)
tmeece@bannerwitcoff.com
Bradley C. Wright (admitted *pro hac vice*)
bwright@bannerwitcoff.com
V. Bryan Medlock Jr. (admitted *pro hac vice*)
bmedlock@bannerwitcoff.com
Louis DiSanto (admitted *pro hac vice*)
ldisanto@bannerwitcoff.com
**BANNER & WITCOFF, LTD.**
10 S. Wacker Drive, Ltd.
Chicago, Illinois 60606
Telephone: (312) 463-5000
Facsimile: (312) 463-5001

Paul J. Kennedy
Pa. I.D. No. 39291
kennedyp@pepperlaw.com
**PEPPER HAMILTON LLP**
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103
Telephone: (215) 981-4194
Facsimile: (215) 981-4750
*Attorneys for Defendant Lexmark*

/s/ Curtis J. Crowther
Curtis J. Crowther (PA ID No. 73122)
ccrowther@ycst.com
John W. Shaw (*admission pending*)
jshaw@ycst.com
Michele Sherretta Budicak (*admission pending*)
mbudicak@ycst.com
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
1000  West Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

OF COUNSEL:

17

Marc R. Labgold (*pro hac vice admission pending*)
drlabgold@aol.com
**NAGASHIMA & HASHIMOTO**
Hirakawa-cho KS Bldg. 2nd Floor
2-4-14 Hirakawa-cho, Chiyoda-ku Tokyo
102-0093 Japan
Telephone: 81-3-3239-5750
Facsimile: 81-3-3239-8538
*Attorneys for Defendant Oki Data Americas, Inc.*


/s/ Philip D. Priore
Philip D. Priore (Pa. ID No. 38987)
PPriore@mccormickpriore.com
Meredith A. Mack (Pa. ID No. 208284)
mmack@mccormickpriore.com
**McCORMICK & PRIORE, PC**
Four Penn Center, Suite 800
1600 John F. Kennedy Boulevard
Philadelphia, PA 19103
Telephone: (215) 972-0161
Facsimile: (215) 972-5580


Neil F. Greenblum (admitted *pro hac vice*)
ngreenblum@gbpatent.com
Michael J. Fink (admitted *pro hac vice*)
mfink@gbpatent.com
P. Branko Pejic (admitted *pro hac vice*)
bpejic@gbpatent.com
Nathan J. Bailey (admitted *pro hac vice*)
nbailey@gbpatent.com
**GREENBLUM & BERNSTEIN, P.L.C.**
1950 Roland Clarke Place
Reston, VA 20191
Telephone: (703) 716-1191
Facsimile: (703) 716-1180
*Attorneys for Defendant Panasonic Corp. of
North America.*

18

/s/ Philip G. Kircher
Philip G. Kircher (Pa. ID No. 24625)
pkircher@cozen.com
Chad E. Kurtz (Pa. ID No. 208183)
ckurtz@cozen.com
**COZEN O'CONNOR**
1900 Market Street
Philadelphia, PA  19103
Telephone: 215-665-7233
Facsimile: 215-701-2033

OF COUNSEL:

Eric R. Hubbard
eric.hubbard@ropesgray.com
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, NY 10036
Telephone: 212-596-9000
Facsimile: 212-596-9090

Hiroyuki Hagiwara
hiroyuki.hagiwara@ropesgray.com
**ROPES & GRAY LLP**
Yusen Building 2F 3-2 Marunouchi 2-Chome
Chiyoda-ku, Tokyo, 100-0005
Japan
Telephone: +81 3 6259 3516
Facsimile: +81 3 6259 3517
*Attorneys for Ricoh Americas Corp.*

/s/ Xin-Yi Zhou
Gary A. Rosen
**LAW OFFICES OF GARY A. ROSEN, P.C.**
1831 Chestnut Street, Seventh Floor
Philadelphia, PA 19103
Telephone: 215-972-0600
Facsimile: 215-972-6006
grosen@logarpc.com

