**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| INFINITY COMPUTER PRODUCTS, INC., | \| |
| | \| |
| Plaintiff, | \|    Civil Action No.: |
| | \| |
| | \|    2:10-cv-03175 LDD |
| | \| |
| v. | \| |
| | \| |
| BROTHER INTERNATIONAL CORPORATION, ET AL., | \| |
| | \| |
| Defendants. | \| |

**PLAINTIFF INFINITY COMPUTER PRODUCTS, INC.'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM**

I.      **INTRODUCTION AND SUMMARY OF ARGUMENT**

On September 7, 2010, Defendants Brother International Corporation ("Brother"), Canon USA, Inc. ("Canon"), Dell, Inc. ("Dell")*,* Eastman Kodak Company ("Kodak"), Epson America, Inc. ("Epson"), Hewlett-Packard Company ("HP"), Konica Minolta Business Solutions, U.S.A., Inc. ("Konica"), Lexmark International, Inc. ("Lexmark"), Oki Data Americas, Inc. ("Oki Data"), Panasonic Corporation of North America ("Panasonic"), Ricoh Americas Corporation ("Ricoh"), Samsung Electronics America, Inc. ("Samsung"), Sharp Electronics Corporation ("Sharp"), Toshiba America Business Solutions, Inc. ("Toshiba"), and Xerox Corporation ("Xerox") (collectively, referred to as "Defendants") filed a Motion (Dkt. No. 130, and also referred to herein as "First Motion to Dismiss") seeking to dismiss Plaintiff Infinity Computer Products, Inc.'s (hereinafter, "Plaintiff" or "Infinity") Complaint as filed on June 30, 2010 (Dkt.

No. 1).  After filing a response to Defendants' First Motion to Dismiss and in an effort to avoid any further delay in this case, Infinity amended its complaint (Dkt. No. 158 and also referred to as "Amended Complaint") to include:  (1) an exemplary product alleged by Infinity to infringe its Patents-in-Suit; (2) the removal of allegations of willful infringement and enhanced damages against Epson, Dell, Kodak and Oki Data; and (3) additional facts supporting certain Defendants' knowledge of the Patents-in-Suit.[1]  The other changes sought by the Defendants in its First Motion to Dismiss were not necessary for the reasons set forth in Infinity's Response to the First Motion to Dismiss (Dkt. No. 146), and therefore, Infinity did not include such changes in its Amended Complaint.[2]  Unlike Defendants' accusations, the contents of the Amended Complaint were not an act of defiance but were simply a way to provide additional information to satisfy their concerns and hopefully keep the case moving forward.  This, of course, was not met with the same cooperation by the Defendants.

Despite Infinity's efforts, on November 15, 2010, Defendants filed yet another motion to dismiss (Dkt. No. 159 and also referred to herein as "Second Motion to Dismiss"), which is remarkably similar to the First Motion to Dismiss.  In the Second Motion to Dismiss, the Defendants renewed their argument that Infinity's Amended Complaint should be dismissed because it allegedly does not: (1) show how the accused products could directly infringe the

---

[1]    On September 7, 2010 and as corrected on September 9, 2010, Defendant Epson filed a separate motion, in addition to joining the Defendants' Motion (Dkt. No. 130), seeking to dismiss Infinity's Complaint on the grounds that Infinity did not provide enough facts to support its willfulness claim.  *See* Dkt. Nos. 133 and 136, respectively.  In response and preserving all rights to reallege its claims in the future, Infinity agreed to amend its complaint to "remove any allegation of willful infringement and enhanced damages at this time against only Defendant Epson."  *See* Dkt. No. 147 at 2.  Infinity explained that such response was offered "in the interest of preventing any further delay."  *Id.*

[2]    By amending its Complaint, Infinity was in no way conceding that the Complaint was deficient as alleged in Defendants' First Motion to Dismiss, but this amendment was instead an act of cooperation to try to resolve these issues in a timely manner.

