**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| INFINITY COMPUTER PRODUCTS, INC. | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| BROTHER INTERNATIONAL CORPORATION; CANON USA, INC.; DELL, INC.; EASTMAN KODAK COMPANY; EPSON AMERICA INC.; HEWLETT-PACKARD COMPANY; KONICA MINOLTA BUSINESS SOLUTIONS, U.S.A., INC.; LEXMARK INTERNATIONAL, INC.; OKI DATA AMERICAS, INC.; PANASONIC CORPORATION OF NORTH AMERICA; RICOH AMERICAS CORPORATION; SAMSUNG ELECTRONICS AMERICA, INC.; SHARP ELECTRONICS CORPORATION; TOSHIBA AMERICA BUSINESS SOLUTIONS, INC.; and XEROX CORPORATION, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 2:10-cv-03175-LDD<br><br>DEMAND FOR JURY TRIAL<br><br><br>**MEMORANDUM OF LAW IN SUPPORT OF CERTAIN DEFENDANTS' RENEWED MOTION TO DISMISS OR SEVER BASED ON MISJOINDER** |
| Defendants. | ) ) | |

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ........................................................................................... 1

II.   BACKGROUND FACTS ............................................................................... 2

    A.    Infinity Sued Unrelated Defendants for Patent Infringement. .............................. 2

    B.    Infinity Does Not Allege Any Connection Between The Defendants' Alleged Acts Of Infringement. ........................................................................... 3

III.  ARGUMENT .................................................................................................. 4

    A.    Claims of Patent Infringement Against Unrelated Defendants and Distinct Products Do Not Satisfy Rule 20(a)(2)'s Requirements For Joinder. ................... 4

        1.   **Joinder Requires Both A Logical Relationship And Commonality Of Law Or Fact.** .............................................................. 6

        2.   **Claims of Patent Infringement Against Unrelated Defendants Involving Distinct Products Fail The Logical Relationship Test.** ........ 7

        3.   **Infinity's Claims Violate the Logical Relationship Requirement of Rule 20(a)(2).** ................................................................ 11

        4.   **Dismissal Without Prejudice Is An Appropriate Remedy.** ................. 13

        5.   **The Potential For Consolidation Should Not Stop Dismissal Or Severance.** ....................................................................................... 14

    B.    Infinity's Improper Joinder of Defendants Burdens The Court And Prejudices Defendants. ........................................................................................ 15

        1.   **Infinity's Improper Joinder Burdens This Court with the Work of Multiple Patent Cases in One.** ............................................. 15

        2.   **Infinity's Improper Joinder Avoided Payment Of Required Filing Fees.** .................................................................................... 17

        3.   **Misjoinder Is Unfair To Defendants.** ..................................................... 17

    C.    The Court Should Dismiss Defendants Without Prejudice ................................. 19

IV.   CONCLUSION ............................................................................................. 21

## TABLE OF AUTHORITIES

**Page(s)**

<u>FEDERAL CASES</u>

*ADC Technology, Inc. v. LG Electronics MobileComm U.S.A., Inc.*,
    No. 10 C 1456, U.S. Dist. Ct. for N.D. Ill. (June 23, 2010). (Ex. 6) ............................10

*Androphy v. Smith & Nephew*,
    31 F. Supp. 2d 620 (N.D. Ill. 1998) .......................................................................8, 9

*Bravado Int'l Group Merchandising Servs. v. Cha*,
    2010 U.S. Dist. LEXIS 80361 (C.D. Cal. June 30, 2010) .................................... *passim*

*Children's Network LLC v. Pixfusion LLC,*
    722 F. Supp. 2d 404 (S.D.N.Y. 2010)...........................................................................8

*Codex Corp. v. Milgo Electronics Corp.*,
    553 F.2d 735 (1st Cir. 1977), *cert denied*, 434 U.S. 860 (1977) ..................................12

*Colt Defense LLC v. Heckler & Koch Defense, Inc.*,
    2004 U.S. Dist. LEXIS 28690 (E.D. Va. Oct. 22, 2004) ....................................4, 5, 19

*Coughlin v. Rogers*,
    130 F.3d 1348 (9th Cir. 1997) ..............................................................................14, 15

*Dicam, Inc. v. U.S. Cellular Corp.*,
    2007 U.S. Dist. LEXIS 100581 (N.D. Ill. Sept. 28, 2007) ....................................15, 17

*DirecTV, Inc. v. Sena, et al.*, No. 03 cv 0057,
    U.S. Dist. Ct. for D.N.M. (February 13, 2004) (Ex. 10)...............................................20

*DirecTV, Inc. v. Leto,*
    467 F.3d 842 (3d Cir. 2006)................................................................................7, 14

*Finisar Corp. v. Source Photonics,* No. C 10-00032WHA,
    U.S. Dist. Ct. for N.D. Cal. (May 5, 2010) (Ex. 5)............................................8, 10, 15

*Genetic Techs. Ltd. v. Agilent Techs., Inc.,*
    No. 11-cv-01389-WJM-KLM, 2012 WL 1060040 (D. Colo. March 28, 2012)..............5

*Glenayre Elecs., Inc. v. Jackson*,
    443 F.3d 851 (Fed. Cir. 2006)....................................................................................12

*Golden Scorpio Corp. v. Steel Horse Bar & Grill*,
    596 F. Supp. 2d 1282 (D. Ariz. 2009) ..................................................................5, 10

*In re EMC Corporation*,
    677 F.3d 1351 (Fed. Cir. 2012)............................................................................ *passim*

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*InvestPic, LLC v. SAS Institute, Inc.*,
  No. 10-1028-RGA, 2012 WL 1753665 (D. Del. May 15, 2012)....................................5

*IpVenture, Inc. v. Acer, Inc.*,
  No. 11-588-RGA, 2012 WL 3016958 (D. Del. July 24, 2012) ............................5, 9, 13

*Joao Control & Monitoring Sys. of Cal. v. ACT 1 Corp.*, Case No. 10 CV 01909,
  U.S. Dist. Ct. for C.D. Cal. (April 13, 2011) (Ex. 3)...........................................8, 10, 15

*Katz v. Lear Siegler, Inc.*,
  909 F.2d 1459 (Fed. Cir. 1990)...................................................................................12

*King v. Pepsi-Cola Metropolitan Bottling Co.*,
  86 F.R.D. 4 (E.D. Pa. 1975).........................................................................................6

*Man Machine Interface Tech. v. Philips Elec. N.A. Corp.*, CV10-02232,
  U.S. Dist. Ct. for C.D. Cal. (Apr. 13, 2010) (Ex. 9) ....................................................15

*Man Machine Interface Tech. v. Funai Corp.*, No. 10 CV 8629,
  U.S. Dist. Ct. for C.D. Cal. (April 7, 2011) (Ex. 4) ...........................................8, 10, 20

*Martinez v. Encore Credit Corp.*,
  2009 U.S. Dist. LEXIS 96662 (C.D. Cal. Sept. 30, 2009)......................................7, 13

*Multi-Tech Sys., Inc. v. Net2Phone, Inc.*,
  2000 U.S. Dist. LEXIS 22683 (D. Minn. June 26, 2000)..............................8, 9, 13, 17

*Nasalok Coating Corp. v. Nylok Corp.*,
  522 F.3d 1320 (Fed. Cir. 2008).................................................................................16

*New Jersey Machine, Inc. v. Alford Indus., Inc.*,
  1991 U.S. Dist. LEXIS 20376 (D.N.J. Oct. 7, 1991)........................................... *passim*

