# EXHIBIT 4

Case 2:10-cv-08175-JDD Document 260-6 Filed 10/05/12 Page 2 of 3

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**PRIORITY SEND**

**CIVIL MINUTES -- GENERAL**

Case No.    **CV 10-8629-JFW (AJWx)**                         Date:  April 7, 2011

Title:    Man Machine Interface Technologies, LLC -v- Funai Corporation, Inc., et al.

---

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

    **S. Eagle**                             **None Present**
    **Courtroom Deputy**               **Court Reporter**

**ATTORNEYS PRESENT FOR PLAINTIFFS:**    **ATTORNEYS PRESENT FOR DEFENDANTS:**
            None                                   None

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING DEFENDANT KYOCERA COMMUNICATIONS, INC.'S MOTION TO DISMISS OR SEVER PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 20(a)(2) AND 21 [filed 3/7/11; Docket No. 57]**

On March 7, 2011, Defendant Kyocera Communications, Inc. ("Kyocera") filed a Motion to Dismiss or Sever Pursuant to Federal Rules of Civil Procedure 20(a)(2) and 21 ("Motion").  On March 14, 2011, Defendant Dell Inc. ("Dell") filed a Joinder in Kyocera's Motion.  On March 14, 2011, Plaintiff Man Machine Interface Technologies, LLC ("Plaintiff") filed its Opposition.  On March 28, 2011, Kyocera filed a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for April 11, 2011, is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers and the arguments therein, the Court rules as follows:

On January 21, 2011, Plaintiff filed its First Amended Complaint ("FAC") against Kyocera, Dell, and Funai Corporation, Inc. ("Funai"), alleging infringement of Plaintiff's Patent No. 6,069, 614 (the "614 Patent").  In its FAC, Plaintiff alleges that the unrelated products of the three unrelated defendants (namely, Kyocera's cellular telephones and Dell and Funai's remote controls for audiovisual devices) infringed Plaintiff's 614 Patent.

In its Motion, Kyocera argues that it has been misjoined under Federal Rule of Civil Procedure 20(a)(2), and that it should be dismissed without prejudice pursuant to Rule 21, or, in the alternative, that Plaintiff's claims against Kyocera in the FAC should be severed and prosecuted in a separate case.

Initials of Deputy Clerk __se_

Rule 20(a)(2), which allows permissive joinder, provides, in pertinent part:

Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Rule 21, which addresses misjoinder of parties, provides:

Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

In its Opposition, Plaintiff concedes that the defendants in this action have been improperly joined under Rule 20(a)(2), and that the only issue before this Court is the proper remedy under Rule 21.

In this case, no conspiracy, joint action, or common transaction or occurrence by or involving the defendants is alleged. Thus, Plaintiff's claims should have been prosecuted in three separate lawsuits against each named defendant. The Court concludes that Plaintiff has failed to demonstrate that any of its substantial rights will be prejudiced by a dismissal without prejudice. Accordingly, pursuant to its discretion under Rule 21, the Court will dismiss without prejudice all but the first-named defendant, Funai, from this action. By dismissing rather than severing, the Court will remedy any potential prejudice to Kyocera and Dell by allowing them to prepare their own defense rather than requiring them to attempt to jointly defend this action which involves very different accused products. It will also remedy any prejudice to the Court by requiring Plaintiff to pay the filing fees Plaintiff would have paid if it had complied with Rule 20(a)(2). Finally, dismissal will remedy the burden resulting from one judge presiding over a single action that consists of three separate and distinct cases.

Accordingly, Kyocera's Motion is **GRANTED**, and Defendants Kyocera and Dell are **DISMISSED without prejudice** from this action.

IT IS SO ORDERED.

Initials of Deputy Clerk _se_