# EXHIBIT 6

Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1456 | **DATE** | 6/23/2010 |
| **CASE TITLE** | ADC TECHNOLOGY INC. v. LG ELECTRONICS MOBILECOMM USA, INC., *et al.* | | |

**DOCKET ENTRY TEXT**

Pursuant to Fed. R. Civ. P. 21, defendants United States Cellular Corporation, High Tech Computer Corp. a/k/a HTC Corp., HTC America, Inc., Exedea, Inc., Palm, Inc., Kyocera Communications Inc., Kyocera Corporation, Sony Ericsson Mobile Communications (USA) Inc., and Sony Ericsson Mobile Communications AB are dismissed without prejudice because of improper joinder. Only LG Electronics MobileComm U.S.A., Inc. and LG Electronics, Inc. shall remain as defendants to this suit. The previously entered scheduling order [37] stands. SEE BELOW FOR DETAILS.

■[ For further details see text below.]

*Suzanne B. Conlon*

Notices mailed by Judicial staff.

---

### STATEMENT

Plaintiff ADC Technology Inc. ("ADC") owns three patents related to mobile communication devices. In its amended complaint, ADC claims the eleven named defendants have infringed one or more of the patents by selling, marketing, and/or importing mobile communication devices in the United States. Defendant Kyocera Communications, Inc. ("KCI") moved to dismiss or, alternatively, to sever and transfer ADC's claim against it on the basis of misjoinder. After ADC responded, KCI withdrew its motion rather than risk the possibility of protracted collateral proceedings before the Multidistrict Litigation Panel. Ten defendants, including KCI, have answered ADC's amended complaint; only defendant Kyocera Corporation has yet to respond. Nevertheless, the withdrawal of KCI's motion does not assuage the court's concern over ADC's improper joinder of defendants.

Federal Rule of Civil Procedure 20(a)(2) provides a two-part test for determining whether a plaintiff may join multiple defendants in a single case: (1) the claims asserted against defendants must arise out of the same transaction, occurrence, or series of transactions or occurrences; and (2) there must be a common question of law or fact. *Id.* Joinder is not permitted unless both elements are satisfied. *Direct TV, Inc. v. Delaney*, No. 03 C 3444, 2003 WL 24232530, at *4 (N.D. Ill. Nov. 20, 2003) (Kocoras, J.). The second element is present here, as all defendants are alleged to have infringed the same patents. *MLR, LLC v. U.S. Robotics Corp.*, No. 02 C 2898, 2003 WL 685504, at *2 (N.D. Ill. Feb. 26, 2003) (St. Eve, J.). The first element is not.

Defendants are unrelated companies that independently imported and sold different mobile communication devices. To be clear, joinder under Rule 20(a)(2) may be permissible as to *some* of the defendants. For example, LG Electronics MobileComm U.S.A., Inc. is a wholly-owned subsidiary of

| | Courtroom Deputy Initials: | air |
|---|---|---|

## STATEMENT

defendant LG Electronics, Inc. and the patent infringement claims against them stem from the same products. *See* Am. Compl. ¶ 27. Similarly, defendant Sony Ericsson Mobile Communications (USA) Inc. is a wholly-owned subsidiary of defendant Sony Ericsson Mobile Communications AB; defendant KCI is a subsidiary of defendant Kyocera Corporation; defendants HTC America, Inc. and Exedia Inc. are subsidiaries of defendant HTC Corp. But ADC's claims against these different sets of companies do not arise from a common transaction or occurrence. ADC does not allege defendants engaged in any joint activity. The only thread tying these disparate groups of defendants together is that they allegedly infringed the same patents. The fact that defendants may sell similar products that infringe ADC's patents is not sufficient to join unrelated parties as defendants in the same lawsuit under Rule 20(a)(2). *Pergo, Inc. v. Alloc, Inc.*, 262 F.Supp.2d 122, 128 (S.D.N.Y. 2003); *MLR, LLC*, 2003 WL 685504, at *2-3 (St. Eve, J.); *Androphy v. Smith & Nephew, Inc.*, 31 F.Supp.2d 620, 623 (N.D. Ill. 1998) (Bucklo, J.).

Misjoinder of parties is not a basis for dismissal of an entire case. Fed. R. Civ. P. 21. Instead, the court may, on its own initiative, dismiss a party or sever an action to address improper joinder. *Id.* Because the relevant patents were issued in 2006 and 2009, ADC will not be unduly harmed if required to file new complaints. *See* 35 U.S.C. § 286 (limiting the period of recovery of damages in patent infringement suits to six years prior to filing of complaint). Accordingly, LG Electronics MobileComm U.S.A., Inc. and LG Electronics, Inc. will remain as defendants in this case. All other defendants are dismissed without prejudice.

*Suzanne B. Conlon*