# EXHIBIT 7

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WIAV NETWORKS, LLC,

    Plaintiff,

    v.

3COM CORPORATION, *et al.*,

    Defendants.

/

No. C 10-03448 WHA

**ORDER TO SHOW CAUSE WHY THE CLAIMS IN THIS MULTI-DEFENDANT ACTION SHOULD NOT BE SEVERED**

Earlier this month, this massive patent-infringement action involving wireless communications technology was transferred to the United States District Court for the Northern District of California from our sister court in the Eastern District of Texas (Dkt. No. 415) (Folsom, C.J.). It was randomly assigned to the undersigned judge yesterday.

Plaintiff WiAV Networks, LLC filed this action back on July 7, 2009, accusing sixty-eight defendants across the United States, Canada, Japan, China, Taiwan, Belgium, Finland, and Sweden of willfully and deliberately infringing United States Patent Nos. 6,480,497 and 5,400,338 (Dkt. No. 1). While some of these defendants are affiliated entities (*e.g.*, Nintendo Company, Ltd. and Nintendo of America, Inc.), the vast majority appear to be wholly unrelated companies associated with wholly unrelated products. The complaint even acknowledged these differences, providing specific examples of products and product families manufactured, sold, and/or distributed by each defendant that supposedly infringe the patents-in-suit. Nowhere in the

complaint was it alleged that the sixty-eight defendants conspired with each another (or otherwise acted in concert) to violate plaintiff's patents.

Under Rule 20 of the Federal Rules of Civil Procedure, defendants may be joined if any right is asserted against them "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; *and* . . . any question of law or fact common to all defendants will arise in the action." FRCP 20(a)(2) (emphasis added). A court may, "on motion or on its own, . . . at any time, on just terms, add or drop a party" or "sever any claim against a party." FRCP 21.

The undersigned judge is well aware of the procedural history of this action — namely, that in addition to the motion to transfer (which was obviously granted), certain defendants have already filed responsive pleadings, counterclaims have been asserted against plaintiff, and a motion to dismiss by defendant D-Link Corporation is still pending. The undersigned judge also acknowledges that questions of claim construction and invalidity may be common to all defendants in the instant action. That said, there is no indication that the patent-infringement claims leveled against the forty-one remaining defendants stem from "the same transaction, occurrence, or series of transactions or occurrences" beyond the fact that they involve the same patents. No conspiracy is alleged. No joint action is alleged. The products that stand accused vary wildly, ranging from the Nintendo Wii and Acer laptops to Canon printers and a slew of wireless routers by different manufacturers.[*] Moreover, whether each defendant acted "willfully and deliberately" will necessarily require individualized inquiries into decisions that occurred at different times and places.

The Court was presented with an analogous situation in *Finisar v. Source Photonics*, *Inc.*, CV 10-00032 WHA. In *Finisar*, the plaintiff filed a patent-infringement action against four unrelated entities. Eleven different patents were asserted. After raising, *sua sponte*, the question

---

[*] Even if all accused products use the same IEEE 802.11 wireless standard, this does not automatically entitle plaintiff to improperly circumvent filing fees and bring a single massive civil action against any entity that manufactures products using that standard. For each of the accused products, infringement must still be proven. To allow such circumvention would place an erroneous burden on a single judge who would get credit for only one civil action under our assignment system.

2

United States District Court

For the Northern District of California

of misjoinder and allowing both sides to address the issue, the undersigned judge dismissed (without prejudice) all but the first named defendant. The Court also added that the severing of these defendants was "without prejudice to the possible coordination . . . of the separate proceedings if warranted by considerations of judicial economy, such as if the same claims are in play against various defendants and the theories of invalidity, if raised, are the same" (Dkt. No. 53, CV 10-00032 WHA).

In sum, the fact that separate parties manufacture or sell similar products that may infringe identical patents is not necessarily sufficient to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a). *See Pergo, Inc. v. Alloc, Inc.*, 262 F. Supp. 2d 122, 128 (S.D.N.Y. 2003) (listing numerous cases where joinder in such circumstances was improper). Plaintiff is therefore **ORDERED TO SHOW CAUSE** why the Court should not dismiss all but the first named defendant under FRCP 21. A response from plaintiff will be due no later than **NOON ON SEPTEMBER 14, 2010**. Defendants may respond no later than **NOON ON SEPTEMBER 21, 2010**.

**IT IS SO ORDERED.**

Dated: August 31, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

3