Mark Samuels, Esq.  (Admitted Pro Hac Vice)
Ryan Yagura, Esq.  (Admitted Pro Hac Vice)
Xin-Yi Zhou, Esq.  (Admitted Pro Hac Vice)
**O'MELVENY & MYERS LLP**
400 South Hope Street
Los Angeles, CA 90071
Telephone: 213-430-6000
Facsimile: 213-430-6407
msamuels@omm.com
ryagura@omm.com
vzhou@omm.com
*ATTORNEYS FOR SAMSUNG ELECTRONICS
AMERICA, INC.*

/s/ Benjamin E. Leace
Benjamin E. Leace (Pa. I.D. No. 54281)
**RATNER PRESTIA**
1235 Westlakes Drive,  Suite 301
Berwyn, PA  19312
Telephone:  610-407-0700
Facsimile:  610-407-0701
beleace@ratnerprestia.com

Blaney Harper (admitted *pro hac vice*)
**JONES DAY**
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
Telephone:  202-879-3939
Facsimile:  202-676-1700
bharper@jonesday.com

Marc S. Blackman (admitted *pro hac vice*)
**JONES DAY**
77 W. Wacker Drive
Chicago, IL  60657-1692
Telephone:  312-782-3939
Facsimile:  312-782-8585

msblackman@jonesday.com
*Attorneys for Sharp Electronics Corporation*

/s/Paul T. Meiklejohn
Paul T. Meiklejohn
WA Bar No. 17477
meiklejohn.paul@dorsey.com
**DORSEY & WHITNEY LLP**
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
Telephone: 206-903-8746
Facsimile: 206-903-8820

Douglas F. Stewart,
WA Bar No. 34068
stewart.douglas@dorsey.com
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
Telephone: 206-903-2381
Facsimile: 206-299-3838

**CONRAD O'BRIEN PC**
Nancy J. Gellman
PA Bar No. 12472
ngellman@conradobrien.com
1515 Market Street
Sixteenth Floor
Philadelphia, PA  19102-1921
Telephone:  215-864-8065
*ATTORNEYS FOR TOSHIBA AMERICA*
*BUSINESS SOLUTIONS, INC.*

/s/ Dennis C. Lee
Robert S. Silver
rssilver@crbcp.com
**CAESAR RIVISE BERNSTEIN COHEN &**
**POKOTILOW, LTD**
7 Penn Center
12th Floor
1635 Market Street
Philadelphia, PA 19103-2212
Tel: 215-567-2010

Robert B. Breisblatt (admitted pro hac vice)
robert.breisblatt@kattenlaw.com
Craig M. Kuchii (admitted pro hac vice)

21

craig.kuchii@kattenlaw.com
Dennis C. Lee (admitted pro hac vice)
dennis.lee@kattenlaw.com
**KATTEN MUCHIN ROSENMAN LLP**
525 W Monroe St
Chicago, IL 60661
Tel: 312-902-5200
Fax: 312-902-1061
*Attorneys for Xerox Corporation*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| INFINITY COMPUTER PRODUCTS, INC, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CIVIL ACTION NO. |
| | : 10-CV-03175 |
| BROTHER INTERNATIONAL CORPORATION, ET AL., | : |
| | : |
| Defendants. | : |

## CERTIFICATE OF SERVICE

I, L. Evan Van Gorder, hereby certify that the foregoing Motion to Dismiss for Failure to State a Claim was on this date filed pursuant to the Court's CM/ECF system, and that the document is available for downloading and viewing from the CM/ECF System, to all interested counsel.  Notice of this filing will be sent to all registered counsel of record by operation of the CM/ECF system.

**DUANE MORRIS LLP**

Dated: November 15, 2010

  /s/ L. Evan Van Gorder
L. Evan Van Gorder
30 South 17th Street
Philadelphia, PA 19103
215.979.7343
215.827.5479 (fax)