patents-in-suit because the claims are method claims and require connection to a computer; and (2) allege facts to support its indirect infringement claims. *See* Defendants' Mem., Dkt. No. 159 at p.2.   Additionally, in the Second Motion to Dismiss, Defendants' removed their earlier argument that Infinity failed to identify "a single accused product" in light of the Amended Complaint that does include this information, but now seemingly unsatisfied with "an example of one accused product," Defendants modified their initial argument to say that this newly revised "allegation does not sufficiently describe how any of the products accused of practicing the 'patented invention' actually practice the claimed steps of the Patents-in-Suit."   Defendants' Mem., Dkt. No. 159 at p.8.   When read in light of the entire allegation, however, Infinity's Amended Complaint does sufficiently describe the type of accused product for each Defendant and included an exemplary accused product by product number for each Defendant – this level of detail, some of which was provided in response to Defendants' arguments, more than satisfies Infinity's initial pleading obligations. *See e.g.,* Amended Complaint, Dkt. No. 158 at ¶ 39.   The Defendants simply cannot argue that Infinity failed to identify "a single accused product," and then when such information is provided, now decide that it is not enough.

Besides being an apparent delay tactic by the Defendants, the First and Second Motions to Dismiss fail to point to compelling legal authority favoring dismissal.   Furthermore, the Defendants are attempting to place a much larger burden on Infinity than the pleading requirements set forth in the Federal Rules of Civil Procedure, specifically Rules 8, 12, 84 and especially, Form 18, which provides the proper format for complaints alleging claims of direct patent infringement.   Finally, even if this Court agreed with Defendants that Infinity's Amended Complaint needs additional clarification of the relief sought – which Infinity believes is not

warranted – Infinity should be afforded leave of court to amend its pleading in accordance to this Court's ruling.

The Federal Rules of Civil Procedure, including Form 18, expressly identify what is required of a plaintiff when bringing an action for patent infringement.  In an effort to file a proper complaint, Infinity followed the guidelines set forth in the Federal Rules and submitted a complaint that includes all elements exemplified by Form 18.  Moreover, even in light of recent case law development, Form 18 continues to govern the necessary requirements of pleading direct patent infringement. Thus, Infinity's Amended Complaint follows the proper guidelines under the Federal Rules.

For this reason, and for all of the reasons set forth herein, Defendants' Second Motion to Dismiss should be denied.   Or, in the alternative, if the Court finds Infinity's Amended Complaint to require supplementation to survive the Defendants' Motion, then Infinity requests that the Court grant Infinity a leave of court to further amend its Complaint.

## II.   LEGAL ARGUMENT AND CITATION OF AUTHORITY

### A.   DEFENDANTS' MOTION SEEKS TO IMPROPERLY IMPOSE ADDITIONAL PLEADING REQUIREMENTS ON INFINITY THAN CONTEMPLATED BY THE FEDERAL RULES AND RECENT CASE LAW.

Motions to dismiss are purely procedural questions to which the Federal Circuit applies the law of the appropriate regional circuit.  *CoreBrace LLC v. Star Seismic LLC*, 566 F.3d 1069, 1072 (Fed. Cir. 2009).  When evaluating the sufficiency of a complaint, "[t]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007) (internal quotations omitted).

In pertinent part, Rule 8(a) only requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "While the complaint need not make detailed factual allegations, the pleader needs only to state the grounds of entitlement to relief with more than labels and conclusions." *See Mallinckrodt Inc. et al. v. E-Z-Em Inc. et al.*, 671 F.Supp.2d 563, 568 (D. Del. 2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Thus, "stating a claim upon which relief can be granted 'requires a complaint with enough factual matter (taken as true) to suggest the required element' of a cause of action." *Id.* (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d. Cir. 2008) (internal citations omitted). The Third Circuit has found that the complaint must state "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Wilkerson v. New Media Tech. Charter School Inc.*, 522 F.3d 315, 321 (3d. Cir. 2008) (quoting *Twombly,* 550 U.S. at 556)). Therefore, "if a complaint 'pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,' (*Mallinckrodt Inc.*, 671 F.Supp.2d at 568 (quoting *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009)), then the complaint is 'plausible on its face,' and will survive a motion to dismiss under Rule 12(b)(6).'" *Id.*