*Norman IP Holdings, LLC v. Lexmark Int'l, Inc.*,
  No. 6:11-CV-495, 2012 WL 3307942 (E.D. Tex. Aug. 10, 2012)................................10

*Oasis Research, LLC v. Carbonite, Inc.*,
  No. 4:10-CV-435, 2012 WL 3544881 (Aug. 15, 2012).................................................10

*Olympic Dev. AG, LLC v. Nintendo of Amer., Inc.*, No. 4:11-cv-00329-SBA,
  U.S. Dist. Ct. for N.D. Cal. (Apr. 20, 2011) (Ex. 8)......................................................15

*Paine, Webber, Jackson & Curtis, Inc. v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*,
  564 F. Supp. 1358 (D. Del. 1983)............................................................................6, 14

*Pergo, Inc. v. Alloc, Inc.*,
  262 F. Supp. 2d 122 (S.D.N.Y. 2003)..............................................................6, 11, 12

**TABLE OF AUTHORITIES**

(continued)

**Page(s)**

*Philips Electronics N.A,. Corp. v. Contec Corp.*,
   220 F.R.D. 415 (D. Del. 2004) .......................................................................5, 14, 19

*Phoenix Licensing, LLC v. Aetna, Inc.*,
   No. 2:11-CV-285-JRG, 2012 WL 3472973 (E.D. Tex. Aug. 15, 2012).......................10

*Quarles v. St. Clair,*
   711 F. 2d 691 (5th Cir. 1983) ......................................................................14

*Reid v. General Motors Corp.,*
   240 F.R.D. 260 (E.D. Tex. 2007)..................................................................8

*Rudd v. Lux Prods. Corp. Emerson Climate Techs. Braeburn Sys., LLC,*
   2011 WL 148052 (N.D. Ill. Jan. 12, 2011) ...........................................6, 11, 12

*Sabolsky v. Budzanoski,*
   457 F.2d 1245 (3d Cir. 1972)....................................................................14

*Spread Spectrum Screening, LLC v. Eastman Kodak Co.*,
   2010 WL 3516106 (N.D. Ill. Sept. 1, 2010) .................................................8, 13

*United Mine Workers v. Gibbs*,
   383 U.S. 715, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966)....................................4

*WiAV Networks, LLC v. 3Com Corp.*, No. 10 CV 03448,
   U.S. Dist. Ct. for N.D. Cal. (Aug. 31, 2010) (Ex. 7) ......................................11

*WiAV Networks, LLC v. 3Com Corp.,*
   2010 WL 3895047 (N.D. Cal. Oct. 1, 2010) ....................................... *passim*

**FEDERAL STATUTES**

Fed. R. Civ. P.
   Rule 20 ........................................................................................ *passim*
   Rule 21 ........................................................................................ *passim*
   Rule 42 ........................................................................................14, 15

28 U.S.C. § 1914.............................................................................................17

35 U.S.C.
   § 252..................................................................................................20
   § 286..................................................................................................21
   § 307..................................................................................................21

-v-

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

**TREATISES**

Moore's *Federal Practice* (3d ed. 2011)
    § 20.04..........................................................................................................7, 14
    § 20.05............................................................................................................7
    § 21.02...........................................................................................................14
    § 21.06...........................................................................................................14

Defendants Canon U.S.A., Inc., Epson America Inc., Hewlett-Packard Company, Konica Minolta Business Solutions, U.S.A., Inc., Lexmark International, Inc., Oki Data Americas, Inc., Panasonic Corporation of North America, Ricoh Americas Corporation, and Toshiba America Business Solutions, Inc. (hereinafter, "Defendants") hereby move this Court to declare Defendants misjoined under Fed. R. Civ. P. 20(a)(2)(A) and to dismiss Defendants without prejudice, or in the alternative, to sever the claims of Infinity Computer Products, Inc. ("Infinity") against Defendants pursuant to Fed. R. Civ. P. 21.

## I.   **INTRODUCTION**

The law is settled that a plaintiff does not have an unlimited right to join defendants in a single action. Federal Rule of Civil Procedure 20(a)(2) permits a plaintiff to join multiple defendants in a single action only if: (1) there is a question of law or fact common to all defendants; *and* (2) a plaintiff's right to relief is asserted against defendants jointly or severally, or alternatively arises out of the same transaction or occurrence or series of transactions or occurrences. Each element must be separately satisfied.

Infinity's Amended Complaint violates Rule 20. It joins, in a single action, claims against fifteen different defendants who allegedly infringe two patents by making and selling different products. Infinity does not allege any conspiracy, any joint action, or any common commercial transaction or occurrence. It makes no allegation of any logical relationship among Defendants or their products. Thus, Infinity's Amended Complaint, at a minimum, contravenes the transaction-or-occurrence requirement of Rule 20(a)(2). The Federal Circuit and other courts across the country have found misjoinder when, as here, a plaintiff joins claims of patent infringement against unrelated defendants and products.

Infinity's misjoinder improperly burdens the Court by filing fifteen patent cases packed into one complaint. For each Defendant, there will be different issues of discovery, claim construction, infringement, willfulness, damages, and dispositive motions. Infinity also improperly avoided the filing fees for fifteen separate actions.

Infinity's misjoinder prejudices Defendants. Each Defendant is entitled to address issues of claim construction, infringement, invalidity, and others in a manner that considers its own interests, without the presence of co-defendants that may have competing interests and defenses and without the risk of jury confusion resulting from evidence and arguments directed at co-defendants' products.

Pursuant to Rules 20 and 21, Defendants respectfully request that the Court dismiss Defendants without prejudice, and put the burden on Infinity to correct its misjoinder.

## II.    BACKGROUND FACTS

### A.    Infinity Sued Unrelated Defendants for Patent Infringement.

In its Amended Complaint, Infinity has alleged infringement of two patents, United States Patent No. 6,894,811 (the '811 Patent), which issued in 2005, and United States Patent No. 7,489,423 (the '423 Patent), which issued in 2009. Both patents share the same title and specification. Both patents relate to an interface circuit designed to allow a user to use a fax machine connected to a computer as a scanner and printer. Both patents recount the same background and object to the alleged invention:

> It has been recognized that conventional facsimile machines may be utilized as scanners or printers for PCs. However, the interface devices presently available are both complicated and expensive and typically require a microprocessor which further tends to increase both cost and circuit complexity.
>
> OBJECT OF THE INVENTION
>
> It is, therefore, a principal object of the present invention to provide a circuit for interfacing a PC and a facsimile to enable the facsimile to be utilized as a scanner or a

2

> printer for a PC and to accomplish all of the objectives of a scanner or a printer in a simple straightforward manner through the use of a circuit of highly simplified design and low cost.

'811 Patent, col. 1, ll. 31-45; '423 Patent, col. 1, ll. 40-54. This theme appears in every independent claim of both patents – they each require a "bi-directional direct connection via a [or the] passive link" between a facsimile machine and computer. *See* '811 Patent (claims 1, 6, 7, 12, 18-19); '423 Patent (claims 1, 2, and 6). Finally, both patents are allegedly infringed directly and indirectly by each defendant. That is where the commonality in the allegations effectively ends.

Infinity named fifteen independent companies as defendants. No defendant is alleged to be related to any other. No defendant is alleged to be in the same corporate family as any other. No defendant is alleged to be a predecessor or successor of any other.