Under the *Twombly* pleading test, to survive a motion to dismiss, a complaint must contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555. Litigants are not required to plead specific facts except in limited circumstances. *See id.* at 570. Rather, the plaintiff need not "set out in detail the facts upon which he bases his claim." *Twombly*, 550 U.S. at 556, n. 3 (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, the

plaintiff must only provide enough facts "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *See id.* at 555-556.

Accordingly, the dismissal standard under Rule 12(b)(6) is a heavy one, and is not to be taken lightly. *See Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 793 (Fed. Cir. 2000). The Court presumes the truth of allegations in the complaint, and liberally construes its terms in favor of the plaintiff. *Id.* (citing *Municipal Utils. Bd. v. Alabama Power Co.*, 934 F.2d 1493, 1500 (11th Cir. 1991)); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004). "The inquiry is not whether [claimants] will ultimately prevail on the merits, but whether they should be afforded an opportunity to offer evidence in support of their claims." *In re Rockefeller Ctr. Props., Inc.*, 311 F.3d 198, 215 (3d. Cir. 2002).

Rule 12(b)(6) does not require inclusion of each element of the asserted patent's claims. *McZeal*, 501 F.3d at 1357 (citing *Phonometrics, Inc.*, 203 F.3d at 794). Such a requirement "would contravene the notice pleading standard, and would add needless steps to the already complex process of patent litigation." *Phonometrics, Inc.*, 203 F.3d at 794. A plaintiff need only plead facts sufficient to place the alleged infringer on notice. *McZeal*, 501 F.3d at 1357 (citing *Twombly*, 550 U.S. at 565, n. 10). This notice requirement ensures that an accused infringer has sufficient knowledge of the facts alleged to enable it to answer the complaint and defend itself. *Id.*

It should be noted, however, that "[t]he Federal Circuit has not directly addressed the requisite level of factual detail to maintain a claim for patent infringement." *Bender v. Motorola, Inc.*, 2010 WL 726739 at *2 (N.D. Cal. February 26, 2010). Accordingly, a complaint for patent infringement must contain allegations identifying: (a) the patents that have been infringed; (b) ownership; (c) the party that has infringed the patent; (d) how the infringement occurred; and (e)

- 5 -

what theory of patent law the claim arises under.  *Phonometrics, Inc.*, 203 F.3d at 794.  Lack of other details is inappropriate grounds for Rule 12(b)(6) dismissal, as those details are to be determined through discovery.  *See McZeal*, 501 F.3d at 1357-1358.

## 1.    Infinity's Factual Support for Its Claim of Direct Infringement of a Method Claim Is Sufficient.

"Direct infringement requires a party to perform each and every step or element of a claimed method or product."  *BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1378 (Fed. Cir. 2007).  The patent owner has the burden of proving infringement and must meet its burden by a preponderance of the evidence.  *SmithKline Diagnostics, Inc. v. Helena Lab. Corp.*, 859 F.2d 878, 889 (Fed. Cir. 1988) (citations omitted).  This proof, however, is not required at the initial pleading stage – a fact somehow ignored by Defendants whose Second Motion to Dismiss seeks information analogous to a party's infringement contentions exchanged during claim construction.  Defendants argue that Infinity's direct infringement claim "is bereft of *any* facts" to show that Defendants "connect or couple those facsimile machines to a computer."  *See* Defendants' Mem,. Dkt. No. 159  at p.9.  It seems rather unbelievable that Defendants would argue that its "facsimile machine[s] with an interface circuit" having printer and scanner capabilities would never be coupled to a computer – otherwise, Defendants products would not fully function.