**B.      Infinity Does Not Allege Any Connection Between The Defendants' Alleged Acts Of Infringement.**

In its Amended Complaint, Infinity identifies separate allegedly infringing products for each of the fifteen defendants. *See* D.I. 151 at ¶¶ 39, 44, 49, 52, 55, 60, 63, 68, 73, 76, 81, 86, 91, 96, 101 (MFC-5890CN and MFC-6940CW for Brother; MX320 for Canon; V313 for Dell; Artisan 810 for Epson; OfficeJet 6200 for HP; ESP6150 for Kodak; Fax 2900 and Fax 3900 for Konica; Pro 200 for Lexmark; MC160 for Oki Data; KX-FM280 for Panasonic; MultiFunction Model AC 204 for Ricoh; SCX-4824 and SCX-4828 for Samsung; ARM207E for Sharp; eStudio 170F for Toshiba; and Phaser 3200 for Xerox). The accused product of each Defendant is not alleged to be an accused product for any other defendant.

The Amended Complaint makes no allegation that: (i) any of Defendants' products bear any relationship to any product of any other defendant; (ii) any Defendant is jointly or severally liable with any other defendant; or (iii) any Defendant engaged in any conspiracy, joint activity,

or common transaction with any other defendant.  To the contrary, Infinity alleges only that each Defendant independently infringes the two asserted patents by manufacturing, using, selling, and offering for sale its own product(s).

At the Rule 16 scheduling conference held on May 2, 2011, Dell explained that it intends to move to sever and stay the claims against it because it is merely a reseller of all-in-one printers manufactured by other parties, including three named defendants.  Hence, the only transactions arguably common among any defendants are transactions between Dell and those three defendants individually.  Moreover, if the claims against Dell are dismissed or stayed on the grounds detailed in Dell's motion, no common transactions exist among any defendants.

## III.   ARGUMENT

While the Federal Rules of Civil Procedure encourage "joinder of claims, parties and remedies," a plaintiff does not have an unfettered right to join unrelated defendants in a single action.  *See United Mine Workers v. Gibbs*, 383 U.S. 715, 724, 86 S. Ct. 1130, 1138, 16 L. Ed. 2d 218, 227 (1966).  "Joinder is not a substantive right, rather it is a procedural device…." *Colt Defense LLC v. Heckler & Koch Defense, Inc.*, 2004 U.S. Dist. LEXIS 28690, at *10 (E.D. Va. Oct. 22, 2004).  The Federal Rules allow "the broadest possible scope of action *consistent with fairness to the parties*." *United Mine Workers*, 383 U.S. at 724 (emphasis added).

### A.   Claims of Patent Infringement Against Unrelated Defendants and Distinct Products Do Not Satisfy Rule 20(a)(2)'s Requirements For Joinder.

"[M]otions to sever [in patent cases] are governed by Federal Circuit law because joinder in patent cases is based on an analysis of the accused acts of infringement, and this issue involves substantive issues unique to patent law." *In re EMC Corporation*, 677 F.3d 1351, 1354 (Fed. Cir. 2012).  Just a few months ago, the Federal Circuit held:

> In the present context the mere fact that infringement of the same claims of the same patent is alleged does *not* support joinder….

4

*In re EMC Corp.*, 677 F.3d at 1358 (emphasis added).[1]

The Federal Circuit, in *In re EMC Corp.*, took guidance from courts across the country. *Id.* "[T]he overwhelming authority from other jurisdictions indicates that allegations against multiple and unrelated defendants for independent acts of patent, copyright, and/or trademark infringement do not set forth claims arising from the same transaction or occurrence within the meaning of Rule 20(a)." *Colt Defense*, 2004 U.S. Dist. LEXIS 28690, at \*13; *see also Golden Scorpio Corp. v. Steel Horse Bar & Grill*, 596 F. Supp. 2d 1282, 1285 (D. Ariz. 2009). Specifically, courts in the Third Circuit have held that "[a]llegations of infringement against two unrelated parties based on different acts do not arise from the same transaction." *Philips Electronics N.A,. Corp. v. Contec Corp.*, 220 F.R.D. 415, 417 (D. Del. 2004); *New Jersey Mach., Inc. v. Alford Indus., Inc.*, 1991 U.S. Dist. LEXIS 20376, at \*4 (D.N.J. Oct. 7, 1991), *aff'd*, 983 F.2d 1087 (Fed. Cir. 1992). As now Circuit Judge Jordan stated, when "the only connection between [Defendants] is that they have infringed the same patents owned by [plaintiff], [that] is an insufficient basis to join unrelated parties in the same lawsuit." *Philips,* 220 F.R.D. at 418; *see also IpVenture, Inc. v. Acer, Inc.,* No. 11-588-RGA, 2012 WL 3016958, at \*2 (D. Del. July 24, 2012) (applying *In re EMC Corp.* and finding no shared aggregate of operative facts where there was no allegation that defendants were selling the same products or processes); *InvestPic, LLC v. SAS Institute, Inc.*, No. 10-1028-RGA, 2012 WL 1753665 (D. Del. May 15, 2012).

---

[1]   Also, while Defendants do not argue that the Leahy-Smith America Invents Act governs the current action, the Act and its legislative history do provide guidance. *See Genetic Techs. Ltd. v. Agilent Techs., Inc.*, No. 11-cv-01389-WJM-KLM, 2012 WL 1060040, \*3 fn. 2 (D. Colo. March 28, 2012). The House Committee Report and related comments on the Senate floor indicate that the Act's misjoinder provision – "bar[ring] joinder of accused infringers as codefendants, or consolidation of their cases for trial, if the only common fact and transaction among the defendants is that they are alleged to have infringed the same patent" – "effectively codifies current law as it has been applied everywhere outside of the Eastern District of Texas," 157 CONG. REC. S5429 (daily ed. Sept. 8, 2011) (statement of Sen. Kyl) (citations omitted) (excerpts attached as Ex. 1), and "legislatively abrogates the construction of Rule 20(a) adopted in [5th Circuit and 10th Circuit district court cases] … effectively conforming these courts' jurisprudence to that followed by a majority of jurisdictions." H.R. REP. NO. 112-98, pt. 1 at 54-55 (citations omitted) (excerpts attached as Ex. 2).

**1.      Joinder Requires Both A Logical Relationship And Commonality Of Law Or Fact.**

Federal Rule of Civil Procedure 20(a)(2) recites the limits on a plaintiff's ability to sue multiple defendants in a single suit:

> Persons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences;
>
> *and*
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2) (emphasis added).  Thus, Rule 20 permits joinder of multiple defendants *only* when *two independent requirements* are satisfied: (1) the plaintiff's right to relief against the defendants is predicated upon or arises out of the same transaction or occurrence or series thereof ("logical relationship"); and (2) there is a question of law or fact common to all defendants ("commonality").  *In re EMC Corp.*, 677 F.3d at 1356; *see also Rudd v. Lux Prods. Corp. Emerson Climate Techs. Braeburn Sys., LLC,* No. 09-cv-6957, 2011 WL 148052 (N.D. Ill. Jan. 12, 2011); *Pergo, Inc. v. Alloc, Inc.,* 262 F. Supp. 2d 122 (S.D.N.Y. 2003).  These two requirements are separate tests and each must be satisfied in order for joinder to be proper.  *See In re EMC Corp.*, 677 F.3d at 1356; *see also New Jersey Mach., Inc. v. Alford Indus., Inc.,* 1991 U.S. Dist. LEXIS 20376, at *2 (D.N.J. 1991) (citing *Paine, Webber v. Merrill, Lynch, Pierce,* 564 F. Supp. 1358, 1370 (D. Del. 1983); *King v. Pepsi-Cola Metropolitan Bottling Co.,* 86 F.R.D. 4, 5 (E.D. Pa. 1975)).