Regardless, even assuming that additional evidence of such must be offered in the complaint, there is very recent case law rejecting this notion.  It was recently presented to the U.S. District Court for the Northern District of Illinois that "a defendants' contention that because their subscribers own the wireless devices at issue, the conduct of multiple parties is required" – thus, there is no direct infringement of a method claim.  *See Intellect Wireless, Inc. v. T-Mobile USA, Inc. et al.,* Civil Action No. 08-cv-1215, p. 16 (N.D. Ill. August 13, 2010).  The

Court held that:  "The performance of certain steps of the method claims by software on wireless devices that defendants provide to their subscribers does not prevent the claims from being satisfied by the defendants' conduct."  *Id.*

Moreover, Infinity's Complaint complies with the contents instructed by Form 18, which provides an exemplary claim of direct infringement as follows:

> The defendant has infringed and is still infringing the Letters Patent by making, selling, and using electric motors that embody the patented invention, and the defendant will continue to do so unless enjoined by this court.

*See* Fed. R. Civ. P. Form 18.

Infinity's Amended Complaint asserts the claims of direct infringement following the guidelines of Form 18, as noted in bold italics:

> On information and belief, and in violation of 35 U.S.C. ¶ 271(a), ***Defendant [ ] has***, literally and under the doctrine of equivalents, ***infringed the '811 Patent and still is***, literally and under the doctrine of equivalents*, **infringing the '811 Patent, by***, among other things, making*, **using, offering for sale, and/or selling a facsimile machine** with an interface circuit that allows it to be coupled to a computer as a printer or scanner without authority, including but not limited to its [ ] products and similar products, and ***will continue to do so unless such infringing activities are enjoined by this Court***.

*See e.g.*, Amended Complaint, Dkt. No. 158 at ¶ 39.

As shown above, Infinity has complied with Form 18, and in fact, has provided additional information about its claim of direct infringement for each of the Patents-in-Suit as asserted against each Defendant.   Therefore, for at least these reasons, it would be inappropriate to dismiss Infinity's claims of direct infringement.  See *McZeal*, 501 F.3d at 1358 ("[T]he specifics of how [defendant's] purportedly infringing device works is something to be determined through discovery");  *Symbol Technologies, Inc. v. Hand Held Products, Inc.*, No. 03-102, 2003 WL

22750145, at *2-3 (D. Del. Nov. 14, 2004) (even though the complaint failed to identify the infringing products and the manner of infringement, court refuses to dismiss direct infringement claims, explaining that "traditional mechanisms of discovery are the proper tools to refine the scope of this litigation").

**2.    Defendants' Argument That Infinity's "Allegations Remain Deficient Even When Compared To Form 18" is Misleading and Lacks Merit.**

In its Second Motion to Dismiss, Defendants again attempt to expand Infinity's pleading obligations and use any alleged shortcomings in the Amended Complaint as a basis for seeking dismissal of this case. This strategy, however, is improper.

Defendants argue that Infinity's Amended Complaint fails to comply with Form 18. *See* Defendants' Mem., Dkt. No. 159 at p.10. This is simply incorrect. Apparently grasping for arguments, the Defendants, instead, gloss over the contents set forth in Form 18 – guidance diligently followed by Infinity when crafting its Complaint and Amended Complaint. Form 18 accuses "electric motors" of infringement. *See* Fed. R. Civ. P. Form 18. It does not provide a description of the type of electric motor or a model number for the electric motor(s). Conversely, in its Amended Complaint, Infinity actually provides more information than a mere "facsimile machine" – all that is required by Form 18 – and rather describes the "facsimile machine" as one "with an interface circuit that allows it to be coupled to a computer as a printer or scanner," and goes on to provide an exemplary accused product *by model number* for each Defendant. *See, e.g.,* Amended Complaint, Dkt. No. 158 at ¶39. This level of detail is more than sufficient for the initial pleading stage. *See FotoMedia Techs., LLC v. AOL, LLC*, 2008 U.S. Dist. LEXIS 109403, at *6-7 (E.D.Tex. Aug. 29, 2008) (holding that general allegations similar to those used in the approved forms can also be used to support a claim for inducing infringement); *see also Traffic Information*, 2010 WL 2545500 at *2 (finding a complaint

- 8 -

sufficient where the title of the patent was stated and accused products were described as "traffic information systems and products and services.").