Rule 20(a)(2) reflects the purposes behind joinder, *i.e.,* "promot[ing] trial convenience and expedit[ing] the final resolution of disputes," while "comport[ing] with the principles of fundamental fairness."  *See New Jersey Mach.,* 1991 U.S. Dist. LEXIS 20376, at *2; *see also*

6

*Martinez v. Encore Credit Corp.*, Case No. CV 09-5490, 2009 U.S. Dist. LEXIS 96662, at *3-4 (C.D. Cal. Sept. 30, 2009).  In furtherance of the fairness objective, the first prong of Rule 20(a)(2) – logical relationship – tests whether "there is substantial evidentiary overlap in the facts giving rise to the cause of action against each defendant" or whether "the defendants' allegedly infringing acts … *share* an aggregate of operative facts."  *In re EMC Corp.*, 677 F.3d at 1358 (emphasis in original); *see also* 4 Moore's *Federal Practice* §20.05[3] (3d ed. 2011).  Consistent with the convenience and efficiency objective, the second prong – commonality – "helps ensure that the multiple parties either assert or defend against claims that can be tried together conveniently."  4 Moore's *Federal Practice* §20.04[2] (3d ed. 2011).

Courts have uniformly held that parties are misjoined when they fail to satisfy either of the preconditions for permissive joinder set forth in Rule 20(a).  As the Third Circuit has explained: "Misjoinder occurs when there is no common question of law or fact *or* when . . . the events that give rise to the plaintiff's claims against defendants do not stem from the same transaction."  *DirecTV, Inc. v. Leto,* 467 F.3d 842, 844 (3d Cir. 2006) (emphasis added).

As such, patent infringement claims against unrelated defendants are misjoined under Rule 20(a)(2) when the only connection between the defendants is that their products allegedly infringe the same patent.  *See In re EMC Corp.*, 677 F.3d at 1357.

### 2. Claims of Patent Infringement Against Unrelated Defendants Involving Distinct Products Fail The Logical Relationship Test.

Dozens of courts across the country, including now the Federal Circuit and courts in this Circuit, follow the general rule that patent infringement claims against unrelated defendants independently selling distinct products do not satisfy the first requirement of Rule 20(a)(2).  *In re EMC Corp.*, 677 F.3d at 1359 ("We agree that joinder is not appropriate where different products

or processes are involved.").[2]   "Claims against independent defendants (i.e., situations in which the defendants are not acting in concert) cannot be joined under Rule 20's transaction-or-occurrence test unless the facts underlying the claim of infringement asserted against each defendant share an aggregate of operative facts."  *Id.; see also New Jersey Mach.*, 1991 U.S. Dist. LEXIS 20376, at *3 ("Infringement of the same patent by different machines and parties does not constitute the same transaction or occurrence to justify joinder of [multiple unrelated] defendants.").

As these decisions have explained, "[j]oinder is inappropriate … when the operative facts of each transaction are distinct and unrelated to any other," and the operative facts of each transaction for purposes of a patent infringement claim are those surrounding each alleged act of

---

[2]     *See also, e.g.*, *Joao Control & Monitoring Sys. of Cal. v. ACT 1 Corp.,* U.S. Dist. Ct. for C.D. Cal., Case No. 10 CV 01909 (April 13, 2011) (Ex. 3) ("In patent infringement cases … the 'same transaction' test is met [only] when the multiple alleged infringers acted in concert with each other when they produced, sold, or distributed the same allegedly infringing device."); *Man Machine Interface Tech. v. Funai Corp.,* No. 10 CV 8629, U.S. Dist. Ct. for C.D. Cal. (April 7, 2011) (finding dismissal without prejudice the proper remedy for multiple unrelated alleged patent infringers where plaintiff admitted no common transaction) (Ex. 4); *Rudd v. Lux Prods.,* 2011 WL 148052, at *3 (N.D. Ill. Jan. 12, 2011) ("Simply alleging that Defendants manufacture or sell similar products [that allegedly infringe the same patents] does not support joinder under Rule 20"); *WiAV Networks, LLC v. 3Com Corp.,* No. C 10-03448, 2010 WL 3895047, at *3 (N.D. Cal. Oct. 1, 2010) (joinder improper when plaintiff sues "unrelated and competing defendants for their own independent acts of patent infringement"); *Spread Spectrum Screening, LLC v. Eastman Kodak Co.*, No. 10 C 1101, 2010 WL 3516106, at *2 (N.D. Ill. Sept. 1, 2010) (Joinder is improper where two competing businesses have allegedly infringed the same patent by selling different products); *Children's Network LLC v. Pixfusion LLC,* 722 F. Supp. 2d 404, 415 (S.D.N.Y. 2010) ("Joinder of unrelated parties into one action is generally inappropriate where, as here, the infringement of the same patent is alleged, but the products are different."); *Finisar Corp. v. Source Photonics,* No. C 10-00032WHA, U.S. Dist. Ct. for N.D. Cal. (May 5, 2010) (finding misjoinder and dismissing misjoined defendants where "[p]laintiff essentially filed a single action against four separate entities that manufacture different products.") (Ex. 5); *Golden Scorpio Corp. v. Steel Horse Bar & Grill*, 596 F. Supp. 2d 1282, 1285 (D. Ariz. 2009) ("The authority from other courts provides that allegations against multiple and unrelated defendants for acts of other patent, trademark, and copyright infringement do no support joinder under Rule 20(a)."); *Reid v. General Motors Corp.,* 240 F.R.D. 260, 263 (E.D. Tex. 2007) ("Allegations of infringement against two unrelated parties based on different acts do not arise from the same transaction."); *Colt Defense,* 2004 U.S. Dist. LEXIS 28690, at *76 (E.D. Va. Oct. 22, 2004) (Finding that claims against multiple unrelated defendants for independent acts of alleged infringement do not set forth claims arising from the same transaction or occurrence within the meaning of Rule 20(a)); *Pergo, Inc. v. Alloc, Inc.,* 262 F. Supp. 2d 122, 128 (S.D.N.Y. 2003)("the fact that two parties may manufacture or sell similar products, and that that these sales or production may have infringed the identical patent owned by the plaintiffs is not suffient to join unrelated parties as defendants in the same lawsuit under Rule 20(a)"); *Multi-Tech. Sys. v. Net 2 Phone,* 2000 U.S. Dist. LEXIS 22683, at *22 (D. Minn. June 26, 2000)("where the patent infringement claims are brought against multiple, unrelated defendants, courts have held joinder to be inappropriate pursuant to Rule 20"); *Androphy v. Smith & Nephew,* 31 F. Supp. 2d 620, 623 (N.D. Ill. 1998) (granting severance where defendants were "separate companies that independently design, manufacture and sell different products in competition to each other").

infringement, *i.e.*, the design, use, manufacture, and sale of the technology and products alleged to infringe the patent. *Multi-Tech Sys., Inc. v. Net2Phone, Inc.*, 2000 U.S. Dist. LEXIS 22683, at *22 (D. Minn. June 26, 2000). When defendants "are separate companies that independently design, manufacture and sell different products in competition with each other… [c]learly, the common transaction requirement has not been met…." *Androphy v. Smith & Nephew*, 31 F. Supp. 2d 620, 623 (N.D. Ill. 1998); *see also IpVenture, Inc. v. Acer, Inc.*, 2012 WL 3016958 (D. Del. July 24, 2012).

The Federal Circuit provides further guidance for determining whether there is a shared aggregate of operative facts:

> In addition to finding that the same product or process is involved, to determine whether the joinder test is satisfied, pertinent factual considerations include whether the alleged acts of infringement occurred during the same time period, the existence of some relationship among the defendants, the use of identically sourced components, licensing or technology agreements between the defendants, overlap of the products' or processes' development and manufacture, and whether the case involves a claim for lost profits.