In the First Motion to Dismiss, Defendants set forth an argument that Infinity's identification of the accused products is "nothing more than a 'generically-described product line' that does '*not* meet the pleading requirements of Form 18' because it is 'far too conclusory to pass muster under Rule 8, *Twombly*, or *Iqbal*.'"  *See* Defendants' Memo., Dkt. No. 130 at pp. 11-12 (quoting *Bender v. Motorola*, 2010 U.S. Dist. LEXIS 26076 at *8-9).  But, this argument was absent from the Second Motion to Dismiss, which seemed to regurgitate the majority of the Defendants' initial arguments.  Perhaps, this is because other courts, including the *Twombly* court, have found that Form 18 remains intact, even in light of recent case law further defining the pleading requirements:

> Defendants' argument – that the generic pleading of patent case is no longer sufficient under *Iqbal* – would render Rule 84 and Form 18 invalid.  This cannot be the case …. [D]espite *Twombly* and *Iqbal*, Form 18 remains adequate under Rule 84 to state a claim for direct patent infringement.

*Clear With Computers, LLC v. Bergdorf Goodman, Inc. et al.*, 2010 WL 3155888, *3 (E.D. Tex. March 29, 2010) (rejecting an argument than Form 18 is inadequate under *Twombly* and *Iqbal*) (citing *Twombly*, 550 U.S. at 569, n. 14 and *Elan Microelectronics Corp. v. Apple, Inc.*, 2009 WL 2972374 (N.D. Cal. September 24, 2009) (Under Rule 84, "a court must accept as sufficient any pleading made in conformance with the forms."  *Id.* at *2.)).  In addition, the case of *Bender v. LG Electronics, U.S.A., Inc.*, 2010 WL 889541 (N.D. Cal. March 11, 2010) - a case cited by Defendants in the First Motion to Dismiss - acknowledges the effectiveness of Form 18 was not altered by *Twombly* and *Iqbal*:

> Form 18 is an example of a complaint for patent infringement with allegations addressing jurisdiction, patent issuance and ownership,

> infringement, and notice to the infringer of the infringement …
> Bender argues that *Twombly* and *Iqbal* were not intended 'to
> abrogate and invalidate the official forms,' including Form 18, and
> cites Federal Circuit authority from 2001 reaffirming the validity
> of Form 18.

*Bender*, 2010 WL 889541 at *3 (citing *McZeal*, 501 F.3d at 1357).

Defendants also state that "Form 18 requires 'a plaintiff to specifically identify any accused products, services, methods*, or* other infringing acts.'" Defendants' Mem., Dkt. No. 159 at p.10 (internal citations omitted) (emphasis added).  Infinity's Amended Complaint does just that – it specifically identifies an "accused product" for each Defendant.  So, Defendants' argument is not persuasive.  In fact, they also fail to recognize that the quoted language in their Second Motion to Dismiss specifically says "*or*," which indicates that Form 18 requires at least one of those identifications to be made, and not that Infinity must provide all of this information to be in conformance with Form 18.  This is simply a stall tactic and an attempt by Defendants to place a higher burden on Infinity than is required by the Rules.

Even in light of the Defendants' new angle for alleging that the Amended Complaint somehow does not conform to Form 18's requirements, their argument fails.  Infinity's Amended Complaint complies with Form 18 by providing sufficient factual information about the accused products and also names by model number an exemplary accused product for each Defendant – an addition that the Defendants argued in the First Motion to Dismiss was lacking in the Complaint and this information has now been provided.  Regardless, even if the Court finds additional information is needed, it should be noted that finding the Amended Complaint does not contain such information is not grounds for dismissal.  *See McZeal*, 501 F.3d at 1357-1358.