*In re EMC Corp.*, 677 F.3d at 1359-60. Infinity does not allege any such relationship, common sourcing, agreements, or other overlap. Rather, Infinity accuses separate and distinct products for each defendant. Indeed, in its June 3, 2011 opposition during the prior briefing on this issue, D.I. 213, Infinity advanced a different standard for the application of Rule 20(a) – a standard that has now been specifically rejected by the Federal Circuit. *In re EMC Corp.*, 677 F.3d at 1359 (finding that the "not dramatically different" standard is improper because it "seems to require little more than the existence of some similarity in the allegedly infringing products or processes, similarity which would exist simply because the same patent claims are alleged to be infringed.").

District courts in the busiest patent venues, as well as elsewhere, have agreed that allegations of infringement of the same patent (or trademark) do not permit joinder. *See, e.g.,*

*Joao Control & Monitoring Sys. of Cal. v. ACT 1 Corp.,* U.S. Dist. Ct. for C.D. Cal., Case No. 10 CV 01909 (April 13, 2011) (Ex. 3); *Man Machine Interface Tech. v. Funai Corp.,* No. 10 CV 8629, U.S. Dist. Ct. for C.D. Cal. (April 7, 2011) (Ex. 4); *WiAV Networks, LLC v. 3Com Corp.,* No. C 10-03448, 2010 WL 3895047 (N.D. Cal. Oct. 1, 2010); *Finisar Corp. v. Source Photonics,* No. C 10-00032WHA, U.S. Dist. Ct. for N.D. Cal. (May 5, 2010) (Ex. 5).  Indeed, even courts in the Eastern District of Texas, which previously held the minority view with respect to the application of Rule 20(a), subsequent to *In re EMC Corp.* have found joinder improper without a clearly shared aggregate of operative facts.  *See Oasis Research, LLC v. Carbonite, Inc.,* No. 4:10-CV-435, 2012 WL 3544881 (Aug. 15, 2012); *Phoenix Licensing, LLC v. Aetna, Inc.,* No. 2:11-CV-285-JRG, 2012 WL 3472973 (E.D. Tex. Aug. 15, 2012); *Norman IP Holdings, LLC v. Lexmark Int'l, Inc.,* No. 6:11-CV-495, 2012 WL 3307942 (E.D. Tex. Aug. 10, 2012).  Some courts have even taken it upon themselves to raise and find misjoinder *sua sponte.  See, e.g., WiAV Networks,* 2010 WL 3895047 (N.D. Cal. Oct. 1, 2010); *ADC Technology, Inc. v. LG Electronics MobileComm U.S.A., Inc.*, No. 10 C 1456, U.S. Dist. Ct. for N.D. Ill. (June 23, 2010) (Ex. 6); *Bravado Int'l Group Merch. Svcs. v. Cha,* No. 09-9066, 2010 U.S. Dist. LEXIS 80361 (C.D. Cal. June 30, 2010).

The mere fact that Defendants may assert some common defenses is not sufficient to justify joinder.  "Just because each, some, or all of the defendants could mount various legal and factual challenges to Plaintiff's [patent] rights does not change the nature of the transactions or occurrences which gave rise to the claims against the various defendants."  *Golden Scorpio Corp.*, 596 F. Supp. 2d at 1285; *see also In re EMC Corp.*, 677 F.3d at 1357 ("the mere fact that infringement of the same claims of the same patent is alleged does not support joinder, even though the claims would raise common questions of claim construction and patent invalidity.")*;*

10

*Bravado Int'l Group Merchandising Servs. v. Cha*, No. 09-9066, 2010 U.S. Dist. LEXIS 80361, at *9-10, *17 (C.D. Cal. June 30, 2010) (same).  It is the alleged acts of infringement that form the basis for plaintiff's claimed relief, not defendants' available defenses.  *See Rudd*, 2011 WL 148052, at *4; *WiAV Networks,* 2010 WL 3895047, at *3.

Even coincidentally identical facts and "the sameness of the accused products or processes is not sufficient [to support joinder]:"

> Claims against independent defendants … cannot be joined under Rule 20's transaction-or-occurrence test unless the facts underlying the claim of infringement asserted against each defendant share an aggregate of operative facts.  To be part of the 'same transaction' requires shared, overlapping facts that give rise to each cause of action, and not just distinct, albeit coincidentally identical, facts. … Unless there is an actual link between the facts underlying each claim of infringement, independently developed products using differently sourced parts are not part of the same transaction, even if they are otherwise coincidentally identical.

*In re EMC Corp.*, 677 F.3d at 1359.

### 3. Infinity's Claims Violate the Logical Relationship Requirement of Rule 20(a)(2).

Infinity's Amended Complaint falls squarely within this controlling and overwhelming precedent.  Infinity makes <u>no</u> allegation that: (i) any Defendant's alleged infringement arises from any conspiracy or concerted action; (ii) any Defendant is jointly or severally liable with any other defendant; or (iii) there are any logically related transactions or occurrences.  This is fatal.  Absent allegations of "cooperative or collusive relationship(s) between the … defendants," or some other relationship between defendants' alleged acts of infringement, a plaintiff's claims that multiple defendants infringe the same patent are not sufficient to satisfy the logical relationship requirement of Rule 20(a)(2).  *See Pergo*, 262 F. Supp. 2d at 128.

Indeed, the allegations in the Amended Complaint – that Defendants infringe by making, using, and selling different accused products – confirm that the Defendants and their products are distinct and that joinder is improper.  *See WiAV Networks, LLC v. 3Com Corp.*, No. 10 CV

11

03448, U.S. Dist. Ct. for N.D. Cal. (Aug. 31, 2010) (Ex. 7).  Even if Infinity were to now suggest that the accused products of some or all of the Defendants were similar, joinder would still be improper.  The Federal Circuit has rejected that argument.  *In re EMC Corp.*, 677 F.3d at 1359 ("The sameness of the accused products is not enough to establish that claims of infringement arise from the 'same transaction.'"); *see also, Rudd*, 2011 WL 148052, at *3 (N.D. Ill. Jan. 12, 2011) ("[s]imply alleging that Defendants manufacture or sell similar products does not support joinder under Rule 20."); *Pergo*, 262 F. Supp. 2d at 128.

In its June 3, 2011 opposition during the prior briefing on this issue, D.I. 213, plaintiff attempted to inject some connection among some defendants by pointing to Toshiba's website and noting that a person can buy HP or Lexmark printers on the website.  This circumstance is meaningless.  Defendants' motion is premised - - as it must be - - upon the allegations in the Amended Complaint.  Nowhere in its Amended Complaint does plaintiff make a claim that Toshiba is liable for the sale of any HP or Lexmark product.  No HP or Lexmark product is mentioned in the allegations against Toshiba, or vice versa.  Instead, plaintiff claims Toshiba infringes the patents by making, using, offering for sale or selling its own product, specifically the eStudio 170F and similar products. (D.I. 151 at ¶¶ 96, 176).  There can be, of course, no double recovery for infringement for the same accused product, *Glenayre Elecs., Inc. v. Jackson*, 443 F.3d 851 (Fed. Cir. 2006), and claims against the maker of allegedly infringing products take precedence over a suit against its retailers or customers.  *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990); *Codex Corp. v. Milgo Electronics Corp.*, 553 F.2d 735 (1st Cir. 1977), *cert denied*, 434 U.S. 860 (1977).  Even if plaintiff were to try to amend to make such a claim, joinder of two defendants, (*e.g.*, Toshiba and HP, or Toshiba and Lexmark) would only be permissible with respect to the claim of infringement of the same product.  It would not be

12

proper to join HP and Toshiba, or Toshiba and Lexmark, in the same lawsuit if their respective liability is based on their own separate products – which are the circumstances alleged in the Amended Complaint.