3.    **Infinity Provided Sufficient Factual Support for Its Claim of Indirect Infringement.**

"Liability for inducing infringement requires that the alleged infringer's actions induced infringing acts and that he knew or should have known his actions would induce actual infringements."  *See Mallinckrodt Inc.,* 671 F.Supp.2d at 568-569 (citing *DSU Med. Corp. v. JMS Co., Ltd.,* 471 F.3d 1293, 1304 (Fed. Cir. 2006) (internal citations omitted).   "The requirement that the alleged infringer knew or should have known his actions would induce actual infringement necessarily includes the requirement that he or she knew of the patent."  *Id.* On the other hand, "[l]iability for contributory infringement requires 'a showing that the alleged contributory infringer knew that the combination for which his component was especially designed was both patented and infringing."  *See Mallinckrodt Inc.,* 671 F.Supp.2d at 569 (citing *Aro Mfg. Co. v. Convertible Top Replacement Co.,* 377 U.S. 476, 488, 84 S.Ct. 1526, 12 L.Ed.2d 457 (1964)).

Defendants claim that Infinity's allegations of indirect infringement are lacking factual support – much like their argument about Infinity's direct infringement claims.  *See* Defendants' Mem., Dkt. No. 159 at pp.10-13.  This argument, however, seems to ignore the case law that has been established concerning proper pleading for direct infringement.  Instead, Defendants would have this Court place a higher burden on allegations of indirect infringement than Form 18 places on direct infringement.  The implicit argument is that *Twombly* somehow changed the standard for pleading indirect infringement. The Federal Circuit, however, has rejected the argument that *Twombly* changed the pleading requirements of Rule 8(a) in patent infringement cases. *McZeal*, 501 F.3d at 1357, n.4.   In *Clear with Computers*, the court explained that *Twombly* and *Iqbal* did not upset the Federal Circuit's conclusions in *McZeal*.  *See Clear with*

- 11 -

*Computers, LLC v. Bergdorf Goodman, Inc.*, No. 6:09-cv-481, slip op. at 5-6 (E.D. Tex. Mar. 29, 2010) (Doc. No. 77).

Though the Amended Complaint does not contain detailed factual allegations regarding each element that a finding of indirect infringement would require, it *is* sufficient to put Defendants on notice.  It alleges how such infringement occurred and it describes the products alleged to be infringing.  *See e.g.,* Amended Complaint, Dkt. No. 159 at ¶39.  As one court has held, "neither [Form 18] nor the holdings from the Federal Circuit require the pleading of each individual element of a claim for indirect infringement."  *FotoMedia Techs.*, 2008 U.S. Dist. LEXIS 109403, at *8.  Further, the Court in *Twombly* does not require that a complaint contain "detailed factual allegations."  *Twombly*, 550 U.S. at 555.  Whether the Amended Complaint lacks details not required by law is immaterial to whether it is sufficient to sustain an action.

The only possible contention here is that no direct infringer is specifically identified.  It has been required that allegations of indirect infringement include "a direct infringer and identify which methods or systems indirectly infringe the patent-in-suit."  *Realtime Data, LLC v. Morgan Stanley*, 2010 U.S. Dist. LEXIS 58049, *2 (E.D. Tex. May 7, 2010), *aff'd*, 2010 U.S. Dist. LEXIS 58140 (E.D. Tex. June 10, 2010).  Recent decisions have instructed that complaints alleging indirect infringement affirmatively "identify which claims are indirectly infringed," "identify which methods or systems indirectly infringe," and "identify a direct infringer in reference to [ ] indirect infringement claims."  *Clear with Computers*, slip op. at 7.  The Complaint identifies "facsimile machines" as infringing and provides reference to the patent alleged to be infringed.  *See e.g.,* Amended Complaint, Dkt. No. 158 at ¶39.  It also indicates direct infringers, though not as directly, which would be Defendants' intermediaries or the customers with whom they interact.