In its Amended Complaint, Infinity names the major players in the all-in-one printer industry, most of which are in direct competition with each other.  Because competing parties do not typically work together in developing, marketing, or selling their products, Courts have held that a suggestion of concerted action would be misplaced.  Indeed, "[c]ompetition between defendants is often sufficient to undermine the 'common transaction or occurrence' component of Rule 20." *Multi-Tech Sys.,* 2000 U.S. Dist. LEXIS 22683, at *22-23 (citing *New Jersey Mach.,*1991 U.S. Dist. LEXIS 20376, at *5).  *See also IpVenture, Inc. v. Acer, Inc.*, 2012 WL 3016958 (D. Del. July 24, 2012) ("[The defendants] are all direct competitors, which also significantly counsels against their joinder in the same case."); *Spread Spectrum,* 2010 WL 3516106, at *2 (Joinder is improper where two competing businesses have allegedly infringed the same patent by selling different products.).

### 4.        Dismissal Without Prejudice Is An Appropriate Remedy.

Federal Rule of Civil Procedure 21 sets forth the remedies for misjoinder of parties. While misjoinder is not a reason to dismiss *an action* entirely, a court, on motion or on its own, "may at any time, on just terms, add or drop a party.  The court may also sever any claim against a party."  Fed. R. Civ. P. 21.

The Court may dismiss misjoined parties where no substantial right will be prejudiced. "An accepted practice under Rule 21 is to dismiss all defendants except for the first defendant named in the complaint, and dropping a defendant for improper joinder operates as a dismissal without prejudice." *Bravado,* 2010 U.S. Dist. LEXIS 80361, at *15 (citations omitted); *see also Martinez v. Encore Credit Corp.,* 2009 U.S. Dist. LEXIS 96662 at *8-9 (C.D. Cal. September 9,

2009) ("Addressing the proper remedy for misjoinder, the Ninth Circuit in *Coughlin* held that 'the court can generally dismiss all but the first named plaintiff without prejudice to the institution of new, separate lawsuits.'").

Alternatively, the Court may sever the claims against improperly joined parties. *DirectTV*, 467 F.3d at 845; *Sabolsky v. Budzanoski*, 457 F.2d 1245, 1249 (3d Cir. 1972); 4 Moore's *Federal Practice* § 21.02[4]. "Severance under Rule 21 results in separate actions . . . [T]he severed claim proceeds as a discrete, independent suit." 4 Moore's *Federal Practice* §21.06[1].

### 5.    The Potential For Consolidation Should Not Stop Dismissal Or Severance.

Mandatory dismissal or severance for misjoinder under Rules 20(a) and 21 is distinct from discretionary consolidation under Rule 42(a). The plain language of Rule 20(a)(2) "expressly provides that permissive party joinder. . . of defendants is appropriate *only if two conditions . . .* are satisfied." 4 Moore's *Federal Procedure* § 20.04[1]. Rule 42(a), in contrast, imposes only a "commonality" test. A court may in its discretion consolidate cases, in whole or in part, if they "involve a common question of law or fact." *See Paine, Webber*, 564 F. Supp. at 1370. But as noted above, a common question of fact or law alone is not sufficient to satisfy Rule 20's two-prong test for permissive joinder. *E.g., New Jersey Mach.,* 1991 U.S. Dist. LEXIS 20376; *see also Quarles v. St. Clair,* 711 F. 2d 691, 701 n.31 (5th Cir. 1983) (noting well settled rule of statutory construction that different language used in the same statute is presumed to have a different meaning and effect).

The possibility that a court might later consolidate portions of actions under Rule 42(a) does not discharge the court's obligation to dismiss or sever under Rule 21 for failure to satisfy the logical relationship requirement of Rule 20(a)(2). *See Philips*, 220 F.R.D. at 418 (rejecting

14

the argument that later consolidation under Rule 42(a) satisfies or otherwise disposes of the logical relationship requirement of Rule 20(a)(2)).  Because Infinity's joinder of Defendants is improper under Rule 20(a)(2), the Court should dismiss or sever the misjoined Defendants regardless of any potential for consolidation at a later date.

### B.    Infinity's Improper Joinder of Defendants Burdens The Court And Prejudices Defendants.

"Since each claim raises potentially different issues, and must be viewed in a separate and individual light by the Court, the interests of judicial economy and fairness demand dismissal of all improperly joined Defendants."  *Joao Control & Monitoring Sys. of Cal. v. ACTI Corp., Inc.*, No. 10 CV 01909 (C.D. Cal. Apr. 13, 2011) (Ex. 3) (*quoting Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997)).

### 1.    Infinity's Improper Joinder Burdens This Court with the Work of Multiple Patent Cases in One.

Infinity's institution of this action, without regard for the law of proper joinder, burdens this Court with fifteen patent cases in one.  As Judge Alsup has explained, "for each of the accused products, the all-elements rule must still be applied.  The burden … a maneuver [such as misjoinder] would place on a single judge – who would get credit for only *one* civil action… would be erroneous."[3]  *Finisar Corp. v. Source Photonics, Inc.*, No. 10 CV 00032 (N.D. Cal. May 5, 2010) (Ex. 5).

Because the Defendants are unrelated, discovery will involve distinct issues of document production, party and third party witnesses, sales and marketing, and structure and operation of

---

[3]    A number of courts have rejected a claim that misjoined cases like this case are even "related" and/or refused reassignment under their local rules.  *See, e.g., Olympic Dev. AG, LLC v. Nintendo of Amer., Inc.*, U.S. Dist. Ct. for N.D. Cal., No. 4:11-cv-00329-SBA, Am. Order Denying Admin. Motion To Consider Whether Case Should Be Related, Apr. 20, 2011 (Ex. 8); *WiAV*, 2010 WL 3895047, at *4 (Oct. 1, 2010); *Man Mach. v. Philips Elec. N.A.*, U.S. Dist. Ct. for C.D. Cal., CV10-02232, Order Re Transfer Pursuant to Gen. Order 08-05, Apr. 13, 2010 (Ex. 9); *Dicam, Inc. v. U.S. Cellular Corp.*, 2007 U.S. Dist. LEXIS 100581 (N.D. Ill. Sept. 28, 2007).

the accused products. *See WiAV Networks,* 2010 WL 3895047, at *3. Undeniably, the "proof of infringement would necessarily require proof of facts specific to each individual defendant and to each accused product. The mere fact that … defendants all manufacture, sell, or distribute their own [all-in-one printers] does nothing to obviate the bone-crushing burden of individualized methods of proof unique to each product." *Id.* at *2.

Likewise, claim construction is not necessarily a common issue. Each Defendant may advocate distinct constructions in exercising its right to mount its own defense:

> [W]hile it would be nice to have an identical set of elaborations on the asserted claims for each accused product, even that is not practical, for the differences in the products themselves will provoke differences in which words and slants in the claim language really matter. These differences will lead a defendant in one case to focus entirely upon the meaning of certain words or phrases in a claim and a defendant in another case to focus entirely on different words or phrases even though they are in the same claim. In other words, the claim-construction work will not be the same for all defendants, even those facing trial on the same patent claim. *The claim-construction work must be adapted to the actual issues being litigated over the varying accused devices.*

*Id.* at *3 (emphasis added).