- 12 -

**B.** **EVEN IF DEFENDANTS' MOTION IS GRANTED, WHICH INFINITY CONTENDS IT SHOULD NOT, INFINITY SHOULD BE AFFORDED THE OPPORTUNITY TO FURTHER AMEND ITS COMPLAINT IN LIEU OF DISMISSAL.**

The relief that Defendants seek in its Motion is inconsistent with Form 18 and the Federal Rules and only serves to unduly harm Infinity.  However, should the Court find Infinity's Amended Complaint to require amendment, Infinity respectfully requests an opportunity to do so.  This request is consistent with Third Circuit precedent.  In fact, "[t]he Third Circuit has adopted a liberal policy favoring the amendment of pleadings to ensure that claims are decided on the merits rather than on technicalities."  *See Mallinckrodt, Inc.,* 671 F.Supp.2d at 567-568 (citing *Dole v. Arco Chem. Co.,* 921 F.2d 484, 487 (3d. Cir. 1990)).  An "[a]mendment should be permitted absent a showing of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc."  *Id*. (citing *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed. 222 (1962)).  In its Motion, Defendants do not argue that Infinity has acted in bad faith or that an amendment would be futile or would result in undue prejudice to the Defendants.  Therefore, should the Court find that an amendment is necessary and in light of Third Circuit precedence, Infinity should be granted an opportunity to further amend its Amended Complaint prior to having the case dismissed.

**III.** **CONCLUSION**

For at least the above-stated reasons, Infinity respectfully requests that this Court deny Defendants' Motion to Dismiss in accordance with FRCP 12(b)(6).  However, should the Court find the Amended Complaint lacks sufficient factual and legal allegations, then Infinity

respectfully requests that the Court grant Infinity the opportunity to further amend its Amended

Complaint accordingly.

DATED:  December 1, 2010                    Respectfully submitted,

        /s/Robert L. Sachs, Jr., Esq.
Robert L. Sachs, Jr., Esq.
SHRAGER, SPIVEY & SACHS
One Commerce Square
2005 Market Street, Suite 2300
Philadelphia, PA 19103

Timothy C. Davis, Esq.
Brian D. Hancock, Esq.
HENINGER GARRISON DAVIS, LLC
2224 1st Avenue North
Birmingham, Alabama 35203

Douglas L. Bridges, Esq.
Jacqueline R. Knapp, Esq.
HENINGER GARRISON DAVIS, LLC
One Glenlake Parkway, Suite 700
Atlanta, Georgia 30328

John. F. Ward, Esq.
John W. Olivo, Jr., Esq.
WARD & OLIVO
380 Madison Avenue
New York, New York 10017

**Attorneys for Plaintiff Infinity Computer
Products, Inc.**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| INFINITY COMPUTER PRODUCTS, INC. | &#124; | |
| | &#124; | |
| Plaintiff, | &#124; | Civil Action No.: |
| | &#124; | |
| | &#124; | 2:10-cv-03175 LDD |
| | &#124; | |
| v. | &#124; | |
| | &#124; | |
| BROTHER INTERNATIONAL CORPORATION, ET AL., | &#124; | |
| | &#124; | |
| Defendants. | &#124; | |

**CERTIFICATE OF SERVICE**

I, Robert L. Sachs, Jr. Esq., hereby certify that a true and correct copy of the foregoing Response in Opposition of Defendants' Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim was served via ECF on this 1st day of December, 2010, on all counsel of record.

   /s/Robert L. Sachs, Jr. Esq.
Robert L. Sachs, Jr., Esq.
SHRAGER, SPIVEY & SACHS
One Commerce Square
2005 Market Street, Suite 2300
Philadelphia, PA 19103
Phone: (215) 568-7771
Facsimile: (215) 568-7495