The same is true for the issues of willfulness, damages, and invalidity. *See id.* at *3 ("[T]he damages issue, willfulness issues, time frames and accused conduct, and discovery issues will obviously vary from company to company."); *Nasalok Coating Corp. v. Nylok Corp.,* 522 F.3d 1320, 1326 (Fed. Cir. 2008) ("[W]e have explicitly held that a determination of patent infringement in an infringement suit, or even an explicit determination of patent validity, does not preclude the assertion of an invalidity defense in a second action involving different products."). Finally, each defendant may have separate dispositive motions on infringement, invalidity and damages, just to name a few. *See WiAV Networks,* 2010 WL 3895047, at *2-3.

Infinity's attempt to maneuver around the requirement of Rule 20(a)(2) for its own convenience does not justify the burden. *See id.* at *16 ("Each defendant has simply been thrown into a mass pit with others to suit plaintiff's convenience."). Rather than attempting to

16

sort through the morass created by Infinity's improper joinder of unrelated claims and parties, this Court should recognize what this case is – fifteen separate actions.

### 2.      Infinity's Improper Joinder Avoided Payment Of Required Filing Fees.

By misjoining the Defendants, Infinity also improperly avoided payment of the requisite fifteen filing fees.  Such fee avoidance by plaintiffs has met with disapproval in other courts.  *See Bravado,* 2010 U.S. Dist. LEXIS 80361, at *17 ("[I]f …Defendants are misjoined, Plaintiffs would be able to avoid paying $350 filing fees under 28 U.S.C. § 1914(a) for separate actions against each of the improperly joined Defendants.") (internal quotation and citation omitted); *Finisar,* at 1-2 (Ex. 5); *Dicam, Inc. v. U.S. Cellular Corp.,* Case No. 07-C-5472, 2007 U.S. Dist. LEXIS 100581 (N.D. Ill. Sept. 28, 2007) ("[T]his Court sees no legitimate reason (surely not the saving of $1,400 in filing fees) for packaging what are really five different lawsuits into this single proceeding.").

### 3.      Misjoinder Is Unfair To Defendants.

It is fundamentally unfair to Defendants that Infinity joins its claims against each Defendant with those against fourteen other co-defendants.  "Each accused device… will have to be considered separately, and the determination of facts and the scope of testimony with respect to one defendant will have little relevance to issues raised by another defendant." *Multi-Tech*, 2000 U.S. Dist. LEXIS 22683, at *22-23.

Defendants should be permitted to defend against plaintiff's claims unfettered by the burden or complexities of dealing with claims, evidence, and arguments regarding the conduct of other defendants.  "[A]ccused defendants – who will surely have competing interests and strategies – are . . . entitled to present individualized assaults on questions of non-infringement,

17

invalidity, and claim construction." *WiAV Networks, LLC v. 3Com Corp. et al.*, No. C 10-03448, 2010 WL 3895047, at \*2 (N.D. Cal. Oct. 1, 2010).

Indeed, Infinity's improper joinder of Defendants does more than simply complicate each Defendant's case presentation. It creates a severe risk of prejudice. First, each Defendant will have to endure the cost or burden of being a party to what is in essence fifteen separate cases. This multiplies the potential cost and complexity to each Defendant. Further, it will unnecessarily impose upon each Defendant restrictions made to accommodate the vast group of defendants who will be forced to cooperate even though their positions may not align with those of their competitors.[4] Each Defendant will be forced to conduct fact and expert discovery (including depositions), argue for the claim construction it believes is correct, and prepare dispositive motions in a compressed framework, all while sharing limited time with other co-defendants whose interests likely (and evidence certainly) will be different. *See WiAV*, 2010 WL 3895047, at \*3. "[I]f joinder [is] improper, the [defendants] will not have a meaningful opportunity to present individualized defenses on issues such as infringement, willfulness, and damages because each defendant will have limited opportunities to present its own defense to the jury." *In re EMC Corp.*, 677 F.3d at 1355.

Further, the *In re EMC Corp.* Court recognized defendants' difficulties when facing joinder of claims involving "different" products: "the prejudice and potential confusion of being forced to defend claims alongside unrelated parties with different products or services and possibly different strategies." *Id.* at 1359 (citing EMC's Brief at 9-10). Indeed, each defendant faces substantial risk of juror confusion at trial. A jury in this case would face a mass of technical and expert evidence and arguments regarding the products of fifteen parties. The risk

---

[4]    For example, in the Joint Discovery Plan submitted to the Court on April 13, 2011, Defendants' position included an agreement to limit the time spent deposing Infinity's primary witness, Marvin Nachman, where each defendant in a separate action would be entitled to at least seven hours of deposition time.

18

of such juror confusion creates an unacceptable risk of prejudice to unrelated defendants.  *See*, *e.g. Colt Defense*, 2004 U.S. Dist. LEXIS 28690, at *9; *Philips*, 220 F.R.D. at 418 (D. Del. 2004) ("[T]here is a substantial risk of prejudice …were the jury to believe that [unrelated defendants are] somehow linked…."). Not surprisingly then, the courts in this Circuit have held that "[c]laims of infringement against unrelated defendants, involving different machines, should be tried separately against each defendant." *New Jersey Mach.*, 1991 U.S. Dist. LEXIS 20376, at *3.

### C.    The Court Should Dismiss Defendants Without Prejudice.

Dismissal without prejudice is the proper remedy for Infinity's misjoinder.  Such dismissal would not prejudice Infinity.  This case is in its infancy.  Initial disclosures have not been exchanged, discovery has not opened, and the scheduling order is on hold and will need revision pending resolution of this and other motions.  Any delay arising from dismissal without prejudice would be minor and has been caused by Infinity's own violation of Rule 20(a)(2) and its insistence on opposing this motion despite the clear weight of the law precluding joinder based solely on allegations of infringement of the same patents by similar products.  If Infinity wishes to proceed against the misjoined Defendants, it may file new complaints.  *See Bravado*, 2010 U.S. Dist. LEXIS 80361, at *17 ("To vindicate its right against [multiple unrelated defendants], Plaintiff must institute actions in conformity with the Federal Rules.").

Efficiency considerations do not counsel for severing the claims instead of dismissing the misjoined Defendants.  Plaintiffs do not necessarily file new lawsuits against defendants who have been dismissed for misjoinder.  In the *WiAV* case, cited *passim*, the plaintiff did not bring new suits against all dismissed defendants, and that case included 40 defendants at the time of

19

dismissal for misjoinder.  In addition, dismissal without prejudice would also best remedy the prejudices to Defendants and the Court.  As the court in the *Man Machine* case aptly explained:

> "By dismissing rather than severing, the Court will remedy any potential prejudice to [Defendants] by allowing them to prepare their own defense rather than requiring them to attempt to jointly defend this action which involves very different accused products.  It will also remedy any prejudice to the Court by requiring Plaintiff to pay the filing fees Plaintiff would have paid if it had complied with Rule 20(a)(2).  Finally, dismissal will remedy the burden resulting from one judge presiding over a single action that consists of [fifteen] separate and distinct cases."

*Man Machine*, No. 10 CV 8629, U.S. Dist. Ct. for C.D. Cal. (April 7, 2011) (Ex. 4).  As another court noted, "Ordering the Clerk of the Court … to sever out numerous misjoined Defendants would … place a heavy burden on the Clerk ….  The burden of correcting the misjoinder should properly be placed on Plaintiff as it was Plaintiff's decision to group these Defendants together in filing this case." *DirecTV, Inc. v. Sena, et al.*, No. 03 cv 0057, U.S. Dist. Ct. for D.N.M. (February 13, 2004) (Ex. 10).

Infinity has failed to show that it will suffer any prejudice by dismissal.  In its June 3, 2011 opposition during the prior briefing on this issue, D.I. 213, Infinity argued that if the claims against the defendants are dismissed, it would suffer prejudice "[i]n terms of the damages period which presently operates."  This is the only argument for prejudice that Infinity has offered, and it is wholly without basis.

A patentee is able to recover for infringement that occurred within the six years preceding the filing of a complaint.  35 U.S.C. § 286.  However, during the reexaminations of the patents-in-suit, all of the claims of both the '811 and '423 patents were substantively amended in an effort to avoid the invalidating prior art presented in the reexamination requests. *See* Feb. 21, 2012 Amendment, Ex Parte Reexamination of U.S. Patent No. 7,489,423 (Control No. 90/009,902) (attached as Ex. 11); Apr. 25, 2012 Amendment, Ex Parte Reexamination of U.S. Patent No. 6,894,811 (Control No. 90/009,901) (attached as Ex. 12).  Therefore, under the

20

doctrine of intervening rights, Infinity cannot assert infringement for any activity engaged in prior to the issuance of the reexamination certificates. *See* 35 U.S.C. §§ 307(b) and 252. As such, there can be no prejudice with respect to the damages period, which began with the issuance of the reexamination certificates within the last few months.

## IV.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court find that Defendants were improperly joined and dismiss Defendants. Alternatively, the Court should sever the claims against Defendants for prosecution in separate cases. A proposed order is attached.

Respectfully submitted, this 5th day of October, 2012.

*Attorneys for Defendant Canon U.S.A., Inc.:*

*/s/ Brian L. Klock, Esq.*
Nicholas M. Cannella, Esq.
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, NY 10104-3800

Brian L. Klock, Esq.
FITZPATRICK, CELLA, HARPER & SCINTO
975 F. Street NW
Washington, D.C.  20004

Alexander Kerr, Esq.
MCCARTER & ENGLISH, LLP
BNY Mellon Center
1735 Market Street, Suite 700
Philadelphia, PA 19103-7501

*Attorneys for Defendant Epson America, Inc.:*

*/s/ Charles J. Bloom, Esq.*
Charles J. Bloom, Esq.
Joseph E. Wolfson, Esq.
STEVENS & LEE PC

21

620 Freedom Business Center, Suite 200
King of Prussia, PA 19406

A. James Ibester, Esq.
Robert Tadlock, Esq.
KILPATRICK, TOWNSHEND & STOCKTON,
LLP
Two Embarcadero Center
Eighth Floor
San Francisco, CA  94111

***Attorneys for Defendant Hewlett-Packard
Company:***

*/s/ John V. Gorman, Esq.*
Kell M. Damsgaard, Esq.
John V. Gorman, Esq.
Diana P. Cortes, Esq.
MORGAN, LEWIS & BOCKIUS LLP
1701 Market St.
Philadelphia, PA 19103-2921

Nathan W. McCutcheon, Esq.
Mark W. Taylor, Esq.
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave., NW
Washington, DC 20004-2541

***Attorneys for Defendant Konica Minolta
Business Solutions, U.S.A., Inc.:***

*/s/ John Simkanich, Esq.*
John Simkanich, Esq.
PAUL & PAUL
2000 Market Street, Suite 2900
Philadelphia, PA  19103

Sten A. Jensen, Esq.
Steven. J. Routh, Esq.
Timothy Vann Pearce, Jr., Esq.
ORRICK HERRINGTON & SUTCLIFFE LLP
1152 15th Street NW
Washington, D.C.  20005

22

*Attorneys for Defendant Lexmark International, Inc.:*

*/s/ Louis DiSanto, Esq.*
Paul J. Kennedy, Esq.
PEPPER HAMILTON LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA  19103

Louis DiSanto, Esq.
Timothy C. Meece, Esq.
V. Bryan Medlock, Jr., Esq.
Jason Shull, Esq.
BANNER & WITCOFF, LTD.
Ten South Wacker Drive
Suite 3000
Chicago, IL 60606-7407

Bradley Wright, Esq.
BANNER & WITCOFF, LTD.
1100 13th Street, NW
Suite 1200
Washington, DC 20005-4051


*Attorneys for Oki Data Americas, Inc.:*

/s/ *Marc R. Labgold*
John W. Shaw
Shaw Keller LLP
300 Delware Avenue, Suite 1120
Wilmington, DE 19801

Marc R. Labgold
NAGASHIMA & HASHIMOTO
Hirakawa-cho KS Bldg. 2nd Floor
2-4-14 Hirakawa-cho, Chiyoda-ku
Tokyo
102-0093 Japan

23

*Attorneys for Defendant Panasonic
Corporation of North America:*

*/s/ Michael J. Fink, Esq.*
Neil F. Greenblum, Esq.
Michael J. Fink, Esq.
P. Branko Pejic, Esq.
GREENBLUM & BERNSTEIN PLC
1950 Roland Clarke Place
Reston, VA  20191

Philip D. Priore, Esq.
MCCORMICK & PRIORE PC
Four Penn Center, Suite 800
1600 John F. Kennedy Blvd.
Philadelphia, PA  19103

*Attorneys for Defendant Ricoh Americas
Corporation:*

*/s/ Eric R. Hubbard, Esq.*
Philip G. Kircher, Esq.
Chad Evin Kurtz, Esq.
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19103

Eric R. Hubbard, Esq.
Eric T. Syu, Esq.
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036-8704

Hiroyuki Hagiwara, Esq.
ROPES & GRAY LLP
Yusen Building 2F 3-2 Marunouchi 2-Chome
Chiyoda-ku, Tokyo, 100-0005
Japan

*Attorneys for Defendant Toshiba America
Business Solutions, Inc.:*

*/s/ Douglas F. Stewart, Esq.*
Nancy J. Gellman, Esq.

24

CONRAD, O'BRIEN, GELLMAN & ROHN, PC
1515 Market Street, 16th Floor
Philadelphia, PA 19102

Paul T. Meiklejohn, Esq.
Douglas F. Stewart, Esq.
DORSEY & WHITNEY LLP
Columbia Center
701 Fifth Avenue, Suite 6100
Seattle, WA  98104-7043

25

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INFINITY COMPUTER PRODUCTS, INC. | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | |
| BROTHER INTERNATIONAL CORPORATION; CANON USA, INC.; DELL, INC.; EASTMAN KODAK COMPANY; EPSON AMERICA INC.; HEWLETT-PACKARD COMPANY; KONICA MINOLTA BUSINESS SOLUTIONS, U.S.A., INC.; LEXMARK INTERNATIONAL, INC.; OKI DATA AMERICAS, INC.; PANASONIC CORPORATION OF NORTH AMERICA; RICOH AMERICAS CORPORATION; SAMSUNG ELECTRONICS AMERICA, INC.; SHARP ELECTRONICS CORPORATION; TOSHIBA AMERICA BUSINESS SOLUTIONS, INC.; and XEROX CORPORATION, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 2:10-cv-03175-LDD<br><br>DEMAND FOR JURY TRIAL |
| Defendants. | ) ) ) | |

## CERTIFICATE OF SERVICE

I, John V. Gorman, hereby certify that the foregoing Renewed Motion to Dismiss or Sever Based on Misjoinder was on this date filed pursuant to the Court's CM/ECF system, and that the document is available for downloading and viewing from the CM/ECF system, to all interested counsel.  Notice of this filing will be sent to all registered counsel of record by operation of the CM/ECF system.

Dated: October 5, 2012                              */s/ John V. Gorman, Esq.*
                                                    John V. Gorman, Esq.
                                                    MORGAN, LEWIS & BOCKIUS LLP
                                                    1701 Market St.
                                                    Philadelphia, PA 19103-2921
                                                    215.963.5000
                                                    215.963.5001 (fax)